IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, and DOUGLAS B. SARGENT, on behalf of themselves and all others similarly situated, | Case No. 1:18-cv-02929-RBW |
| *Plaintiffs,* v. | |
| ALEX AZAR, in his capacity as Secretary of the United States Department of Health and Human Services, | |
| *Defendant.* | |

## PLAINTIFFS' MOTION TO EXTEND TIME TO FILE CLASS CERTIFICATION MOTION

Plaintiffs Carol A. Lewis and Douglas B. Sargent hereby move the Court for an extension of the deadline to file a class certification motion (currently due on March 13, 2019) until 60 days after the Case Management Conference is held in this case. Good cause exists for this extension because: 1) Plaintiffs are waiting on responses to outstanding discovery requests; 2) some confusion resulted in service being perfected only recently; and 3) the Secretary's counsel has yet to appear in this case and Plaintiffs hope that some of the class certification issues might be stipulated or at least narrowed. Extending the deadline until 60 days after the Case Management Conference will allow the parties an opportunity to streamline the issues for the Court to decide, and will allow Plaintiffs the opportunity, if necessary, to serve discovery requests on the Secretary in support of the class certification motion and receive the responses.

Plaintiffs' motion should be granted.

## DISCUSSION

In class action litigation, Local Rule 23.1(b) requires the plaintiff to file a class certification motion 90 days after the case is *filed*. Ninety days after December 13, 2018 is March 13, 2019.

This class action case was filed on December 13, 2018 by Plaintiffs Carol A. Lewis and Douglas B. Sargent naming Alex Azar, in his official capacity as the Secretary of Health and Human Services, as the Defendant. With the Complaint, Plaintiffs sought a summons issued to Alex Azar in care of Jessie Liu (the United States Attorney for the District of Columbia) at the preferred address for service to the U.S. Attorney's Office. Subsequently, Plaintiffs received a communication from the Clerk indicating that the summons should issue to the United States Attorney General's Office and a summons addressed that way issued on December 19, 2018.

Plaintiffs promptly served the Attorney General's Office on December 20, 2018 and thereafter served the Secretary by Certified Mail on January 4, 2019. Because the Attorney General had, in fact, been served with papers naming Jessie Liu, no further service was thought necessary. The government was partially shutdown between December 22, 2018 and January 25, 2019.

In accordance with Fed.R.Civ.P. 12(a)(2), 60 days after December 20, 2018, was February 18, 2019. When no response was received after that date, Plaintiffs made contact with the United States Attorney's Office and came to understand that that office contended that service was not perfected. Accordingly, in order to obviate any claims in this regard, on March 1, 2019, service was effectuated again on: 1) Alex Azar (by certified mail); 2) the United States Attorney General (by certified mail); and 3) Jessie Liu of the United States Attorney's Office for the District of Columbia (by personal service).

To date, no attorney has appeared for the Secretary and, apparently, no attorney has been assigned by the government for this case. Accordingly, there is no one with whom Plaintiffs can discuss the class certifications issues or the present motion.

One of the class certification requirements is "numerosity." In order to develop evidence on that point, Plaintiffs have served a series of FOIA requests on the contractors responsible for administering the Medicare program seeking information on denied claims. While some responses have been received, Plaintiffs are awaiting additional responses that will allow them to present a more complete picture.

Accordingly, extending the deadline potentially will reduce the burden on the Court, allow for further factual development, and otherwise facilitate consideration of the issues.

## CONCLUSION

For the reasons set forth above, good cause exists to grant this motion.

Dated:  March 7, 2019

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*Attorneys for Plaintiffs*

*Of Counsel, Pro Hac Vice Admission Subject to Motion:*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*