**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT STATEMENT PURSUANT TO GENERAL ORDER FOR CIVIL CASES**

Pursuant to Paragraph 6 of this Court's General Order for Civil Cases and Local Civil Rule 16.3(b), the parties file this Joint Statement regarding scheduling in this case.

**A.     Plaintiff's Statement**

At least in part, it is believed that this proceeding is exempt from the meet and confer requirements of the Local Rules because it is an action for review on an administrative record.

This is a class action alleging that the Secretary has violated statutes and regulations concerning Medicare coverage of devices (continuous glucose monitors) used by people who suffer from diabetes. The named plaintiffs (Ms. Lewis and Mr. Sargent) had their claims for coverage denied and, with respect to them, it is believed that the issues may be decided solely on the basis of the administrative record. Plaintiff proposes that both parties may file motions for summary judgment 30 days after the Record is produced (July 1, 2019), that oppositions be due two weeks thereafter (July 15, 2019), and replies, if any, be due one week after that (July 22, 2019). Plaintiff does not believe that an appearance before the Court will be necessary to resolve these motions. Nevertheless, an appearance may assist the Court.

With respect to the class related issues, to date, the parties have been unable to stipulate to them.  Accordingly, Plaintiff believes that discovery is needed.  As an example, Plaintiffs are required to make a "numerosity" showing to meet the requirements of FED.R.CIV.P. 23(a)(1). Without the use of formal discovery devices, Plaintiffs have been able to determine the number of pre-filing claims at issue, their identification numbers, as well as the amounts associated with the claims.  Nevertheless, HIPPA restrictions have prevented Plaintiff from translating these claim numbers into an actual count of people.   That said, the number of actual people appears to be at least in the tens of thousands.  To the extent that the Secretary asserts that there is an amount-in-controversy issue, then the same discovery would also be needed.  Further, to the extent the Secretary does not waive the 60-day and exhaustion issues and intends to assert them, then similar discovery will be needed on those issues.

Accordingly, Plaintiff proposes a 120-day discovery period to allow Plaintiff to serve discovery, receive responses, and conduct any follow-up or motion practice that is necessary. Once the discovery is complete (including any motion practice if necessary), Plaintiff proposes that it file its class certification motion 30 days thereafter.  Plaintiff proposes that the discovery period begin on entry of the Court's Scheduling Order.  Further, given the potential HIPPA issues, Plaintiff proposes that the Court order the parties to submit a joint proposed Protective Order ten (10) days after entry of the Court's Scheduling Order.

With respect to the Secretary's proposal, Plaintiffs do not believe that staged/deferred discovery or pleadings are appropriate.  Such an approach would merely lead to unnecessary delay and expense.  Regardless of whatever the Secretary may file on May 30, 2019, the Record in the Lewis and Sargent' cases will still be the same, the merits will still be the same, and Ms. Lewis and Mr. Sargent would still be seeking summary judgment on the same grounds as granted

by the three prior courts to address the issue (*i.e.*, that a "continuous glucose monitor" is "primarily and customarily used to serve a medical purpose"). Regardless of whether there are no class members or tens of thousands, Ms. Lewis and Mr. Sargent's individual claims would have to be addressed and there is no sound reason for delaying resolution. With respect to a FED.R.CIV.P. 26(f) conference/report, Plaintiffs proposed that the parties submit one in two week's time and that no Case Management Conference was necessary. The Secretary did not agree.

In sum, Plaintiff proposes that the case/issues be addressed promptly and without further delay. The Secretary proposes an extended period of delay generally and specifically with respect to resolution of the merits of the Lewis and Sargent claims. Plaintiffs' position should be adopted.

**B.     Defendant's Statement**

Section 6 of this Court's General Order for Civil Cases provides that, for proceedings exempt from the meet-and-confer requirements set forth in Local Civil Rule 16.3, "counsel for both parties shall jointly prepare and submit a statement to the Court, no later than fourteen (14) days after counsel for all parties have entered an appearance in the matter, indicating whether they believe the matter will be resolved solely through the filing of dispositive motions." Local Civil Rule 16.3(b)(1), in turn, exempts any "action for review on an administrative record" from those meet-and-confer requirements.

The two named plaintiffs, Carol A. Lewis and Douglas B. Sargent, assert claims against the Secretary of Health and Human Services for denial of Medicare coverage for certain continuous glucose monitors. Such claims are ordinarily resolved by review of the administrative record before the Secretary at the time the challenged decision was made, without

any discovery. However, Ms. Lewis and Mr. Sargent bring their claims not merely on their own behalf, but as putative representatives of a class of individuals who have been denied Medicare coverage for continuous glucose monitors. Plaintiffs intend to propound discovery in support of their anticipated motion for class certification. They have filed an unopposed motion to extend their time to file that class certification motion until sixty days after a case management conference is held. ECF Nos. 11, 18. The Secretary has not yet taken a position on whether class certification discovery is appropriate in this case.

The Secretary's response to the Complaint is due May 30, 2019. The Secretary asks that, after he responds to the Complaint, the Court order a scheduling conference in this case. The parties would then have an opportunity to meet and confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, and to attempt to agree on a schedule for proceedings in this case. To the extent that the Court prefers to set such a schedule at this time, the Secretary proposes that, after he responds to the Complaint, a period of class discovery (if appropriate) precede briefing on class certification, and that a schedule for briefing on the merits be set after Plaintiffs' motion for class certification is resolved. The Secretary further proposes that any briefing on the merits be sequential and not simultaneous.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com

*and*

        PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: May 9, 2019        *Counsel for Defendant*