UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALEX AZAR, in his official capacity as )<br>Secretary of the United States Department )<br>of Health and Human Services, )<br>)<br>Defendant. )<br>) | Civil Action No. 18-2929 (RBW) |

## ORDER

The plaintiffs, Carol A. Lewis and Douglas B. Sargent, bring this putative class action against the defendant, Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services, seeking review of the defendant's decisions denying their Medicare "claims for coverage of [continuous glucose monitor] equipment or supplies." Class Action Complaint ¶ 127. On March 7, 2019, the plaintiffs filed the Plaintiffs' Motion to Extend Time to File Class Certification Motion ("Pls.' Mot."), which seeks "an extension of the[ir] deadline to file a class certification motion . . . until [sixty] days after the Case Management Conference is held in this case." Pls.' Mot. at 1. On April 25, 2019, the defendant filed a response to the plaintiffs' motion, representing that he "does not oppose [the] plaintiffs' motion . . . , although he reserves the right to object to discovery in this record-review case." Response to Plaintiffs' Motion for Extension of Time to File Class Certification Motion at 1. However, on May 9, 2019, the parties filed a Joint Statement Pursuant to General Order for Civil Cases ("Jt. Stmt."), which indicates that, despite their agreement that extending the time for the plaintiffs to file their class certification motion is appropriate, they do not agree on how this case

should proceed otherwise.  Specifically, the plaintiffs propose that the Court permit them to conduct discovery on class certification issues before requiring them to file their class certification motion and that it adjudicate the merits of their individual claims while class certification discovery is ongoing.  See Jt. Stmt. at 1–2.  By contrast, the defendant "has not yet taken a position on whether class certification discovery is appropriate in this case," but asserts that even if discovery is appropriate, the merits of the plaintiffs' claims should not be adjudicated until "after [the] [p]laintiffs' motion for class certification is resolved."  Id. at 4.  Additionally, while the plaintiffs assert that "no [c]ase [m]anagement [c]onference [is] necessary," id. at 3, the defendant proposes "that, after he responds to the [plaintiffs' Class Action] Complaint, the Court order a scheduling conference in this case," id. at 4.  Although the plaintiffs are correct that a conference pursuant to Federal Rule of Civil Procedure 26(f) is typically not required in cases involving review of an administrative record such as this one, see LcvR 16.3(b)(1), given the parties' disagreement regarding how this matter should proceed and the potential need for discovery on class certification issues, the Court agrees with the defendant that a scheduling conference is necessary and that the appropriate time to hold such a conference is after the defendant files his answer to the plaintiffs' Class Action Complaint on May 30, 2019.  See Min. Order (Apr. 30, 2019).  Accordingly, it is hereby

**ORDERED** that the parties shall appear for a scheduling conference on Wednesday, June 12, 2019, at 11:00 a.m.

**SO ORDERED** this 21st day of May, 2019.

REGGIE B. WALTON<br>
United States District Judge