## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF
## THE SECRETARY'S PARTIAL MOTION TO DISMISS
## FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM

As lead plaintiffs of a putative class, Carol Lewis and Douglas Sargent appeal three separate denials of Medicare coverage for continuous glucose monitors. But Mr. Sargent's two appeals each fall below the jurisdictional amount in controversy, and his claims must therefore be dismissed. Moreover, the allegations in the Class Action Complaint cannot support certain claims for relief. Those claims must also be dismissed. This Court only has jurisdiction over Ms. Lewis's appeal and she may only assert claims actually presented by the facts of her case. Granting this motion to dismiss will clarify the scope of this putative class action.

## BACKGROUND

### A.  Medicare and its Claim Appeal Process

Medicare is a federal health insurance program for the elderly and disabled, *see* 42 U.S.C. § 1395 *et seq.*, which is administered on behalf of the Secretary of Health and Human Services by the Centers for Medicare & Medicaid Services (CMS). Part A of the Medicare statute "covers medical services furnished by hospitals and other institutional care providers." *Ne.*

*Hosp. Corp. v. Sebelius*, 657 F.3d 1, 2 (D.C. Cir. 2011) (citing 42 U.S.C. §§ 1395c to 1395i-5).

Medicare Part B "is an optional supplemental insurance program that pays for medical items and

services not covered by Part A, including outpatient physician services" and "durable medical

equipment," among other things. *Id.* (citing 42 U.S.C. §§ 1395j to 1395w-4).  This case presents

the question of whether certain continuous glucose monitors are durable medical equipment

under the statute and regulations.  *See* 42 U.S.C. § 1395x(n); 42 C.F.R. § 414.202.

Medicare beneficiaries submit claims for coverage of durable medical equipment to

administrative contractors (formerly known as fiscal intermediaries) hired by the agency to make

initial coverage determinations.  42 C.F.R. § 405.920 *et seq.*; *see Porzecanski v. Azar*, 316 F.

Supp. 3d 11, 15 (D.D.C. 2018); 42 U.S.C. § 1395ff(a)(1) (authorizing the Secretary to

"promulgate regulations and make initial determinations with respect to benefits under . . . part B

of this subchapter").  "If the beneficiary disagrees with the contractor's initial determination,"

she "may request a 'redetermination' by the same contractor." *Porzecanski*, 316 F. Supp. 3d at

15 (citing 42 C.F.R. § 405.940); *see* 42 U.S.C. § 1395ff(a)(3).  If the beneficiary remains

unsatisfied, she may request "reconsideration" of her claim by another contractor, known as a

"qualified independent contractor."  42 C.F.R. § 405.960 *et seq.*; *see* 42 U.S.C. § 1395ff(c).

A dissatisfied beneficiary may then request a hearing before an administrative law judge

(ALJ), 42 C.F.R. § 405.1000(a), if she satisfies the amount-in-controversy requirement.

Although the Medicare statute provides that an ALJ hearing "shall not be available . . . if the

amount in controversy is less than $100," 42 U.S.C. § 1395ff(b)(1)(E)(i), that sum has been

indexed to inflation since 2005, *id.* § 1395ff(b)(1)(E)(iii), and presently stands at $160, 83 Fed.

Reg. at 47,620.  "In determining the amount in controversy, the Secretary, under regulations,"

must "allow two or more appeals to be aggregated if the appeals involve . . . the delivery of

similar or related services to the same individual by one or more providers of services or

suppliers." 42 U.S.C. § 1395ff(b)(1)(E)(ii).  The Secretary has done so, providing that "an

individual appellant . . . may aggregate two or more claims to meet the amount in controversy for

an ALJ hearing if" several conditions are met.  42 C.F.R. § 405.1006(e)(1).  After the ALJ issues

a decision, the beneficiary may seek review by the Medicare Appeals Council, *see* 42 C.F.R.

§ 405.1100 *et seq.*, which makes the final decision for the Secretary, *id.* § 405.1130.

