**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties respectfully submit the following joint report.

**Statement of the Case**

Medicare Part B is an insurance program that pays for durable medical equipment, among other things.  This case presents the question of whether certain continuous glucose monitors should be covered as durable medical equipment under the Medicare statute and regulations. Two named plaintiffs, Carol Lewis and Douglas Sargent, bring seven claims on behalf of a putative class of individuals who have been denied Medicare coverage for continuous glucose monitors.  Their central contention is that this denial was contrary to law.

On May 30, 2019, the Secretary of Health and Human Services moved to dismiss Mr. Sargent from the case for lack of subject matter jurisdiction, and to dismiss three claims under Rule 12(b)(6).  Plaintiffs intend to move for class certification.  Both parties expect that the merits of this case will be resolved on cross-motions for summary judgment.

The parties have been unable to reach agreement on two issues that will affect the scheduling order in this case.  First, the parties disagree as to whether briefing on the merits should precede class certification (as plaintiffs suggest) or follow it (as the Secretary suggests). Second, they disagree as to whether discovery should be bifurcated, with class certification discovery preceding any discovery on the merits (as the Secretary prefers) or whether merits discovery should be concurrent with class certification discovery (as plaintiffs prefer).

*     *     *

The topics listed in Local Civil Rule 16.3 have been discussed by the parties, who have agreed as follows (and who state their respective positions where they could not agree):

**1.  Dispositive motions. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Both parties believe that this matter can be resolved by dispositive motions.

Plaintiffs recommend that briefing on the underlying merits proceed without awaiting decision on either Defendants' motion to dismiss or class certification.  Defendants' motion to dismiss does not affect Ms. Lewis' pending claim and the underlying claim is independent of the class certification issues.  Regardless of what the Court decides with respect to Mr. Sargent's claim, the Court will face the same issue: is a CGM "primarily and customarily used to serve a

medical purpose"?[1]  Likewise, regardless of whether this case has thousands of plaintiffs or only Ms. Lewis, the Court will face the same issue.  There is no sound reason for delay.

The Secretary recommends that all further briefing should await this Court's decision on his partial motion to dismiss.  Although that motion will not resolve this case in full, its resolution will affect the briefing on class certification—in particular, the analysis of whether the named plaintiffs typify the class members that they would represent here.  The Court's typicality analysis at class certification will depend in part on whether Mr. Sargent remains in this case, or whether Ms. Lewis alone must typify all claims that the putative class would raise.  As discussed below in paragraph 6, the Secretary recommends that summary judgment briefing should follow the Court's decision on class certification, as it customarily does.

**2.  Joinder and Amendment. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

Neither party anticipates the joinder of additional parties.

Plaintiffs do not intend to amend their complaint at this time.  The Secretary suggests that any motion for leave to amend the complaint should be filed no more than 60 days after the Court's decision on the pending partial motion to dismiss.

The parties do not believe that any factual or legal issues can be narrowed at this time.

---

[1] An issue that has already been addressed favorably by three district courts.

**3.  Magistrate Judge. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not agree to the assignment of this case to a magistrate judge for any purposes except settlement or alternative dispute resolution.

**4.  Settlement. Whether there is a realistic possibility of settling the case.**

Counsel have discussed the possibility of settlement and will continue to engage in good faith discussions.

**5.  Alternative Dispute Resolution. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures.**

The parties do not believe that the case would benefit from the Court's alternative dispute resolution procedures at this time.  They will inform the Court if their assessment changes.

**6.  Dispositive motions. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties expect that the merits of this case will be resolved on cross-motions for summary judgment.  They disagree as to how that briefing should be sequenced.

As set forth above, Plaintiffs suggest that summary judgment briefing proceed while the class issues are decided.  With a decision on the underlying merits, the class certification will simply decide how broadly that decision applies.

The Secretary suggests that briefing on the merits should follow the Court's resolution of plaintiffs' motion for class certification (as well as the Secretary's pending partial motion to dismiss). Plaintiffs' suggestion that summary judgment briefing should precede the Court's decision on class certification is entirely impracticable. If this Court grants class certification, it will define the class claims at issue here. See Fed. R. Civ. P. 23(c)(1)(B)("An order that certifies a class action must define . . . the class claims."). Plaintiffs can then move for summary judgment on those class claims (and any individual claims that they may wish to present). But there are no class claims for this Court to resolve until this Court defines them, and there is no point in summary judgment briefing until those class claims (if any) have been established. The Secretary suggests that the parties meet and confer and propose a further scheduling order, including a schedule for summary judgment briefing, after the motion for class certification is resolved.

**7. Initial disclosures. Whether the Parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties believe that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) should be made by June 21, 2019.

**8.   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that class certification discovery is appropriate and should begin shortly.  They agree that this discovery should include the numerosity of the putative class members, the existence of questions of law or fact common to those class members, the claims or defenses that could be presented by the representative parties, and the adequacy of the representation provided by those parties.  The parties jointly propose that class certification discovery begin June 24, 2019 and conclude October 18, 2019.

