# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE SECRETARY'S PARTIAL MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................... ii

I.    DISCUSSION ....................................................................................... - 2 -

    A.    Arguments Specific to Mr. Sargent ......................................... - 2 -

        1.    Judicial Review Is Available to the "Individual" If the Amount in Controversy Exceeds $1,600 .................................................. - 2 -

        2.    Supplemental Jurisdiction ................................................. - 3 -

        3.    The Secretary's Arguments Lack Merit .................................. - 5 -

    B.    The Secretary's Other Arguments ............................................ - 8 -

        1.    Count I – Violation of 42 U.S.C. § 405(g) ............................ - 9 -

        2.    Count II – Violation of 5 U.S.C. § 706(1) (unlawfully withheld or unreasonably delayed) ....................................................... - 9 -

        3.    Count V – Violation of 5 U.S.C. § 706(2)(D) (without observance of procedure required by law) .................................................. - 9 -

II.    CONCLUSION ..................................................................................... - 10 -

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Azar v. Alina Health Services,*
_____ U.S. _____ (June 3, 2019) ........................................................................................10

*Bloom v. Burwell,*
Case No. 18-2390 (2nd Cir) ........................................................................................7

*Clark v. Paul Gray, Inc.,*
306 U.S. 583 (1939) ........................................................................................4

*Connecticut National Bank v. Germain,*
503 U.S. 249 (1992) ........................................................................................3

*County of Yakima v. Confederated Tribes & Bands of the Yakima Indian Nation,*
502 U.S. 251 (1992) ........................................................................................6

*Dress Barn, Inc. v. LTA Group, Inc.,*
822 F.Supp. 88 (D. Conn. 1993) ........................................................................................4

*Epstein v. Burwell,*
2014 WL 12591476 (C.D. Cal. 2014) ........................................................................................7, 8

*Exxon Mobil Corp. v. Allapattah Services, Inc.,*
545 U.S. 546 (2005) ........................................................................................3, 4

*IBP, Inc. v. Alvarez,*
546 U.S. 21 (2005) ........................................................................................3, 6

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.,*
469 U.S. 189 (1985) ........................................................................................2, 5

*Pierre v. Planet Automotive, Inc.,*
193 F.Supp.3d 157 (S.D.N.Y. 2016) ........................................................................................4

*Schoenmann Produce Co. v. Burlington Northern & Santa Fe Railway Co.,*
420 F.Supp.2d 757 (S.D. Tex. 2006) ........................................................................................4

*Smith v. Berryhill,*
_____ U.S. _____ (May 28, 2019) ........................................................................................5, 7

## STATUTES

5 U.S.C. § 706(1) ..........................................................................................................9

5 U.S.C. § 706(2)(D) ....................................................................................................9

28 U.S.C. § 1331 ...........................................................................................................4

28 U.S.C. § 1337(a) ......................................................................................................6

28 U.S.C. § 1367(a) ...............................................................................................1, 3, 4

42 U.S.C. § 405(g) ............................................................................................... passim

42 U.S.C. § 1395ff(b)(1)(A) .....................................................................................2, 5

42 U.S.C. § 1395ff(b)(1)(E)(i) ..................................................................................1, 2

42 U.S.C. § 1395hh(a)(2)/(b) ....................................................................................10

## RULES

FED.R.CIV.P. 18 .....................................................................................................5, 6, 8

FED.R.CIV.P. 18(a) ......................................................................................................1

FED.R.CIV.P. 23 ...........................................................................................................8

## REGULATIONS

42 C.F.R. 405.1006 .......................................................................................................7

42 C.F.R. § 405.1062(a) ...............................................................................................9

82 Fed.Reg. at 47,620 ..................................................................................................1

CMS Ruling 1682-R .....................................................................................................9

Ruling into LCD L33822 ..............................................................................................9

## OTHER AUTHORITIES

Individual, BLACK'S LAW DICTIONARY (10th ed 2014)....................................................3

*Scalia & Garner*, READING LAW: THE INTERPRETATION OF LEGAL TEXTS (2012) .........................2

United States Constitution Article III ............................................................................3

As set forth in the Complaint, Douglass Sargent is a 73 year-old retired electrical engineer and volunteer firefighting Captain (35 years), who also served six years in the Connecticut Air National Guard.  Complaint at ¶ 108.  With his wife of 46 years (Beth), Mr. Sargent currently lives in Portland, Connecticut.  Mr. Sargent's claims for coverage of a CGM device to help manage his Type I diabetes have been rejected by the Secretary on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose."  Now, the Secretary moves to dismiss Mr. Sargent's claims in this Court that exceed $2,800 on the ground that, considered separately, Mr. Sargent's claims are only for $1,419, rather than $1,600, and, therefore, that this Court lacks jurisdiction.

