**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY MEMORANDUM IN SUPPORT OF
THE SECRETARY'S PARTIAL MOTION TO DISMISS
FOR LACK OF JURISDICTION AND FAILURE TO STATE A CLAIM**

As the Secretary explained in his opening memorandum, Mr. Sargent's claims must be

dismissed for failure to satisfy the amount-in-controversy requirement imposed by the Medicare

statute, and three misconceived or unsupported claims must be dismissed under Rule 12(b)(6).

**ARGUMENT**

**A.      This Court lacks jurisdiction over the claims brought by Mr. Sargent.**

The Medicare statute provides that, after exhausting administrative remedies and subject

to certain conditions, "any individual dissatisfied with" a Medicare coverage determination

"shall be entitled . . . to judicial review of the Secretary's final decision."  42 U.S.C.

§ 1395ff(b)(1)(A).  But "judicial review shall not be available to the individual if the amount in

controversy is less than" an inflation-indexed sum, which stood at $1,600 when this suit was

filed.  *Id.* § 1395ff(b)(1)(E)(i); *see id.* § 1395ff(b)(1)(E)(iii); 83 Fed. Reg. at 47,620.  Mr. Sargent

seeks judicial review of two final decisions of the Secretary, each of which involved a claim for

less than $1,600.  There is no question that this Court would lack subject matter jurisdiction to

review either claim, if brought separately.  The question presented is whether, by including both claims in a single complaint that also seeks review of a claim by Ms. Lewis for more than $1,600, Mr. Sargent can avoid that jurisdictional bar.

Mr. Sargent could have aggregated his claims in the administrative process, so that they resulted in one final decision worth more than the threshold amount.  42 U.S.C. § 1395ff(b)(1)(E)(ii); 42 C.F.R. § 405.1006(e)(1).  But he did not do so, and does not suggest that the statutory aggregation provision allows him to combine his claims for the first time here.  As another district court has noted, "[t]hat provision speaks only to aggregation by 'the *Secretary*' (not the courts)."  *Bloom v. Azar*, 2018 WL 583111, at *6 (D. Vt. Jan. 28, 2018) (citing 42 U.S.C. § 1395ff(b)(1)(E)(ii)) (emphasis in *Bloom*).  To be sure, "the lack of any mention of aggregation at the district court level suggests that Congress did not intend for the courts to be aggregating claims to meet the amount-in-controversy requirement of [42 U.S.C.] § 1395ff(b)(1)(E)."  *Id.*  So instead of relying on the aggregation provision, Mr. Sargent makes several other arguments—which were also properly rejected by the court in *Bloom*[1]—to suggest that he should be able to sum the value of his claims to meet the statutory amount in controversy.

First, Mr. Sargent argues that because "judicial review shall . . . be available to the individual if the amount in controversy" is met, 42 U.S.C. § 1395ff(b)(1)(E)(i), an individual may plead as many claims as necessary to reach the jurisdictional threshold.  But the Medicare statute provides for "judicial review *of the Secretary's final decision*," and not judicial review in

---

[1] Mr. Sargent dismisses *Bloom* because it is currently on appeal to the Second Circuit.  *See* ECF No. 30 at 7 (arguing that *Bloom* "add[s] little to the discussion" because it has been appealed).  This Court obviously is not bound by the legal views of any other district court.  But neither is the persuasive weight of such opinions diminished by the mere fact of a pending appeal.  And the views of the court in *Epstein v. Burwell*, 2014 WL 12591476 (C.D. Cal. Aug. 5, 2014), on the meaning of the statutory and regulatory provisions at issue here are relevant (as the *Bloom* court found them) despite some differences in the posture of that case.

the abstract.  *Id.* § 1395ff(b)(1)(A) (emphasis added).  Read as a whole, the statute authorizes 1) judicial review of final Medicare coverage decisions worth at least the statutory amount in controversy, and 2) the aggregation of similar claims at the administrative level to satisfy the amount in controversy (thus producing a single final decision that is eligible for judicial review). Although "judicial review shall . . . be available to the individual," *id.* § 1395ff(b)(1)(E)(i), that individual may only seek review of final decisions that satisfy the amount in controversy. Congress has decided that smaller controversies do not merit the time and attention of the federal courts.  *See Rubin v. Weinberger*, 524 F.2d 497, 500 (7th Cir. 1975) (noting that "Congress excluded judicial review of the amount of benefit claims" below the amount in controversy "to avoid overburdening the courts").

