IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALEX M. AZAR II, in his official )<br>capacity as Secretary of Health and )<br>Human Services, )<br>)<br>Defendant. )<br>_____ ) | Case No. 18-cv-2929 (RBW) |

## SECOND DECLARATION OF LARRY D. YOUNG

I, Larry D. Young, declare as follows:

1. I am the Group Director of the Medicare Contractor Management Group at the Centers for Medicare & Medicaid Services (CMS). In this role, I am responsible for the oversight and management of the Medicare administrative contractors (MACs). I have held this position since November 2014.

2. Due to the nature of my official duties, I am familiar with the contractors and databases used to process claims for durable medical equipment.

3. There are currently two MACs responsible for processing Medicare claims for durable medical equipment: Noridian and CGS Administrators. Noridian is responsible for processing claims for Medicare beneficiaries from Jurisdiction A, which includes Massachusetts, Vermont, and other Northeastern states. CGS is responsible for processing claims for Medicare beneficiaries from Jurisdiction C, which includes Louisiana and other Southeastern states. (CGS is also responsible for Jurisdiction B, which includes the Upper Midwest, while Noridian is responsible for Jurisdiction D, which includes many Western states.)

4. Because Ms. Carol Lewis resides in Massachusetts and Dr. Jonathan Bloom resides in Vermont, their Medicare claims for durable medical equipment are generally processed by Noridian in Jurisdiction A. In my first declaration, when I described the instructions given to the MAC responsible for processing continuous glucose monitor claims on behalf of Ms. Lewis and Dr. Bloom, and the system implemented by that MAC, I was referring to Noridian, which I reasonably expected to process all such claims.

5. When I described the continuous glucose monitor claims that had been submitted for Ms. Lewis and Dr. Bloom since August 2018, that information reflected the results of Noridian's search of the database for Jurisdiction A, which I reasonably expected to contain all such claims.

6. However, a search by CGS of the database for Jurisdiction C shows that, since August 2018, two continuous glucose monitor claims have been submitted on behalf of Ms. Lewis with a Louisiana home address. (I understand that Ms. Lewis spends a portion of each winter in Louisiana.) Because these claims were submitted with a Louisiana address for Ms. Lewis, they were processed by CGS in Jurisdiction C.

7. The first Louisiana claim, for items provided in March 2019, was denied by CGS on the grounds that the continuous glucose monitor at issue was not durable medical equipment. If this claim had been processed by Noridian, it would have been approved for payment pursuant to the instructions and processing system that I described in my first declaration. But those instructions were not given to CGS, because we did not expect that CGS would be processing any claims for Ms. Lewis or Dr. Bloom.

8.   CGS has now been instructed to process continuous glucose monitor claims for Ms. Lewis and Dr. Bloom in the same way that Noridian processes them. Pursuant to those instructions, CGS has approved Ms. Lewis's March 2019 claim for payment.

9.   The second Louisiana claim for Ms. Lewis, for items provided in April 2019, was denied by CGS on the grounds that it should have been submitted to Noridian in Jurisdiction A, where Ms. Lewis keeps her permanent home address. As this continuous glucose monitor claim was denied for being submitted out-of-jurisdiction, it will need to be re-submitted in Jurisdiction A in order to be approved for payment.

10.   In addition, since my first declaration, a claim has been submitted on behalf of Ms. Lewis for items provided in June 2019. That claim listed Ms. Lewis's permanent home address in Massachusetts. It is being processed for payment by Noridian in Jurisdiction A, as described in my first declaration.

11.   Searches of Jurisdictions B and D do not show any claims for Ms. Lewis, and searches of Jurisdictions B, C, and D do not show any claims for Dr. Bloom.

12.   As I said in my first declaration, CMS is working diligently to see that claims submitted by Ms. Lewis and Dr. Bloom for coverage of continuous glucose monitors are handled appropriately in light of the district court judgments they have won on this issue.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of August 2019.

_____
LARRY D. YOUNG
Group Director
Medicare Contractor Management Group
Centers for Medicare & Medicaid Services
Baltimore, Maryland