## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official | ) | |
| capacity as Secretary of Health and | ) | **PLAINTIFFS' SURREPLY TO** |
| Human Services, | ) | **MOTION TO DISMISS** |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this Surreply, Plaintiffs addresses two issues raised by the Secretary's Reply: 1) new arguments raised for the first time in the Secretary's Reply; and 2) the Secretary's incorrect claims regarding denials for claims submitted by Ms. Lewis and third-party Dr. Bloom after administrative or District Court decisions directing reimbursement, which is a significant issue in this litigation.

### I.      New Arguments

As noted in Plaintiffs' Opposition, the Secretary's motion to dismiss did not discuss the statute(s) giving rise to jurisdiction in this Court.  Opp. at 5.  Likewise, the Secretary's motion papers did not discuss supplemental jurisdiction, though that was pled in the Complaint.  In their Opposition, the Plaintiffs addressed both of these bases for jurisdiction.  In his Reply, the Secretary raises a host of new arguments addressing both bases for jurisdiction.  Reply at 1-6.

Raising new arguments in reply papers is improper.[1]  Accordingly, those arguments should be rejected.  Alternatively, if the Court would like additional briefing from Plaintiffs addressing the new arguments, Plaintiffs are ready to provide it.

## II.    Post-Judgment Denials of Lewis and Bloom

The issue of whether the Secretary was continuing to deny claims submitted by Ms. Lewis and Dr. Bloom after decisions by district courts in their favor was raised and discussed at the hearing on June 14, 2019, and continued with a dispute about both whether this was occurring and whether the Secretary contested that collateral estoppel applied to the Secretary. In their Opposition to the Secretary's motion to dismiss, Plaintiffs included an example where, *after the judgment in her favor and with knowledge of that judgment*, the Secretary denied Ms. Lewis' claim for CGM coverage.  Opp. at 5, n. 2.

In the Reply papers submitted on Friday, July 12, 2019, the Secretary disputed Plaintiffs' claims contending that they "may (the Secretary assumes inadvertently) mislead the Court." Dkt. #32 at 8.  Yet in support of this argument, the Secretary conceded that he had denied the claim alluded to (with knowledge of the judgment) two months before the Scheduling Conference of June 2019 but offered an excuse.[2]  Further, the Secretary offered that, in August 2018, a new system was set up to pay Ms. Lewis' claims, everything had been paid, and that Ms. Lewis had submitted no new claims since December 2018.[3],

On Monday, July 15, 2019, Plaintiffs alerted the Secretary that those statements by the Secretary regarding Ms. Lewis and Dr. Bloom were not correct.  These are the actual facts:

---

[1] Plaintiffs believe that the Secretary's arguments lack merit, apart from their impropriety.

[2] The Secretary stated that the claim was initially submitted not long after the judgment in Ms. Lewis' favor, so the Secretary did not yet have a system to make sure that Ms. Lewis' claims were paid.  Of course, this does not explain how, nearly a year later, in April 2019, Ms. Lewis' request for reconsideration of the denial was still rejected.

[3] Likewise, Dr. Bloom received a post-judgment denial of his CGM claim in January 2019.

1) On March 13, 2019, Ms. Lewis submitted a claim for sensors for her CGM.

2) That claim was denied.

3) Thereafter, Ms. Lewis sought redetermination.

4) That redetermination was also denied.

5) Thereafter, Ms. Lewis sought reconsideration, specifically referencing Judge Gorton's decision and including a copy.

6) On June 24, 2019 (*i.e.*, approximately three weeks before the Secretary's reply brief claiming otherwise was filed), *and with full knowledge of Judge Gorton's decision*, the Secretary again denied Ms. Lewis' claim.  See Exhibit A.

Thus, exactly as Plaintiffs stated, the Secretary has continued to deny Ms. Lewis' claims after the final judgment in her favor.  Moreover, those denials have occurred with full knowledge of that adverse judgment.

The significance of these facts is that the process of applying for and receiving reimbursement from the Secretary is ostensibly to be navigated by an applicant who is not an attorney.  But as the facts of denials for both Ms. Lewis and Dr, Bloom demonstrate, even for applicants who have retained counsel – which should not be necessary – and even when counsel is actively involved, the Secretary has continued to deny claims after administrative and court decisions requiring reimbursement.

In the Corrected Reply papers submitted on Friday, August 9, 2019, the Secretary finally concedes that just three days after Plaintiffs filed their Opposition papers, and again with full knowledge of the judgment in her favor, the Secretary denied Ms. Lewis' claim for CGM coverage.  See Exhibit B.  Likewise, the Secretary concedes that at least one other post-judgment claim by Ms. Lewis has been rejected.  Second Young Decl. at ¶¶ 6-9.  Thus, in the Secretary's

view – apparently – even though the Secretary in fact has been refusing to pay Ms. Lewis'

claims, "any implication that the Secretary is refusing to pay continuous glucose monitor claims

brought by Ms. Lewis is simply false."  Reply at 9.  Respectfully, that statement is of the same

kind as the Secretary employs in contending that life-saving CGMs serve no "medical purpose"

and that has resulted in this litigation.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
224 Lexington Dr.
Menlo Park, CA  94025
Telephone: (650) 400-0043
james@dparrishlaw.com

*Attorneys for Plaintiffs*

Date: August 27, 2019