# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) ) |
| Defendant. | ) ) ) |

**PROTECTIVE ORDER**

**1.      Purposes and Limitations**

Disclosure and discovery activity in this action are likely to involve confidential, proprietary, or private information for which special protection from production, from public disclosure, and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court enters the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.      Definitions**

2.1     Challenging Party.  A Party or Non-Party that challenges the designation of information or items as "CONFIDENTIAL" under this Order.

2.2     "CONFIDENTIAL" Information or Items.  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

Civil Procedure 26(c), the Privacy Act, as defined in section 2.12 below, or the HIPAA Privacy Rule, as defined in section 2.7 below.

2.3     Counsel (without qualifier). Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party. A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material. All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter. For purposes of this Order, the terms "disclosure" and "discovery material" as they relate to Privacy Act protected materials shall have the same meaning as "record" in the Privacy Act, 5 U.S.C. § 552a(a)(4).

2.6     Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     HIPAA Privacy Rule. The Health Insurance Portability and Accountability Act of 1996 Privacy Rule, 45 C.F.R. pts. 160, 164.

2.8     House Counsel. Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Individually Identifiable Health Information. As defined in 45 C.F.R. § 160.103, this is a subset of health information, including demographic information collected from an individual, and (i) created or received by a healthcare provider, health plan, employer, or healthcare clearinghouse; and (ii) relates to the past, present, or future physical or mental health

or condition of an individual; the provision of health care to an individual; or the past, present, or future payment for the provision of health care to an individual; and (1) that identifies the individual; or (2) with respect to which there is a reasonable basis to believe the information can be used to identify the individual.

2.10   Non-Party.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record.  Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12   Party.  Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Personally Identifiable Information or "PII."  Any information about an individual, including education, financial transactions, medical history, criminal history, employment history, or information which can be used to distinguish or trace an individual's identity, such as their name, social security number, date and place of birth, mother's maiden name, biometric records, including any other personal information which is linked or linkable to a specific individual.

2.14   Privacy Act.  The Privacy Act of 1974, 5 U.S.C. § 522a.  Any order of this Court requiring the production of any document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

2.15   Producing Party.  A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.16   Professional Vendors.  Persons or entities that provide litigation support services

(e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

    2.17    <u>Protected Health Information or "PHI."</u>  As defined in 45 C.F.R. § 160.103, this means individually identifiable health information that is transmitted or maintained in electronic media or any other form or medium.  The term does not include individually identifiable health information (i) in education records covered by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; (ii) in records described at 20 U.S.C. § 1232g(a)(4)(B)(iv); (iii) in employment records held by a covered entity in its role as employer; and (iv) regarding a person who has been deceased for more than 50 years.

    2.18    <u>Protected Material</u>.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

    2.19    <u>Receiving Party</u>.  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.**    **Scope**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise;  (b)

any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; or (c) group-level statistics derived from Protected Material (e.g., X% of initial denials were submitted for redetermination, or Y decisions were made on a particular legal basis).

Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      **Confidential Health Information**

The Parties acknowledge that information produced in this litigation, regardless of its designation under this Order, may contain personal and health information that may be subject to the protections of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and the HIPAA Privacy Rule, and state regulations protecting the confidentiality of individually identifiable personal and health information.  The Parties and all others who sign the

agreement set forth in Appendix A hereto agree to take all measures necessary to comply with the requirements of these laws and any other applicable laws governing the privacy of personal and health information.

**6.     Designating Protected Material**

6.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates as "CONFIDENTIAL" information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited, but all PHI and PII may be appropriately designated as "CONFIDENTIAL."

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, "CONFIDENTIAL" Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  For information in documentary form (*e.g.*, paper or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7.     Challenging Confidentiality Designations.**

7.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a "CONFIDENTIAL" designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      7.3      <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 28 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 28 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.     Access to and Use of Protected Material**

8.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Defendants and their counsel are authorized to release Protected Material to Plaintiffs' counsel, and to the Court, and may do so without obtaining the prior written consent of individuals pursuant to the Privacy Act, 5 U.S.C. § 552a.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2     <u>Privacy Act Disclosures</u>.  The Privacy Act provides that it may protect records, documents, and/or information under its terms.  An exception to the Act's protections include that such records may be released "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).  This Order of this Court, therefore, provides a basis for release of the requested records, documents, and other information pursuant to the Privacy Act and Federal Rule of Civil Procedure 26(c), as well as insulates Defendants from potential liability under the Privacy Act for improper disclosure.  *See* 5 U.S.C. § 552a(g)(1).  Such an order may nonetheless not permit disclosure under all other laws. Any Expert or other Non-Party who is to review Protected Material in accordance with the other provisions of this Order must sign the appropriate Acknowledgment of Privacy Act Protective Order attached hereto (as adapted by either party) before he or she is given access to Protected Material.  The Receiving Party's counsel shall maintain copies of the acknowledgement forms, and will make such forms

available: (a) to the Court at its request; and (b) to the other party in the event of a loss or suspected loss of Protected Material or at the other party's request if that party has cause to believe that any individual who received Protected Material has not adhered to the terms of this Order. No person to whom Protected Material has been disclosed shall, in turn, disclose the Protected Material other than pursuant to the terms of this Order.

      8.3    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement Concerning Confidentiality" that is attached hereto as Exhibit A;

      (b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement Concerning Confidentiality" (Exhibit A);

      (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement Concerning Confidentiality" (Exhibit A);

      (d) The court and its personnel;

      (e) Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement Concerning Confidentiality" (Exhibit A);

      (f) During their depositions, witnesses in the action to whom disclosure is reasonably

necessary and who have signed the "Agreement Concerning Confidentiality" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

      (g)  The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**9.     Protected Material Subpoenaed or Ordered Produced in Other Litigation.**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

      (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these

provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**10.    A Non-Party's Protected Material Sought to be Produced in This Litigation**

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination

by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.**     **Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement Concerning Confidentiality" that is attached hereto as Exhibit A.

**12.**     **Inadvertent Production of Privileged or Otherwise Protected Material**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the protective order entered by the court.

**13.**     **Miscellaneous**

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. This Order does not waive the right of any Party that it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

**14.    Final Disposition**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival

copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

    **SO ORDERED** this _____ day of _____, 2019.

                                                               _____
                                                               Reggie B. Walton
                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) Case No. 18-cv-2929 (RBW) <br> ) <br> ALEX M. AZAR II, in his official ) <br> capacity as Secretary of Health and ) <br> Human Services, ) <br> ) <br> Defendant. ) <br> ) | |

**AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as _____ by _____. I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action and agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the District of Columbia solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

5. I make this certification this _____ day of _____, 20___.

_____
SIGNATURE