# Exhibit C

# James Pistorino

| | |
|---|---|
| **From:** | James Pistorino |
| **Sent:** | Wednesday, August 7, 2019 4:46 PM |
| **To:** | 'Bickford, James (CIV)' |
| **Cc:** | Debbie Parrish; Blumenfeld, Jeffrey |
| **Subject:** | RE: Lewis v. Azar |

James,

In terms of this email, we believe that providing the requested discovery covering the class time frame is a good decision. We understand that the underlying substantive issues are disputed and that there will be motion practice related to that. Nevertheless, we believe that motion practice is best done with the discovery, rather than as a condition for it. We appreciate this change.

While I do not know what you are being told regarding the burden of a full search and what "computing power" means, we submitted FOIA requests seeking this same information (minus the HICNs) to both the contractors. Pursuant to the statutes, CGS charged us for the cost of conducting the searches for two of the four DME Jurisdictions. Their charge was less than $1,000 (more like ~$500). Thus, assuming any remotely reasonable rate, the time/burden of conducting the searches was minimal.

1. In terms of the RFAs, they were intentionally designed to work with the Rogs and RFPs. Thus, if the Secretary admitted the RFAs, that would eliminate whatever the issue was for this case. Alternatively, if the Secretary refused, then Plaintiffs sought all the necessary discovery to prove up the issue. Applying particular percentages (mere guesswork on our part) does not accomplish the same task. Thus, we think the Secretary can either admit the RFAs or answer the rogs/provide the discovery for the RFPs. But, the Secretary must do one or the other. An outright refusal to answer both is a non-starter. We do not intend to serve revised RFAs.

2. In terms of the codes, our previous discussion was that Plaintiffs did not feel that denials totally unrelated to whether a CGM was DME were relevant (e.g., a claim for a CGM submitted because someone had a tonsillectomy). As I recall, we got no further. The codes you are referring to are billing codes, not denial codes. As I say, we submitted FOIA requests seeking this same information. Just focusing on Jurisdiction B and covering the period December 13, 2012-May 20, 2019, we see >12,000 denials for CGM equipment billed using K0553, >2,000 using K0554, >3,000 using E1399, and >1,000 using A9999. In total, these claims represent ~10% of the denied CGM claims during the reporting period in Jurisdiction B. Accordingly, I think we would need production encompassing all of these codes.

   As I say, these are billing codes, not denial codes. If the denial was for some reason other than "not durable medical equipment", then we would be inclined to think it not relevant.

3. In terms of posting the administrative record publicly, neither Mr. Sargent nor Ms. Lewis has any objection.

4. In terms of a further filing from the Secretary on the motion to dismiss, candidly, I think I would have to know more about it before I could say whether we oppose or not. If the subject matter of the corrected brief is limited to correcting the factual issue of the Lewis/Bloom post-judgment/post August 2018 denials, then we do not oppose. If the subject matter of the brief goes beyond that, then I would need to know more about it/we oppose.

Regards,
James Pistorino

1

**From:** Bickford, James (CIV) <James.Bickford@usdoj.gov>
**Sent:** Tuesday, August 6, 2019 3:54 PM
**To:** James Pistorino <james@dparrishlaw.com>
**Cc:** Debbie Parrish <debbie@dparrishlaw.com>; Blumenfeld, Jeffrey <JBlumenfeld@lowenstein.com>
**Subject:** Lewis v. Azar

James,

I am writing to convey my client's position on one issue, and to seek (or in some cases reiterate my need for) your position on several others.

I'll go first. Notwithstanding the fact that your requests for discovery exceed the bounds of any class that your named plaintiffs could reasonably hope to represent, HHS will agree to produce records dating back to December 13, 2012, although it maintains its objection to the relevance of these records.

I have four requests of you:

1. On the call this afternoon, we discussed your discovery requests in some detail. As I said on the phone, even if we were to reconsider our responses to your requests, we cannot respond to RFAs 1, 3, 4, or 6 because "substantially all" is completely vague. Please advise whether you intend to amend your RFAs to substitute a percentage or some other clear term for "substantially all."

2. In my email earlier today, I sought to confirm what I understood to be our prior agreement that we would only search for denials associated with HCPCS codes A9276, A9277, and A9278. Those codes refer to non-covered CGM components: the sensor, transmitter, and receiver, respectively. It had been my understanding that you were not interested in denials for covered -- that is, "therapeutic" -- CGM components, which are reported with codes K0553 (a supply allowance covering both sensor and transmitter) and K0554 (the receiver). Denials associated with "therapeutic" CGMs would not seem to have any relevance to this case. I also noted that, for a portion of 2017 (1/12/17 to 6/30/17, as I understand it) the miscellaneous codes E1399 and A9999 were used for covered -- again, "therapeutic" -- CGM components, among many other things. These codes would also seem to have no relevance to your case.

   Please let me know if you will agree to that a search for HCPCS codes A9276, A9277, and A9278 is fully responsive to your requests for production. We are willing to search the other codes if you insist, but doing so will add considerable irrelevant volume to the productions, at the cost of some delay. We also will be unable to answer any discovery request that asks whether a particular proportion of denials contain a certain phrase until we agree upon a denominator for the records you are requesting. The agency is ready to begin running its queries and producing responsive documents as soon as I have your position on this issue.

3. Please confirm that your clients are comfortable with my posting the full administrative record on the public docket.

4. We will shortly move for leave to file a corrected reply brief on our motion to dismiss. We do not intend to share our corrected brief before filing. I would appreciate your position on this motion.

Sincerely,

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Justice

2

1100 L Street, NW
Washington, DC 20530
(202) 305-7632
James.Bickford@usdoj.gov

This email may contain information that is privileged, confidential, or otherwise protected by applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivery of the email to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited. If you have received this email in error, please notify the sender immediately and destroy all copies of it.