# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 18-cv-2929 (RBW) |
| ) | |
| ALEX M. AZAR II, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES
### TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Local Civil Rule 26.2, the Secretary of Health and Human Services hereby responds to Plaintiffs' First Set of Requests for Admission ("First RFAs") as set forth below.

### GENERAL OBJECTIONS

1. The general objections set forth below apply to each and every request for admission discussed below. In asserting Defendant's objections to specific requests for admission, Defendant may assert an objection that is the same as, or substantially similar to, one or more of these general objections. Defendant may do so because the language of the request for admission itself may signal particular and specific concerns that the request for admission at issue may be objectionable based on the grounds stated. The fact that Defendant may specifically reference some of the general objections described immediately below in his objections to Plaintiffs' individual requests for admission, but not others from the same list, does not indicate that Defendant has waived any of these objections as to any of Plaintiffs' requests for admission.

**Request for Admission No. 9:**

All CGMs for which claims for coverage have been submitted to the Secretary since the Complaint was filed were "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.

1. Defendant objects because this request calls for legal conclusions.

2. Subject to, and without waiving the forgoing objections, Defendant states as follows: Denied.

**Request for Admission No. 10:**

There is no STATUTE excluding Medicare coverage of CGMs on the grounds that they are not "primarily and customarily used to serve a medical purpose.["]

**Objections and Responses:**

Defendant incorporates by reference the above General Objections. In addition, Defendant specifically objects to this request as follows:

1. Defendant objects because this request calls for legal conclusions.

2. Subject to, and without waiving the forgoing objections, Defendant states as follows: The statutory definition of durable medical equipment, 42 U.S.C. § 1395x(n), does not specifically address CGMs, nor include the phrase "primarily and customarily used to serve a medical purpose." That phrase appears in the durable medical equipment regulations, 42 C.F.R. § 414.202, which are lawful.