## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROL A. LEWIS, *et al.*,            )
                                     )
      Plaintiffs,             )
                                     )
v.                                   )
                                     )    Case No. 18-cv-2929  (RBW)
ALEX M. AZAR II, in his official     )
capacity as Secretary of Health and  )    **PLAINTIFFS' STATEMENT**
Human Services,                      )    **REGARDING DISCOVERY**
                                     )    **DISPUTE**
      Defendant.              )
_____)

      Pursuant to the Court's Order at the hearing held on October 18, 2019, the parties met and conferred on Monday, October 21, 2019 and were not able to agree on discovery issues.  In advance of the hearing scheduled for October 24, 2019, Plaintiffs submit the following paper summarizing the disputes.  Because of the time lost in travel, the parties were not able to submit a joint filing and Plaintiffs understand that Defendant intends to submit his own paper.

**Extending Discovery Period**

      Whether the Secretary is simply incapable of complying with customary discovery intervals or even its own commitments, or is engaged in a deliberate strategy of delay, the result is the same: more than five months into the discovery period, the Secretary has not produced a single document.  That is directly contrary to, at least, Fed.R.Civ.P.1 ("just, speedy, and inexpensive resolution").  On May 20, 2019, Plaintiffs served their First Set of Requests for Production.  More than five months later not a single document has been produced.  On June 14, 2019, this Court entered a Scheduling Order providing four (4) months of discovery.  During the entire discovery period, the Secretary has failed or refused to produce a single document.  During this time, the Secretary has engaged in a series of tactics – whether by design or otherwise – that have thwarted

discovery.  The Secretary has frustrated and delayed the entry of a protective order, enabling him to then claim that the absence of a protective order made it impossible for him to produce documents.  In addition, the Secretary has repeatedly made commitments to Plaintiffs on production, which delayed Plaintiffs' insistence on seeking this Court's assistance in the resolution of the issues, while each time reneging on those commitments once Plaintiffs had agreed to delay seeking the Court's intervention.[1]  Throughout this time, the Secretary has offered that the answer to his ongoing lack of compliance with his discovery obligations was to extend delay discovery even further by extending the discovery period.

In light of the fact that not a single document has been produced during the discovery period ordered by the Court – which ended last week and coincided with the last Court appearance – Plaintiffs have no choice but to propose that the discovery period be extended, but only to December 31, 2019 (*i.e.*, essentially sixty (60) days). In combination with other measures designed to discipline the Secretary's conduct during the period, this would allow sufficient time for Plaintiffs to: review whatever is produced, finally, in the first round; serve additional written discovery (if necessary); get and review responses; and conduct depositions (if necessary). Obviously, if further motion practice related to discovery is needed, then that may affect the schedule but the measures described above and below are designed to minimize that possibility.

The Secretary offers January 24, 2020 for the close of discovery.  Remarkably, but also consistent with his conduct to date, the party from whom discovery is sought, and who has so far

---

[1] Throughout the entirety of this case, so that the production could get underway, Plaintiffs' counsel has indicated that they are Officers of the Court and would be willing to abide any confidentiality designation applied by the Secretary while the protective order is resolved. Nevertheless, the Secretary did not produce any documents.

not produced any documents, now seeks more time for that to occur.  More time will simply mean more opportunity for the Secretary to continue his conduct of the last five months.

**Production of Documents**

As detailed in this and other papers, it has now been more than five months since document requests were served and not a single document of any kind has been produced.  Accordingly, Plaintiffs propose that all of the requested documents be produced immediately *i.e.*, within the next five days.[2]  Having obstructed discovery for five months, the Secretary should not now be heard to say that he needs more time for additional document gathering or to further that obstruction.

The Secretary's proposal is plainly unreasonable and adopting that schedule would simply reward the Secretary for his delay to date.

The conduct of this case so far demonstrates that the Secretary's representations regarding when he will produce documents and other discovery responses are not reliable.  Thus, Plaintiffs request that the Court issue an Order requiring production of all the requested documents by a date certain, as set forth below.

**Production of Names/Addresses**

Plaintiffs' discovery requests seek information that would allow Plaintiffs to uniquely identify individuals associated with claims for coverage, including the names, addresses, and HICN's of the submitting claims.  This information is needed for a variety of purposes, including: 1) to address the class certification numerosity requirement; 2) to address issues related to the Secretary's jurisdiction arguments; and 3) to provide notice to the class as required by Fed.R.Civ.P. 23(c).

---

[2] Such production should include responsive information concerning Part C cases that the Secretary previously agreed to produce.

Previously, in an effort to expedite production of information, Plaintiffs agreed to delay production of names and addresses until after the first round of discovery. That information is not needed to address the certification or jurisdiction issues (though HICNs are) but is needed to deal with the notice requirements. When Plaintiffs stated that they intended to contact the Court to seek its intervention, the Secretary agreed to produce the requested information subject to not producing names and addresses in the first round. Having achieved delay, the Secretary subsequently reneged on his word to produce the requested information no later than August 20, 2019.

Accordingly, and given the passage of time, production of name and address information at this time is appropriate and would be the most efficient manner of addressing the issues. Production of information without names and addresses at this time would only cause future disputes as this information will be needed either way. There is no point in producing the claim information without name and address information at this time, only to face this same issue months from now when notice is required.

Plaintiffs understand that the Secretary flatly refuses to produce this information and, at best, demands staged discovery. In light of the fact that the Secretary previously reneged on his commitments once he had achieved delay, Plaintiffs believe that it is best to resolve this issue at one time rather than in multiple rounds. All of the requested information should be produced at this time.

