# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALEX M. AZAR II, in his official )<br>capacity as Secretary of Health and )<br>Human Services, )<br>)<br>Defendant. )<br>) | Case No. 18-cv-2929 (RBW) |

**JOINT PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY**

Pursuant to this Court's Order of November 6, 2019, the parties submit this joint proposed schedule for the completion of discovery. The parties were not able to agree on the schedule and present their separate statements and proposals in this single document.

**Plaintiffs' Statement:**

On May 20, 2018 and July 1, 2019, Plaintiffs served document requests seeking basic information concerning CGM claims submitted and appeals of denials of those claims. The Secretary objected on the grounds, *inter alia*, that there was no Protective Order (though Plaintiffs had been offering/raising the issue for months). Then, in order to forestall contacts with the Court, the Secretary committed to proposing any revisions to the Protective Order and to producing initial documents in August 2019. The Secretary did not abide by his commitments.

This Court held a heading on November 5 and subsequently issued an orders on November 6, The Court's November 6 Order required the Secretary to produce Initial Denial information no later than November 22, 2019 (i.e., more than six months after the first requests were served).

On November 22. 2019, the Secretary produced *partial* electronic information concerning Initial Denials and Redeterminations. However, the Secretary used non-standard software to encrypt the files (and did not inform Plaintiffs' counsel of this fact) and that prevented review until the first week of December. When Plaintiffs' counsel was able to review the information, it became clear that the Secretary had violated FED.R.CIV.P. 34(b)(2)(E) by intentionally producing electronically stored information in a form other than that in which it is normally stored. In particular, rather than their native form, the Secretary produced at least eight (8) different spreadsheets as a single document comprising more than 7,000 individual PDF pages. Plaintiffs' counsel was forced to spend hours undoing the Secretary's non-compliance and doing so thwarted review. On December 9, 2019, the Secretary produced information related to ALJ and MAC decisions during the class period as to Part B cases only (i.e., not including Part C cases).

At present, the following information has not been produced:

1) information concerning the date each claim was initially submitted (potentially needed to address the Secretary's amount in controversy argument and class issues);

2) redetermination information from prior to July 2016 (needed to determine, *e.g.*, which claims were later paid, what percent of claims were actually appealed, and what the appeal success rate was);

3) any reconsideration information; and

4) ALJ's decisions for Part C cases.

Without this information, Plaintiffs cannot determine, *e.g.*, who, exactly, is in the class because Plaintiffs cannot know whose claims were ultimately paid.

Given the passage of more than six (6) months since the requests were served, Plaintiffs propose that the Secretary be ordered to complete the document production no later than January 7, 2019 to allow two weeks for Plaintiffs to conduct depositions or to approach the Court once

Plaintiffs see the actual production, if necessary.  That would have allowed the Secretary nearly eight (8) months to comply with the document requests.

With regard to the information not produced so far, Plaintiffs have offered to consider stipulations to forego/limit production.  The Secretary has refused.  Likewise, when Plaintiffs sought to determine whether the Secretary was diligent (*e.g.*, by asking when the Secretary requested the documents from their custodians), the Secretary refused to provide that information.  Thus, the Secretary has refused to provide any information to establish that he has been diligent.

Instead, after months of non-production, the Secretary offers no excuse for his failure to produce already and seeks an indefinite period of time in which documents may, or may not, be produced.  That is hardly workable.

Plaintiffs' proposal should be adopted.

**The Secretary's Statement:**

In accordance with this Court's order, the Secretary has produced "spreadsheets containing information regarding initial denials of Medicare coverage for continuous glucose monitors, including each beneficiary's Health Insurance Claim Number (HICN)," as well as "appeal decisions by the Medicare Appeals Council and administrative law judges as to Part B claim denials."  ECF No. 47 at 1.  Both productions were made on encrypted, password-protected compact discs, using standard 256-bit encryption.  When plaintiffs' counsel reported difficulty opening the first production, undersigned counsel promptly suggested several decryption programs that would enable him to access the production file.  Plaintiffs' counsel also objected to the production of several spreadsheets in one combined PDF, despite the Secretary's cover letter indicating where each spreadsheet ended and the next began.  Plaintiffs' counsel reported no difficulty accessing the second production, which was made in individual PDFs.  The Secretary is

working to resolve Plaintiffs' objection as to the absence of a particular data field from the first production.

The Secretary is now processing approximately 900 reconsideration decisions on Part B claims for coverage of continuous glucose monitors. The Secretary proposes to produce these decisions no later than January 6, 2020, which will allow adequate time for redaction of the true names and addresses of Medicare beneficiaries, and for review to identify any protected material. After the completion of that production, the Secretary will produce approximately 2700 redetermination decisions on Part B claims for coverage of continuous glucose monitors dating from July 2016 through July 2019. The Secretary proposes to produce those decisions no later than January 31, 2020, which will again allow adequate time for redaction of the true names and addresses of Medicare beneficiaries, and for review to identify any protected material.

After the completion of those productions, the Secretary has agreed to produce:

- any data on redetermination decisions regarding Part B claim denials for coverage of continuous glucose monitors dating from December 2012 through July 2016;
- reconsideration decisions regarding Part C claim denials for coverage of continuous glucose monitors; and
- decisions by administrative law judges as to Part C claim denials.

The Secretary proposes that the parties file another joint status report, no later than January 24, 2020, proposing a schedule for those further productions, and that the conference currently scheduled for January 30, 2020 be continued until the conclusion of discovery.

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

and

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: December 16, 2019            *Counsel for Defendant*