If the beneficiary is not satisfied with the decision of the Medicare Appeals Council (or if

the Council has not acted in a timely fashion, *see id.* § 405.1132), she may then seek judicial

review, subject to another amount-in-controversy requirement.  Under the Medicare statute,

"judicial review shall not be available to the individual if the amount in controversy is less than

$1,000," 42 U.S.C. § 1395ff(b)(1)(E)(i), which has also been indexed to inflation since 2005, *id.*

§ 1395ff(b)(1)(E)(iii).  When this suit was filed in 2018, the threshold for judicial review was

$1,600, 83 Fed. Reg. at 47,620—and, under the Secretary's regulations, "a party must meet the

amount in controversy requirements . . . at the time it requests judicial review."  42 C.F.R.

§ 405.1006(c).

## B.  Factual Allegations

Douglas Sargent seeks judicial review of the denial of two claims, and Carol Lewis seeks

review of one.  Mr. Sargent's claims were each for $1,419.  Compl. ¶¶ 112, 120.  In his first

appeal, the administrative contractor denied coverage, *id.* ¶¶ 113–14, as did the qualified

independent contractor, *id.* ¶ 115, the administrative law judge, *id.* ¶¶ 116–17, and the Medicare

Appeals Council, *id.* ¶¶ 118–19.  In his second appeal, the administrative contractor and

qualified independent contractor both denied coverage, *id.* ¶¶ 121–23, but the administrative law

judge found that the continuous glucose monitor in question should be covered as durable

medical equipment, *id.* ¶ 124.  The Medicare Appeals Council undertook review on its own

motion, *see* 42 C.F.R. § 405.1110, and reversed.  Compl. ¶ 125.  Mr. Sargent now seeks judicial

review of the denial of his claims, each of which falls below the $1,600 jurisdictional amount in

controversy for judicial review.

Ms. Lewis appeals from the denial of a claim for $3,594 in parts and supplies for a

continuous glucose monitor.  Her claim was denied by the administrative contractor, qualified

independent contractor, and administrative law judge, who issued a decision on August 12, 2016.

Compl. ¶¶ 101–04.  Ms. Lewis sought review by the Medicare Appeals Council, *id.* ¶ 104, but

when it had not ruled on her appeal by November 2018, she requested escalation to district court

pursuant to 42 C.F.R. § 405.1132, and timely filed this complaint.

## LEGAL STANDARD

### A.  Rule 12(b)(1)

"Federal [district] courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life

Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "[a] motion for dismissal under [Federal Rule of

Civil Procedure] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction,'" *Morrow

v. United States*, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting *Haase v. Sessions*,

835 F.2d 902, 906 (D.C. Cir. 1987)).  Thus, the Court is obligated to dismiss a claim if it "lack[s]

. . . subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  Because "[i]t is to be presumed that a

cause lies outside [a federal court's] limited jurisdiction," *Kokkonen*, 511 U.S. at 377, the

plaintiff bears the burden of establishing that the Court has subject-matter jurisdiction, *see Lujan

v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  In deciding a motion to dismiss for lack of

subject-matter jurisdiction, the Court must "assume the truth of all material factual allegations in

the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all

inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

**B.  Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, to survive a motion to dismiss for "failure to state a claim upon which relief may be granted," Fed. R. Civ. P. 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that the plaintiff is entitled to "the benefits of all inferences that can be derived from the facts alleged").  Although the Court must accept the facts pleaded as true, legal allegations devoid of factual support are not entitled to this presumption.  *See, e.g.*, *Kowal*, 16 F.3d at 1276.

## ARGUMENT

**A. This Court lacks jurisdiction over the claims brought by Mr. Sargent.**

Mr. Sargent bears the burden of establishing subject-matter jurisdiction over his claims. *Kokkonen*, 511 U.S. at 377.  Among other things, this burden requires Mr. Sargent to show that his claims satisfy the applicable amount-in-controversy requirement. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  "When a Medicare plaintiff is unable to meet the

statutorily-prescribed jurisdictional amount, jurisdiction is lacking and dismissal is appropriate."
*Schwartz v. Medicare*, 832 F. Supp. 782, 790 (D.N.J. 1993).