The parties propose the following limits on class certification discovery:

**Interrogatories:** The parties jointly propose a maximum of 25 interrogatories per side. Each discrete subpart of an interrogatory will count as a separate interrogatory. An interrogatory that seeks the same information from each plaintiff shall count as one interrogatory.

**Requests for Admission:** Plaintiffs propose unlimited requests for admission.  The Secretary proposes a maximum of 10 requests for admission, including all discrete subparts, and that a request that seeking the same admission from each plaintiff shall count as one request.

**Depositions:** Plaintiffs propose a maximum of ten (10) depositions for each side.  The Secretary proposes a maximum of five (5) depositions for each side.

The parties agree that the total number of depositions permitted shall include Rule 30(b)(6) depositions, unless otherwise agreed to by the parties or ordered by the Court.  The parties further agree to the following limitations:

Each deposition is limited to a maximum of seven (7) hours, excluding any breaks, unless otherwise agreed to by the parties or ordered by the Court.  Notices for Rule 30(b)(6) depositions may be served on each party, and the parties propose a maximum of ten (10) 30(b)(6) topics to be designated per party.  Rule 30(b)(6) depositions for each side will cumulatively be limited to seven (7) hours per side total, notwithstanding whether a party designates multiple witnesses in order to cover the noticed topics. To the extent either party determines, based on particular circumstances as they unfold, that seven (7) hours is insufficient to address their 30(b)(6) topics, the parties agree to meet and confer at that time and to negotiate the issue in good faith.  A witness identified to respond to a topic or topics in a Rule 30(b)(6) notice may also be simultaneously deposed as a fact witness, and such deposition will count as a single deposition for that side.  When one side notices a fact deposition, the other side may question that witness without such questioning counting against that side's limit of depositions.

**Privilege Logs:** Any Party that intends to withhold any material that is otherwise discoverable by asserting that the material is privileged or protected shall first confer with the opposing party and seek to resolve the issue. If it cannot be resolved and the information is withheld on the basis of privilege, the withholding party must produce a privilege log.

In addition to class certification discovery, plaintiffs propose to take discovery on topics including whether the Secretary has a policy of concealing the basis of his Medicare denials of coverage for continuous glucose monitors, so as to prevent beneficiaries from knowing of what plaintiffs allege to be a violation of their rights.

Plaintiffs suggest that such discovery proceed without delay.  As an initial matter, there is no reason to delay and delay will only prolong the litigation.  Either the Secretary had such a

policy or he did not.  To the extent that Secretary does not waive the exhaustion/60 day issues (which, to date, the Secretary has not), then discovery will put the Court and the parties in a position to address that.  Moreover, resolution of that issue may determine exactly how many persons participate in the class and are available for relief.  Resolution of that uncertainty may better position the parties for fruitful settlement discussions.

The Secretary proposes that any such discovery, if appropriate, should occur after this Court's resolution of the plaintiffs' motion for class certification.  The Secretary suggests that this Court order class certification discovery now, and order the parties to meet and confer and propose a schedule for any further discovery after plaintiffs' motion for class certification is resolved.

Plaintiffs further suggest that a Protective Order be entered in order to avoid any delay in that regard.  Plaintiff proposes any of the Model Protective Orders entered by courts around the country or any other protective order preferred by the Court.  Entry of a protective order now will avoid delay in discovery on the grounds that no protective order is in place.


**9.  Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

None at this time.

**10.  Any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

None at this time.

**11.  Expert Witnesses. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The parties do not expect to rely on expert witnesses.

**12.  In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

As discussed in paragraph 8 above, the parties agree that class certification discovery is appropriate and should begin shortly.  They agree that this discovery should include the numerosity of the putative class members, the existence of questions of law or fact common to those class members, the claims or defenses that could be presented by the representative parties, and the adequacy of the representation provided by those parties.  The parties jointly propose that class certification discovery begin June 24, 2019 and conclude October 18, 2019, subject to the limits set forth in paragraph 8.

The parties jointly propose the following schedule for briefing, argument, and decision on a Rule 23 motion:

Plaintiffs' Rule 23 motion to be filed no later than October 25, 2019

Defendant's opposition to be filed no later than November 22, 2019

Plaintiffs' reply to be filed no later than December 13, 2019

Oral arugment and/or evidentiary hearing to be held in January 2020

Proposed date for decision on Rule 23 motion: April 30, 2020

The Secretary proposes that this schedule should be contingent on the Court's resolution of the pending partial motion to dismiss.

**13.  Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

As discussed above, Plaintiffs suggest that discovery on all topics proceed without delay.

As discussed in paragraph 8 above, the Secretary suggests that this Court order class certification discovery now, and order the parties to meet and confer and propose a schedule for any further discovery after plaintiffs' motion for class certification is resolved.

Other than as set forth above, the parties do not request any bifurcattion or management in phases.

**14.  Pretrial conference. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**15.  Trial date. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties do not believe that a trial will be necessary in this case.

**16. Other matters.**

None.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: June 12, 2019

*Counsel for Defendant*