The Secretary's motion should be denied.

As set forth in the relevant statute, judicial review is available to an "individual", unless "the amount in controversy is less than [$1,600]"  *See* 42 U.S.C. §§ 1395ff(b)(1)(E)(i); (iii) (inflation adjusting amount in controversy); 82 Fed.Reg. at 47,620 (providing amount for 2018). Mr. Sargent is an "individual" and, pursuant to FED.R.CIV.P. 18(a), brought multiple claims in this single proceeding.  It appears to be undisputed that, taken together, those claims are in excess of $1,600.  Accordingly, this Court has jurisdiction to consider the claims of the "individual" who is plaintiff Douglass Sargent.  The Secretary's argument premised on reading "individual" as meaning "on each claim" simply defies the text of the statute and all established canons of statutory construction.  In the alternative, because it also appears to be undisputed that this Court has "original jurisdiction" over Ms. Lewis' claim, pursuant to 28 U.S.C. § 1367(a), this Court would have supplemental jurisdiction to consider Mr. Sargent's claims and should exercise its discretion to do so.

In general, the Secretary's other arguments concerning the causes of action themselves lack merit.

## I.      DISCUSSION

The Secretary's arguments fall into two categories: 1) arguments specific to Mr. Sargent; and 2) general arguments regarding the sufficiency of the pleadings with respect to certain causes of action asserted.

### A.      Arguments Specific to Mr. Sargent

With respect to Mr. Sargent, this Court has jurisdiction to consider his claims either under the statute as written or pursuant to this Court's supplemental jurisdiction powers.

#### 1.      Judicial Review Is Available to the "Individual" If the Amount in Controversy Exceeds $1,600

As set forth in 42 U.S.C. § 1395ff(b)(1)(A) (through 42 U.S.C. § 405(g)), "any individual dissatisfied … shall be entitled to … judicial review of the Secretary's final decision."  However, as further set forth in § 1395ff(b)(1)(E)(i), "…judicial review shall not be available to the individual if the amount in controversy is less than $1,000."  Pursuant to § 1395ff(b)(1)(E)(iii), the $1,000 figure is periodically adjusted according to the Consumer Price Index and was at $1,600 when this suit was filed in 2018.

The first canon of statutory construction is that of "ordinary meaning."  *See Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985) ("Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.").  Words appearing in a statute are to be given their ordinary meaning unless the context indicates that the words bear a technical sense and/or there is persuasive evidence to the contrary.  *See Scalia & Garner*, READING LAW: THE INTERPRETATION OF LEGAL TEXTS, pp 69-77 (2012).  "[C]ourts must presume that a legislature says in a statute what

- 2 -

it means and means in a statute what it says there." *Connecticut National Bank v. Germain*, 503 U.S. 249, 253-54 (1992). Further, "[w]hen the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id.* at 254 (internal quotation and citations omitted).

The plain and ordinary meaning of "individual" demonstrates Congress' intent to provide judicial review based on the total amount in controversy for each Medicare beneficiary, not based on the amount of each of the discrete claims. The ordinary meaning of "individual" is: "a single person as distinguished from a group or class …[.]" *See* Individual, BLACK'S LAW DICTIONARY, (10th ed 2014). Indeed, § 1395ff employs the term "individual" nearly fifty times and, in each instance, "individual" refers to a single person as opposed to a group, class, or claim. *See IBP, Inc. v. Alvarez*, 546 U.S. 21, 33-34 (2005) ("[T]he normal rule of statutory construction [is] that identical words used in different parts of the same statute are generally presumed to have the same meaning."). "Individual" is not ambiguous and refers to a person, not a claim. By the same rules of statutory construction described above, the Court should presume that if Congress had meant "claim" rather than "individual" it would have said so.[1]

Thus, simply applying the ordinary meaning of "individual", this Court has jurisdiction to consider Mr. Sargent's claims because he is an "individual" who is seeking "judicial review" and it is undisputed that the amount in controversy with respect to him is in excess of $1,600. No further analysis is necessary. Mr. Sargent is a proper plaintiff in this action.

## 2.   Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), except in circumstances not relevant here, when a court has "original jurisdiction" over an action:

---

[1] *See* further discussion at 7, *infra*.

the district courts shall have supplemental jurisdiction over all other claims that are
so related to claims in the action within such original jurisdiction that they form
part of the same case or controversy under Article III of the United States
Constitution.