This reading harmonizes several statutory provisions and does not, as Mr. Sargent suggests, depend on confusing an individual with a claim.  Instead, it rests on the fact that the statute provides for "judicial review of the Secretary's final decision," 42 U.S.C. § 1395ff(b)(1)(A), subject to an amount-in-controversy requirement.  When the Medicare statute says that "judicial review shall not be available to the individual if the amount in controversy" is not satisfied, *id.* § 1395ff(b)(1)(E)(i), it means "judicial review of the Secretary's final decision," *id*. § 1395ff(b)(1)(A), and not (as Mr. Sargent would have it) "judicial review of any final decisions that a plaintiff chooses to lump into a single complaint."

Among other infirmities, Mr. Sargent's reading would allow a plaintiff to satisfy the amount in controversy by adding together the value of Medicare coverage denials for completely unrelated claims.  *Cf. id.* § 1395ff(b)(1)(E)(ii) (limiting the aggregation of appeals at the administrative level to claims for "the delivery of similar or related services to the same individual" or claims raising "common issues of law and fact arising from services furnished to

two or more individuals").  The statutory language supports the Secretary's interpretation and

"supplies no basis" for Mr. Sargent's.[2]  *Bloom*, 2018 WL 583111, at *5.  Under the Medicare

statute, "judicial review [of the Secretary's final decision] shall not be available to the individual

if the amount in controversy [in that final decision] is less than" the statutory amount.  42 U.S.C.

§ 1395ff(b)(1)(E)(i) (as interpreted by reference to § 1395ff(b)(1)(A)).[3]  And so this Court lacks

jurisdiction over Mr. Sargent's claims for review of two final decisions that fall below the

required amount in controversy.

Despite this statutory bar, Mr. Sargent invokes supplemental jurisdiction.  *See* 28 U.S.C.

§ 1367(a).  Of course, "[t]here can be no supplemental jurisdiction without original jurisdiction

to supplement."  *Campbell v. Am. Int'l Grp., Inc.*, 926 F. Supp. 2d 178, 182 (D.D.C. 2013);

*accord Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017) (explaining that "a

district court cannot exercise supplemental jurisdiction unless there is first a proper basis for

original federal jurisdiction" (internal quotation omitted)); *Herman Family Revocable Trust v.*

*Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that

supplemental jurisdiction may only be invoked when the district court has a hook of original

jurisdiction on which to hang it."); *see Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347, 351 (D.C.

---

[2] As the *Bloom* court explained, "since almost the same reference to the availability of review 'to an individual' appears in § 1395ff(b)(1)(E)(i) regarding *administrative* hearings," Mr. Sargent's interpretation would render § 1395ff(b)(1)(E)(ii)'s administrative aggregation procedure "superfluous," as "all claims brought by any individual would be aggregated automatically at all levels." 2018 WL 583111, at *5.

[3] To the extent that Mr. Sargent intends his passing references to Rule 18(a) as a distinct argument, *see* ECF No. 30 at 1, 5, 8, that Rule does not instruct this Court to add the value of Mr. Sargent's claims, but merely authorizes him to bring "as many claims as [he] has against an opposing party."  If Mr. Sargent has no final decisions worth $1,600, he has no claims.

Cir. 1997).  Mr. Sargent suggests that this original jurisdiction is supplied by Ms. Lewis's claim.

ECF No. 30 at 4–5.

This basis for jurisdiction is not alleged in the Class Action Complaint, and cannot be

raised for the first time in an opposition brief.  *Jung v. Assoc. of Am. Med. Colls.*, 300 F. Supp.

2d 119, 163 (D.D.C. 2004) ("It is 'axiomatic that the complaint may not be amended by the

briefs in opposition to a motion to dismiss.'" (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745

F.2d 1101, 1107 (7th Cir. 1984)).  The Complaint alleges that "Mr. Sargent is filing suit after

final decisions of the Medicare Appeals Council" and that "the amount-in-controversy is more

than $1,600."  Compl. ¶ 8.  It also alleges that "this Court has supplemental jurisdiction over

claims of class members whose claims are not in excess of $1,600" because "[t]hose claims are

so related to Ms. Lewis['s] and Mr. Sargent's claims that they form part of the same case or

controversy."  *Id.* ¶ 9.  But it does not allege that this Court has supplemental jurisdiction over

Mr. Sargent's claims as closely related to Ms. Lewis's (though below the amount in

controversy).  This Court cannot exercise jurisdiction on this basis absent an amendment to the

Complaint.