**Response to Future Discovery Requests**

In light of the Secretary's conduct to date, Plaintiffs believe that for all future discovery requests, the Secretary should be ordered to respond to and/or produce the requested information within ten (10) days. Such a procedure would expedite resolution of the issues and, if necessary, a return to this Court for further guidance, should the Secretary make that necessary. This approach should make further delay by the Secretary ineffective or at least speed up the process of dealing with it.

**Additional Requests for Admission**

At the Scheduling Conference on June 14, 2019, a discussion was held regarding Requests for Admission. There, Plaintiffs sought the standard civil court default of unlimited Requests for Admission while the Secretary sought to limit Requests for Admission to ten (10). *See* Dkt. # 25 at 6. Ultimately, the Court allowed fifteen (15) Requests for Admission while indicating that Plaintiffs could request more, if necessary. *See* Transcript at 29. Subsequently, Plaintiffs served fifteen (15) Requests for Admission. Initially, the Secretary refused to answer numerous Requests, and later served amended Responses still refusing to answer two Requests for Admission with an "Admitted" or "Denied".

Plaintiffs request ten (10) additional Requests for Admission so that they may follow up on any documents that are ultimately produced. These additional requests may eliminate or reduce the need for other discovery or depositions.

**Protective Order**

At the hearing held on October 18, 2019, the Court rejected the Secretary's proposed Protective Order, which would have had the result that documents would have been considered

protected, even without marking, and would have placed the burden on Plaintiffs to guess what is, and is not, protected, on pain of violating the Order.

Another issue discussed was the Secretary's effort to designate everything as protected which would have resulted in (i) statistics, excerpts, quotes, etc. being treated as protected even where they did not disclose personally identifiable information, and (ii) Plaintiffs being required to either seek the Secretary's approval to file briefs or to file everything under seal. Plaintiffs proposed that only beneficiaries' names, addresses, or HICNs be considered protected material, consistent with the Protective Orders routinely used in similar cases in other Districts.

The Secretary posited that even though names, addresses, and/or HICNs were not disclosed, by some unexplained method, the identities of beneficiaries might be deduced from other information; even the Secretary conceded that this possibility was very highly unlikely. The Court gave the Secretary an opportunity to devise language addressing the Secretary's hypothetical.

While the Secretary has still not come up with a fact scenario where, in the absence of names, addresses, or HICNs, beneficiaries' identity could be deduced[3], the Secretary proposes the following language:

> 3.2    Notwithstanding the fact that all copies, excerpts, summaries, or compilations of Protected Material are themselves protected, a Receiving Party may use such copies, excerpts, summaries, or compilations of Protected Material in its publicly-filed briefs, so long as those copies, excerpts, summaries, or compilations (1) do not include the name, address, or HICN of any Medicare beneficiary, and (2) do not describe any Medicare beneficiary in identifying detail. Generic descriptions of a Medicare beneficiary as having diabetes do not provide identifying detail. Specific descriptions of a Medicare beneficiary,

---

[3] Plaintiffs observe that, as a matter of logic, the reality is that the only people who might be able to determine the identity of a beneficiary from knowing the "age, sex, profession, and details of their medical history beyond their diagnosis with diabetes" are people who already know the beneficiary and therefore already know that information.

including (but not limited to) their age, sex, profession, and details of their medical history beyond their diagnosis with diabetes, may provide identifying detail. If a Receiving Party wishes to use such specific descriptions in its publicly-filed briefs, it must provide three days' notice to the Producing Party, who may move the Court to bar the filing of such information on the public docket. Any relevant briefing schedule will be automatically stayed pending the resolution of such a motion, and the Receiving Party shall not file the brief in question until the motion is resolved.

So, again, the Secretary proposes that information that would be required to be (and has been) produced in response to a FOIA request – and obviously not subject to a Protective Order – nevertheless be considered protected (*i.e.*, summaries or compilations). The Secretary then combines this with the vague phrase "identifying detail" again foisting the burden of guessing what is and is not protected on Plaintiffs before, again, proposing that Plaintiffs be required to seek the Secretary's permission to file briefs.

In light of the fact that the Secretary has not even been able to come up with a hypothetical where the issue could actually arise, Plaintiffs submit that only names, addresses, and HICNs need to be, and therefore should be, considered protected. Proceeding in this manner will minimize the burden on reviewing and marking documents, which is another basis the Secretary has offered for its refusal and/or failure to produce a single document in more than five months.

**Conclusion**

The relief requested above should be ordered and there should be no further delay. This case was filed more than ten (10) months ago and there has been no progress to date. Not a single document of any kind has been produced. In those ten months, approximately 60,000 additional claims for CGM coverage were denied on the "arbitrary and capricious"[4] grounds that a CGM is

---

[4] *See Whitcomb v. Hargan*, 17-cv-0014 (E.D. Wis. Oct. 26, 2017) (Jones, J.), Dkt. # 19 at 14 (CGM denial arbitrary and capricious). Plaintiffs believe, as previously stated to this Court, that the Secretary's terse "explanations" of denial are intended to conceal this as the actual basis.

not "primarily and customarily used to serve a medical purpose." That is, after three federal courts have told the Secretary his position was without merit, approximately 60,000 more people have sought coverage of this life-saving equipment and the Secretary has refused on the same baseless grounds.

In addition to the discovery issues, Plaintiffs have been ready to file a motion for summary judgment of liability since June 14, 2019 when the Record was produced. In order to advance this case, Plaintiffs believe that briefing on this issue should begin without delay.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
224 Lexington Dr.
Menlo Park, CA 94025
Telephone: (650) 400-0043
james@dparrishlaw.com

*Attorneys for Plaintiffs*

Date: October 23, 2019