Mr. Sargent alleges that the Secretary wrongly denied two separate claims for $1,419.
Compl. ¶¶ 112, 120.  Each claim falls short of the $1,600 threshold for a Medicare beneficiary to
obtain judicial review in a case filed in 2018.  83 Fed. Reg. at 47,620.  The Secretary's appeal
regulations permit a beneficiary to "aggregate two or more claims to meet the amount in
controversy for an ALJ hearing" when certain criteria are met.  42 C.F.R. § 405.1006(e)(1).  But
Mr. Sargent did not aggregate his claims before an administrative law judge, and he cannot do so
for the first time here.  His claims must therefore be dismissed for lack of jurisdiction.

As both courts to address this issue have held, beneficiaries "must expressly request
aggregation before the ALJ, and the ALJ must determine that other aggregation criteria have
been satisfied."  *Bloom v. Azar*, 2018 WL 583111, at *6 (D. Vt. Jan. 28, 2018) (quoting *Epstein
v. Burwell*, 2014 WL 12591476, at *4 (C.D. Cal. Aug. 5, 2014)).  Both courts "explicitly rejected
the suggestion that the [Secretary's] regulations permit aggregation for the first time in the
district court."  *Id.* (citing *Epstein*, 2014 WL 12591476, at *5).  Instead, they "adopted the
Secretary's view 'that the Medicare regulations require that claims be aggregated *during the
administrative process*.'"  *Id.* (quoting *Epstein*, 2014 WL 12591476, at *5) (emphasis added in
*Bloom*).  They were right to do so.  The Secretary's interpretation is essentially a plain reading of
the regulatory language contained at 42 C.F.R. § 405.1006.

Moreover, this reading is consistent with the Medicare statute, which instructs the
Secretary to develop regulations permitting "two or more appeals to be aggregated" as a means
for determining the amount in controversy.  42 U.S.C. § 1395ff(b)(1)(E)(ii).  As used throughout
42 U.S.C. § 1395ff, the term "appeals" refers to proceedings occurring at the administrative

level.  *See* 42 U.S.C. § 1395ff(a)(3)(B)(i) (stating that "[n]o initial determination may be

reconsidered or appealed under subsection (b) unless the [administrative contractor] has made a

redetermination of that initial determination"); *id.* § 1395ff(a)(5)(A)(iv) (stating that notice of a

redetermination must include "notification of the right to appeal the redetermination and

instructions on how to initiate such an appeal"); *id.* § 1395ff(b)(1)(D) (providing "time limits for

filing appeals" and listing "reconsiderations" and "hearings conducted by the Secretary").  *See*

*also* 42 U.S.C. § 1395ff(d)(4)(C) (explaining that an ALJ's decision will include "notification of

the right to appeal the decision [to the Medicare Appeals Council] and instructions on how to

initiate such an appeal"); *id.* § 1395ff(e)(3) (directing the Secretary to "provide . . . to

administrative law judges that decide appeals of reconsiderations of initial determinations . . .

continuing education with respect to coverage of items and services").

  Because Mr. Sargent's claims do not satisfy the amount-in-controversy requirement for

judicial review, and he did not aggregate them at the administrative level, this Court must

dismiss Mr. Sargent's claims for lack of jurisdiction.  *Bloom*, 2018 WL 583111, at *6; *Epstein*,

2014 WL 12591476, at *4–*5; *see Mitchell v. Occidental Insurance, Medicare*, 619 F.2d 28 (9th

Cir. 1980); *Rubin v. Weinberger*, 524 F.2d 497 (7th Cir. 1975); *Acquisto v. Secure Horizons*, 504

F. App'x 855, 856 (11th Cir. 2013); *Baruch v. Schmiegelow*, 175 F. App'x 422 (2d Cir. 2006)

(all dismissing, for lack of jurisdiction, claims that did not meet the Medicare amount-in-

controversy requirements); *see also Rubin*, 524 F.2d at 500 (noting that "Congress excluded

judicial review of the amount of benefit claims" below the amount in controversy "to avoid

overburdening the courts").