Section 1367 is a "broad grant of supplemental jurisdiction." *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558 (2005). Outside the context of diversity, few modern federal cases address amount-in-controversy (AIC) requirements, at least partly because few modern federal statutes have an AIC requirement. But this was not always the case. Indeed, basic federal question jurisdiction (28 U.S.C. § 1331) previously provided an AIC of $3,000 and courts lacked jurisdiction to consider any claims in a suit that did not meet this threshold, even if other claims did. *See Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). In *Exxon*, the Supreme Court held that "§1367(a) unambiguously overrules the holding and the result in *Clark*." *Exxon*, 545 U.S. 562.

While basic federal question jurisdiction no longer provides for or requires a specific AIC, the Supreme Court in *Exxon* stated:

> After all, federal-question jurisdiction once had an amount-in-controversy requirement as well. If such a requirement were revived under § 1331, it is clear beyond peradventure that § 1367(a) provides supplemental jurisdiction over federal-question cases where some, but not all, of the federal-law claims involve a sufficient amount in controversy.

*Id*. Modern cases applying § 1367(a) and exercising supplemental jurisdiction to the few, non-diversity, federal statutes that have AICs include: *Pierre v. Planet Automotive, Inc.*, 193 F.Supp.3d 157 (S.D.N.Y. 2016); *Schoenmann Produce Co. v. Burlington Northern & Santa Fe Railway Co.*, 420 F.Supp.2d 757 (S.D. Tex. 2006); *Dress Barn, Inc. v. LTA Group, Inc.*, 822 F.Supp. 88 (D. Conn. 1993).

Applying those precedents here, even if it were assumed *arguendo* that the Court does not have jurisdiction to hear Mr. Sargent's claims under the statute as written, the Court would still have supplemental jurisdiction to consider his claims. The Secretary does not challenge that this

Court has "original jurisdiction" over Ms. Lewis' claim.[2]  Mr. Sargent's claims form part of the same case or controversy as Ms. Lewis' related claim because they arise out of a common nucleus of operative fact concerning the Secretary's refusal to pay for CGMs on the grounds that they do not "serve a medical purpose."   Accordingly, even if Mr. Sargent's claims are each less than $1,600, this Court has and should exercise it supplemental jurisdiction to consider them.

### 3.      The Secretary's Arguments Lack Merit

Respectfully, the Secretary's arguments are difficult to follow.  Mot. at 6-7.  As an initial matter, the Secretary never actually addresses the words of the statute giving rise to review by this Court (*i.e.*, § 1395ff(b)(1)(A) (through 42 U.S.C. § 405(g); (E)(i)).  Of course, that is the starting point for any analysis and should be dispositive here.  *Park 'N Fly*, 469 U.S. at 194.

Instead, the Secretary argues that the agency has issued regulations concerning aggregation of claims *before ALJs* and that because "Mr. Sargent did not aggregate his claims before an administrative law judge [] he cannot do so for the first time here."  Mot. at 6.  In support of this view, the Secretary notes that Congress directed the Secretary to develop regulations concerning appeals *before the Secretary*.  *Id.* at 6-7 ("proceedings occurring at the administrative level").  Further, without explicitly saying so, the Secretary appears to argue that "individual" in §§1395ff(b)(1)(A)/(E)(i) actually means "claim"/"each claim" and/or that by enacting provisions for aggregation of claims before the Secretary, Congress, by implication, repealed FED.R.CIV.P. 18 or sought to cabin judicial review.  None of those positions has any merit.

---

[2] During the Scheduling Conference held on June 14, 2019, there was discussion about whether (even putting aside Ms. Lewis' present claim), the Secretary was continuing to deny Ms. Lewis' claims for CGM coverage after the District Court judgment in her favor in April 2018.  In May 2018, Ms. Lewis submitted a claim for CGM coverage and that claim was rejected.  Ms. Lewis sought redetermination and was again rejected.  As shown in Exhibit A, Ms. Lewis then sought reconsideration and included a copy of Judge Gorton's decision with her request.  Again, her claim was improperly rejected on the discredited "precautionary" (i.e., "not serve a medical purpose") grounds.  With this suit now pending, the Secretary's representative informs counsel that these improper rejections will be withdrawn and coverage approved, for which Ms. Lewis is grateful.