But such an amendment would be futile in any event.  "[B]ecause jurisdiction in this case

derives from the Medicare Act," the amount-in-controversy and "aggregation rules of the

Medicare Act apply," and Mr. Sargent "cannot use § 1367 to avoid those . . . r[u]les."  *See*

*Bloom*, 2018 WL 583111, at *8.  Moreover, two claims are only "so related . . . that they form

part of the same case or controversy under Article III of the United States Constitution," 28

U.S.C. § 1367(a), if they "derive from a common nucleus of operative fact," *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  If "*a plaintiff's claims* are such that he would

ordinarily be expected to try them all in one judicial proceeding," then there is such a common

nucleus. *Id.* (emphasis added); *accord Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S.

546, 580 (2005). But there is no such common nucleus between the claims of two separate

plaintiffs flowing from three distinct final agency decisions (only one of which satisfies the

amount-in-controversy requirement). Mr. Sargent's jurisdictionally-barred claims are not "such

that he would ordinarily be expected to try them all in one judicial proceeding" together with the

claim by Ms. Lewis. This Court therefore lacks supplemental jurisdiction over them.

**B.     This Court should dismiss three claims under Rule 12(b)(6).**

Count I, which alleges a violation of 42 U.S.C. § 405(g), should be dismissed because

that provision does not establish any substantive law for this Court to apply. The Secretary

cannot violate § 405(g), which simply provides for judicial review. Plaintiffs respond that

"¶¶ 146–148 of the Complaint do set forth the claimed violations." ECF No. 30 at 9. But those

paragraphs merely incorporate the preceding paragraphs, Compl. ¶ 146, "ask the Court to reverse

the Secretary's Decisions," *id.* ¶ 147, and again "ask the Court to reverse the Secretary's

Decisions as contrary to law, as arbitrary and capricious, an abuse of discretion, and unsupported

by the evidence," *id.* ¶ 148. These latter paragraphs may allege violations of 5 U.S.C.

§ 706(2)(A) and (E), but those claims are duplicated in Counts III and VI, respectively. They do

not state a claim for a violation of 42 U.S.C. § 405(g), or any other provision of law not

duplicated elsewhere in the Complaint. Count I must be dismissed.

Count II, which alleges a violation of 5 U.S.C. § 706(1), must also be dismissed.

Plaintiffs' theory is that they were entitled to Medicare coverage for certain continuous glucose

monitors, but coverage was denied, and that coverage has therefore been unlawfully withheld (or

unreasonably delayed) in violation of 5 U.S.C. § 706(1). But that theory fundamentally

misapprehends the structure of the Administrative Procedure Act. A claim that the Secretary

adjudicated your coverage claim incorrectly is, at most, a claim for a violation of 5 U.S.C.

§ 706(2)(A), because the denial is (allegedly) arbitrary, capricious, or not in accordance with

law, or § 706(2)(E), because the denial is (again, allegedly) unsupported by substantial evidence.

What § 706(1) prohibits, by contrast, is failing to adjudicate your claim at all.  That is what the

cases mean by the obligation to "identify a legally required, discrete act that the [agency] has

failed to perform" in support of a § 706(1) claim.  *Montanans For Multiple Use v. Barbouletos*,

568 F.3d 225, 227 (D.C. Cir. 2009).  Plaintiffs do not allege that the Secretary has failed to

perform any discrete act; they instead allege that the act he performed (denying coverage) was

unlawful.  Their claim under § 706(1) must be dismissed.

Count V, which alleges a procedural error in violation of 5 U.S.C. § 706(2)(D), must be

dismissed as well.  Plaintiffs are attempting to argue that Local Coverage Determination L33822

and/or Policy Article A52464 were improperly issued.  ECF No. 30 at 9–10; Compl. ¶ 65.  But

Plaintiffs do not anywhere allege that this coverage determination or that policy article had

anything to do with any denial of coverage complained of in this case.  Their claim under 5

U.S.C. § 706(2)(D) must therefore be dismissed.

C.     **The Secretary respectfully wishes to correct the record regarding the treatment of claims submitted by Ms. Lewis.**

As this Court is aware, Ms. Lewis has previously litigated a claim for Medicare coverage

of a continuous glucose monitor to final judgment.  *Lewis v. Azar*, 308 F. Supp. 3d 574 (D. Mass.