**B.      Several claims should be dismissed under Rule 12(b)(6).**

The Class Action Complaint alleges seven claims: one for a violation of 42 U.S.C.

§ 405(g), Compl. ¶¶ 146–48; five for violations of various standards set out in the Administrative

Procedure Act, *id.* ¶¶ 149–63; and one for a declaratory judgment, *id.* ¶¶ 164–66.  Three of these

claims must be dismissed for failure to state a claim on which relief can be granted.

First, the claim for a violation of 42 U.S.C. § 405(g) must be dismissed because that

provision does not establish any substantive law for this Court to apply.  Instead, it authorizes

judicial review of final decisions made pursuant to the Social Security Act, of which the

Medicare statute is a part.  A Medicare beneficiary cannot state a claim under 42 U.S.C. § 405(g)

any more than he could state a claim under 42 U.S.C. § 1395ff(b), which authorizes judicial

review of Ms. Lewis's case.  Both provisions confer procedural rights (the right to judicial

review under certain circumstances), but neither can provide the ground for a substantive claim,

which must be based on some other source of law.  *See, e.g.*, *Charles v. Astrue*, 854 F. Supp. 2d

22 (D.D.C. 2012) (Walton, J.) (exercising subject matter jurisdiction in Social Security appeal

under 42 U.S.C. § 405(g), but applying other sources of substantive law).  The claim for a

violation of 42 U.S.C. § 405(g) must be dismissed.

Second, the Court must dismiss the claim for a violation of 5 U.S.C. § 706(1), which

empowers district courts to "compel agency action unlawfully withheld or unreasonably

delayed."  Compl. ¶¶ 149–51.  As the Supreme Court has explained, "a claim under § 706(1) can

proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it

is *required to take*."  *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (emphasis in

original).  The D.C. Circuit has therefore upheld the dismissal of "a § 706 failure-to-act claim"

where the complaint did not "identify a legally required, discrete act that the [agency] has failed

- 8 -

to perform." *Montanans For Multiple Use v. Barbouletos*, 568 F.3d 225, 227 (D.C. Cir. 2009). The Class Action Complaint identifies no such action unlawfully withheld.  Instead, it seeks judicial review of the action actually taken by the Secretary: denial of Medicare benefits.  The claim brought under § 706(1) must be dismissed.

Third, the Court must dismiss the claim for a violation of 5 U.S.C. § 706(2)(D), which grants district courts the authority to hold unlawful agency action that is taken "without observance of procedure required by law."  Compl. ¶¶ 158–60.  But the Class Action Complaint identifies no such procedural violation.  Although paragraph 160 of the Class Action Complaint suggests, in a parenthetical, that "notice and comment [is] required for modification of LCDs," it does not discuss any local coverage determination except in a passing reference in paragraphs 64 and 65.[1]  Ms. Lewis does not plausibly allege that she has been injured by any failure to engage in such rulemaking.  Because the Class Action Complaint does not adequately allege procedural error, the § 706(2)(D) claim must also be dismissed.

## CONCLUSION

For the reasons stated above, Mr. Sargent's claims should be dismissed for lack of jurisdiction, and Counts I, II, and V should be dismissed for failure to state a claim.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

---

[1] "The Medicare Act defines local coverage determinations as decisions 'whether or not a particular item or service is covered' in [an administrative] contractor's geographic area 'in accordance with [42 U.S.C.] section 1395y(a)(1)(A).'" *Hays v. Sebelius*, 589 F.3d 1279, 1280 (D.C. Cir. 2009) (quoting 42 U.S.C. § 1395ff(f)(2)(B)).  "A local coverage determination binds only the contractor that issued it, and only at the initial stages of the Medicare claim review process." *Porzecanski*, 316 F. Supp. 3d at 15 (citing 42 U.S.C. § 1395ff(c)(3)(B)(ii)(II)).

- 9 -

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: May 30, 2019                    *Counsel for Defendant*