That the Secretary has regulations concerning appeals *before the Secretary* says nothing about the standards that apply to judicial review.  Indeed, the Supreme Court addressed, and rejected, highly analogous claims by an agency within the past month.  In *Smith v. Berryhill*, ____ U.S. ____ (May 28, 2019), the Supreme Court stated:

> The scope of judicial review, meanwhile, is hardly the kind of question that the Court presumes that Congress implicitly delegated to an agency.
>
> * … * … *
>
> As the Court explained, Congress' having created "a role for the [department] in administering the statute" did "not empower the Secretary to regulate the scope of the judicial power vested by the statute." … [I]t is fundamental that an agency may not bootstrap itself into an area in which it has no jurisdiction.  Here, too, while Congress has empowered the [agency] to create a scheme of administrative exhaustion, Congress did not delegate to the [agency] the power to determine the scope of judicial power vested by § 405(g) or to determine conclusively when its dictates are satisfied.

(Slip Op. at *14) (internal citations and quotations omitted).  That the Secretary is empowered to create a scheme for exhaustion or proceedings *before the Secretary* does not indicate that the Secretary has the power to determine the scope of *judicial* review.  Once again, that is hardly the kind of question delegated to an agency.

"Individual" in §§ 1395ff(b)(1)(A)/(E)(i) cannot mean "claim"/"each claim".  As set forth above, the word "individual" appears nearly fifty times in § 1395ff and each of those uses is consistent with "individual's" ordinary meaning of "a person" and inconsistent with "claim"/"each claim."  *See IBP*, 546 U.S. at 33-34.  Moreover, when Congress wants to limit judicial review based on the value of each, separate claim rather than an "individual", it knows how to do so.  *See* 28 U.S.C. § 1337(a) (judicial review based on "each receipt or bill of lading").  In §1395ff(b)(1)(A)/(E)(i), Congress chose to base "judicial review" on an "individual" rather than "a claim"/"each claim" and there is no basis for using any other standard.

To the extent that the Secretary is arguing, without saying so, that FED.R.CIV.P. 18 was repealed by implication in this context, it is well established that repeals by implication are strongly disfavored. *See, e.g., County of Yakima v. Confederated Tribes & Bands of the Yakima Indian Nation*, 502 U.S. 251, 262 (1992) ("[I]t is a cardinal rule that repeals by implication are not favored.") (internal quotation marks omitted). There is simply no basis for finding any such repeal here.

The Secretary's arguments relying on the two district court decisions in *Bloom* and *Epstein* (Mot. at 6) add little to the discussion. The decision in *Bloom* (with essentially the same arguments) is on appeal at the Second Circuit and is calendared for consideration during the week of September 16, 2019. *See Bloom v. Burwell*, Case No. 18-2390 (2nd Cir); Dkt. #82.[3] Likewise, the decision in *Epstein v. Burwell*, 2014 WL 12591476 (C.D. Cal. 2014) is not illuminating.

In *Epstein*, a Medicare plaintiff with a claim for $147 brought suit. Though this was far below the $1,400 AIC applicable at the time, the plaintiff argued that: 1) future, potential claims by the plaintiff could be aggregated to meet the AIC; and 2) the plaintiff could act as the representative of a class of absent class members similarly situated whose claims could be aggregated to meet the AIC. *Id.* at *4.

Rejecting Epstein's personal claims, the court held that (even assuming they were not speculative), mathematically, the plaintiff's future claims could not be aggregated with his current claim to meet the AIC. *Id.* at *6. With regard to Epstein's claim to be the representative of an absent class aggregated to meet the AIC, the court held: 1) allowing aggregation of the class at the judicial review level would be inconsistent with a requirement to exhaust administrative remedies

---

[3] One notable difference between the arguments advanced there and the arguments advanced here is that in *Bloom*, the Secretary asserted that he was entitled to *Chevron* deference on his views limiting judicial review. In *Smith* (cited above), the Supreme Court rejected that argument. Slip Op. at *14.

(§ 405(g)) for the absent class members; and 2) § 1395ff(b)(1)(E)(ii)(II) and 42 C.F.R. 405.1006 barred aggregation among individuals at the judicial review level.  2014 WL 12591476 at *4-5.

Plaintiffs take no position on whether *Epstein*'s discussion of aggregation of a class at the judicial review level to meet the AIC is correct (especially when the named representative does not meet the AIC).[4]  As noted by the district court there, there are many considerations regarding finality, identity of claims, and even standing to represent unidentified class members.  *Id*.  In its decision, the district court did not discuss FED.R.CIV.P. 18, 23, or supplemental jurisdiction and it is unclear how, if at all, those considerations would have affected the court's conclusion or how the court would address a case brought by an individual plaintiff having multiple *current* claims that meet the AIC requirement in aggregate.  Epstein did not appeal.  In short, *Epstein* seems to be entirely inapposite.