2018).  That case was decided in favor of Ms. Lewis, a Massachusetts resident, on April 5, 2018,

and it was not appealed.  Recognizing that the question at issue there—the same question

presented here—was now *res judicata* as between Ms. Lewis and the government, the Secretary

instructed the Medicare administrative contractor handling Massachusetts claims for durable

medical equipment to see that Ms. Lewis's continuous glucose monitor claims were paid in the

future.  1st Declaration of Larry D. Young ("1st Young Decl."), ECF No. 32-1 at ¶¶ 2–5.  By

August 2018, that administrative contractor had implemented a system designed to note when

such claims were submitted for Ms. Lewis and to approve them for payment.  *Id.* ¶ 4.  That

system now includes a weekly query to confirm that Ms. Lewis has no pending claims in need of

processing, nor any that have been inadvertently denied.  *Id.* ¶ 5.  Pursuant to this system, claims

dating from September 2018 and December 2018 have been paid, and a claim from June 2019 is

currently being processed for payment.  *Id.* ¶ 6; 2d Declaration of Larry D. Young ("2d Young

Decl."), ECF No. 34-2 at ¶ 10.[4]

      As Plaintiffs note in their opposition brief, *see* ECF No. 30 at 5 n.2, a claim for

continuous glucose monitor coverage was submitted for Ms. Lewis in May 2018, shortly after

the judgment in her favor in the District of Massachusetts case and before the system described

above was put into place.  That claim was initially denied, and the denial was affirmed upon

redetermination and reconsideration.  Because that denial was in error, the claim has now been

paid.  1st Young Decl. ¶ 6.  The Secretary will continue to pay any similar claims submitted for

Ms. Lewis, in recognition of the judgment she holds.  The Secretary is also working to resolve all

---

[4] Plaintiffs' counsel recently notified the Secretary that a March 2019 continuous glucose monitor claim submitted for Ms. Lewis had been denied.  Upon investigation the Secretary found two such claims (the second from April 2019) both of which listed a Louisiana home address for Ms. Lewis and were therefore processed by the Medicare administrative contractor that handles durable medical equipment claims for residents of Louisiana.  2d Young Decl. ¶ 6. That contractor had not been informed of Ms. Lewis's circumstances.  *Id.* ¶ 6–9.  One of Ms. Lewis's Louisiana claims has now been paid, *id.* ¶ 8; the other was rejected for being submitted in the wrong jurisdiction, and will be paid if it is resubmitted to the contractor responsible for Massachusetts residents. *Id.* ¶ 9.  The Louisiana contractor has now been instructed to process continuous glucose monitor claims for Ms. Lewis and Dr. Bloom, *see infra* note 6, in the same way that the Massachusetts contractor processes them.

pending administrative appeals on this issue in favor of Ms. Lewis.[5]  Plaintiffs suggest in their

opposition brief that the Secretary is "continuing to deny Ms. Lewis'[s] claims for CGM

coverage after the District Court judgment in her favor," ECF No. 30 at 5 n.2, but any

implication that the Secretary is refusing to pay continuous glucose monitor claims brought by

Ms. Lewis is simply false.  To the contrary, the Secretary is doing everything in his power to

identify Ms. Lewis's claims for coverage of continuous glucose monitors, and to see that they are

paid.

Although this matter has nothing to do with the merits of the motion before the Court, as

it had nothing to do with the scheduling conference at which Plaintiffs first introduced these

issues,[6] the Secretary has felt compelled to correct the record.

## CONCLUSION

For the reasons stated above and in the Secretary's opening memorandum, Mr. Sargent's

claims should be dismissed for lack of jurisdiction, and Counts I, II, and V should be dismissed

for failure to state a claim.

---

[5] Given the fact that the Secretary has paid or is working to pay all pending continuous glucose monitor claims for Ms. Lewis except the one at issue in this case—which he would willingly pay in light of her judgment against him—and has committed to pay such claims in the future, the question may arise as to whether there is a live case or controversy between Ms. Lewis and the Secretary.

[6] At that scheduling conference, Plaintiffs said that Dr. Jonathan Bloom—who, like Ms. Lewis, has won a final judgment against the Secretary on this issue, *see Bloom v. Azar*, 2018 WL 583111 (D. Vt. Jan 29, 2018)—was also "continuing to receive denials" of coverage for continuous glucose monitors notwithstanding the judgment in his favor.  Tr. 47:4.  Since August 2018, Dr. Bloom's claims have been processed under the same special handling system applied to Ms. Lewis, and any inadvertent denials have been rectified.  1st Young Decl. ¶¶ 2–5.  The relevant Medicare administrative contractor now conducts a weekly query to identify any pending claims in need of processing for Dr. Bloom, or any inadvertent denials that need to be reversed, just as it does for Ms. Lewis.  *Id.* ¶ 5.  As with Ms. Lewis, the Secretary is doing everything in his power to see that Dr. Bloom's claims for coverage of continuous glucose monitors are paid, and any suggestion to the contrary is simply false.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Filed: July 12, 2019                              *Counsel for Defendant*
Corrected: August 9, 2019