By contrast to the facts in *Epstein*, Mr. Sargent's claims are not speculative and he has timely filed suit on them.  Further, Mr. Sargent is not attempting to combine claims of absent class members to meet the AIC.  Instead, Mr. Sargent is asserting that his own claims meet the AIC as a matter of law and undisputed fact.

This Court has jurisdiction to consider Mr. Sargent's claims.

**B.    The Secretary's Other Arguments**

The last two pages of the Secretary's motion (Mot. at 8-9) challenge specific causes of action.  Like the Secretary's arguments with regard to Mr. Sargent, these arguments should be rejected.

---

[4] Plaintiffs do not believe that an agency *regulation* controls the meaning of a *statute* or that an agency *regulation* can dictate *procedure* in a federal court.  The Secretary's regulatory power necessarily stops at the federal courthouse door.

### 1.   Count I – Violation of 42 U.S.C. § 405(g)

Plaintiffs agree that the heading of this Count could have been more artfully stated.  42 U.S.C. § 405(g) (as further modified by § 1395ff) provides the mechanism for judicial review and does not establish, by itself, a duty/violation.  Nevertheless, ¶¶ 146-148 of the Complaint do set forth the claimed violations.  Accordingly, the Secretary's motion should be rejected.  If the Court would like the heading of this Count amended, Plaintiffs are prepared to do so.

### 2.   Count II – Violation of 5 U.S.C. § 706(1) (unlawfully withheld or unreasonably delayed)

Respectfully, it is very difficult to understand the Secretary's argument with regard to this Count.  Mot. at 8.  The entirety of the Complaint sets forth Plaintiffs' belief that they have a right to coverage of their CGM claims and that that coverage has been unlawfully withheld.  Indeed, their claims have been unlawfully denied (which, of course, is the ultimate "unreasonable delay").

As set forth in the Complaint, the "discrete agency action" that the Secretary was "required to take" was the approval and subsequent payment of Plaintiffs' claims for CGM coverage.  Respectfully, Plaintiffs fail to follow the Secretary's argument which should be rejected.

### 3.   Count V – Violation of 5 U.S.C. § 706(2)(D) (without observance of procedure required by law)

The Secretary's arguments (Mot. at 9) with respect to Count V (Complaint ¶¶ 158-160) should also be rejected.  As set forth in ¶¶ 58-66 of the Complaint, the Secretary issued CMS Ruling 1682-R excluding from coverage all CGMs that did not meet certain, newly-defined criteria (essentially all CGMs).  The Secretary subsequently incorporated the Ruling into LCD L33822 and a Local Policy Article.  As alleged in the Complaint, all of this was done without complying with the Secretary's notice and comment obligations (*see, e.g.*, ¶ 65).  Relying on both the Ruling

and the LCD, the Secretary has rejected a large number of claims for CGM coverage, including those of Mr. Sargent.[5]

In the face of these allegations, the Secretary contends that the Complaint "does not adequately allege procedural error." Mot. at 9. There is no merit to that position. Within the current month, the Supreme Court addressed the notice and comment requirements applicable to the Medicare program. In *Azar v. Alina Health Services*, ____ U.S. ____ (June 3, 2019), the Supreme Court held that 42 U.S.C. § 1395hh(a)(2)/(b)'s requirement of notice and comment and regulations before any change in the scope of benefits in Medicare is *even broader* than that applicable under the Administrative Procedures Act ("APA") and lacks the "substantive"/"interpretive" rule exception found in the APA. As set forth in the Complaint, under any standard, the Secretary failed to comply with his notice and comment obligations (*i.e.*, "without observance of procedure required by law") before changing the scope of benefits with respect to CGMs by issuing CMS-1682-R and incorporating it into LCD L338822. The Secretary's challenge should be rejected.

## II.   CONCLUSION

For the reasons set forth above, the Secretary's motion to dismiss Mr. Sargent as well as Counts I, II and V of the Complaint should be rejected. A proposed Order is attached.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW

---

[5] Indeed, in the wake of the Ruling, the discretion ALJ's previously had to depart from an NCD/LCD in a particular case was eliminated. *See* 42 C.F.R. § 405.1062(a). Thus, claims for coverage submitted since January 12, 2017 for devices not complying with CMS 1682-R (essentially every device other than the Dexcom G5) are rejected and the process is futile.

Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043
james@dparrishlaw.com

*Attorneys for Plaintiffs*

Date: June 21, 2019