**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**JOINT PROPOSED SCHEDULE FOR COMPLETION OF DISCOVERY**

Pursuant to this Court's Order of December 26, 2019, the parties submit this joint proposed schedule for the completion of discovery. The parties were not able to agree on the schedule and present their separate statements and proposals in this single document.

**Plaintiffs' Statement:**

Plaintiffs' Proposal

In short, Plaintiff's propose that all document production (including Part C denials) be completed by February 10, 2020. A proposed order is attached as Exhibit A.

On May 20, 2018 and July 1, 2019, Plaintiffs served document requests seeking basic information concerning CGM claims submitted and appeals of denials of those claims. After a series of delays and objections by the Secretary, this Court ordered production of all Initial Denial information (explicitly including the HICN of each beneficiary) by November 22, 2019. *See* Dkt. #47. Among the data sought by the Requests was the date each claim was submitted. With regard ALJ and MAC appeal data for Part B cases only, the Court ordered production by December 9, 2019. Further, the Court allowed Plaintiffs to serve ten additional requests for

admission "upon completion of the defendant's document production" but declined to order responses any faster than the standard 30-day time frame. Pursuant to the Court's Order, the parties were required to propose a schedule for the completion of discovery on December 16, 2019.

In advance of the December 16, 2019, the parties conferred but were unable to agree. Plaintiffs proposed completion by January 7, 2020 (*i.e.*, nearly 8 months since the First Set of Requests). The Secretary sought more time but refused to provide any information of its alleged diligence in the preceding multi-month time frame.

In its Order of December 26, 2019, the Court ordered production of *some* Part B information in January 2020. Further, the Court ordered that class certification related discovery to complete before March 16, 2020. *See* Dkt. #49. In addition, the Court ordered opening class certification briefs to be filed on March 23, 2020. *See* Dkt. #50.

Simply working backward from the March 16th date, Plaintiffs would need the document production completed by February 14, 2020 to even be able to serve requests for admission and get responses before the close of class discovery. Of course, Plaintiffs would need time to analyze any production before serving the requests. Further, of course, Plaintiffs anticipate that they may need to conduct depositions. Thus, even Plaintiffs' proposal would only give Plaintiffs a week to complete their review.

Plaintiffs have also become aware that the Secretary's prior production failed to comply with the Court's Order is multiple ways. Plaintiff's will separately address that issue.

Response to the Secretary's Proposal

The Secretary's claim that he produced the information required by the Court's Order of November 6, 2019 is simply false. It is now apparent that the Secretary did not produce HICN

information for a significant number of initial denials of claims (*e.g.*, for Ms. Lewis' claim at issue in this case). Likewise, the Secretary now admits that it produced no initial denial Part C information, which is believed to constitute one-third of all claims. This is the basic information that would be necessary to even begin determining the size of the class. Thus, as of today, 249 days after Plaintiffs served Requests for Production seeking this basic information, the Secretary has still failed to produce it – *despite a court order to do so*. Indeed, without this information, Plaintiffs are unable to address the class certification issues and briefs are due on March 23, 2020.

       The Secretary's request for more time to even propose when he will complete the discovery is both unsupported and unworkable. First, the Secretary has consistently failed and refused to provide any information on alleged diligence in responding to the discovery requests. Given the passage of more than eight months since service, there would have to be powerful evidence to support the idea that a party was acting diligently when it has failed to produce the information or even propose a schedule to do so. Again, the Secretary fails and refuses to produce that evidence. Second, the Secretary's request for an extension to even propose a schedule is unworkable. As proposed, the Secretary's request for extension would effectively preclude Plaintiffs from conducting the discovery allowed by the Court before the close of discovery on March 16, 2020.

       The Secretary asserts that he will not oppose blowing up the schedule because of his failure to diligently respond to the requests or comply with the Court's Order. Doing that would only compound the prejudice to Plaintiffs of the Secretary's delay tactics. This is a case where the Secretary asserts that life-saving CGMs are not "primarily and customarily used to serve a medical purpose" and the Secretary has fully litigated and lost that issue three times already. In

the fourth case on the identical issue, the Secretary has repeatedly delayed resolution. Especially given the Secretary's refusal to provide any information on alleged diligence, failure to comply with the Court's Order, and the ongoing prejudice to Plaintiffs, Plaintiff oppose additional delay.

**The Secretary's Statement:**

In accordance with this Court's order, the Secretary has now made three substantial productions, and will make a fourth no later than January 31, 2020. The Secretary has produced: a) "spreadsheets containing information regarding initial denials of Medicare coverage for continuous glucose monitors, including each beneficiary's Health Insurance Claim Number (HICN),"[1] ECF No. 47 at 1; b) "appeal decisions by the Medicare Appeals Council and administrative law judges as to Part B claim denials," *id.*; and c) "the reconsideration decisions on Part B claims for coverage of continuous glucose monitors" dating from December 2012 through July 2019, ECF No. 49 at 1. The Secretary will produce "the redetermination decisions on Part B claims for coverage of continuous glucose monitors dating from July 2016 through July 2019" on or before January 31, 2020, as this Court has ordered. *Id.*

---

[1] Plaintiffs have expressed concerns with the completeness of the "spreadsheets containing information regarding initial denials," which the parties are working to address without the Court's assistance. Plaintiffs have raised three issues with this production. First, the spreadsheets did not include a field for the date each claim was submitted. Second, plaintiffs assert that some of the claim numbers were altered in production. Third, Plaintiffs assert that, for certain claims, the Health Insurance Claim Number (HICN) field instead contained a Medicare Beneficiary Indentifier (MBI), which is a different unique identification number. To be clear, when plaintiffs assert that "the Secretary did not produce HICN information for a significant number of initial denials of claims," *supra at* 2–3, what they mean is that, for some claims, they believe that an MBI was listed in the HICN field. The Secretary is investigating these last two irregularities, which were first raised on January 13, and intends to include the date submitted field in any corrected production.

The following productions remain to be made:

- any data on redetermination decisions regarding Part B claim denials for coverage of continuous glucose monitors dating from December 2012 through July 2016;

- reconsideration decisions regarding Part C claim denials for coverage of continuous glucose monitors; and

- decisions by administrative law judges as to Part C appeals.

The Secretary proposes to produce the decisions by administrative law judges as to Part C continuous glucose monitor appeals on or before February 7, 2020. That will leave Part C reconsideration decisions and older Part B redetermination decisions.[2] The Secretary is still gathering information about the status of those productions, and additional time is needed for the parties to meet and confer about those productions and plaintiffs' concerns with the earlier productions (including plaintiffs' request for additional Part C records). The Secretary therefore asks the Court to give the parties leave to make another joint filing on or before February 3,

---

[2] Plaintiffs made clear today that they are also seeking information about the Part C equivalent of initial denials and redetermination decisions. Plaintiffs first raised this issue by email on December 5. Undersigned counsel for the Secretary responded on December 9, explaining that:

> I have agreed to produce Part C records at the reconsideration, ALJ, and Appeals Council levels. (Indeed, today's production contains Part C decisions from the Appeals Council.) But the first production contained records of initial denials and redetermination decisions, where Medicare Advantage Organizations [that is, private health insurance companies] perform the functions of [Medicare administrative contractors] for Part C beneficiaries. I do not believe that HHS has records of the initial denials (or redetermination decisions) made by Medicare Advantage Organizations, but I will inquire again if you have reason to think otherwise.

To the best recollection of undersigned counsel for the Secretary, plaintiffs did not raise this issue again until today. Plaintiffs have suggested that the Secretary committed to provide these disputed records at the hearing held on November 5. The parties will shortly meet and confer and attempt to resolve this dispute without the Court's assistance.

2020, proposing a schedule for the remaining productions in this case. A proposed scheduling order is attached as Exhibit B.

This proposed schedule will not add any undue delay to these proceedings. The protective order enabling production in this case was entered on November 6, 2019. Since that time, the Secretary has produced more than 16,000 pages of records to plaintiffs, many of which have had to be redacted to remove true names and addresses and reviewed for confidential medical information. The Secretary's diligence speaks for itself. Although the Secretary does not have a precise figure, he reasonably believes that many thousands of pages will remain to be produced after the next scheduled production (itself numbering thousands of pages) is made on January 31. It is not remotely feasible to complete all production by February 10, as plaintiffs propose: undersigned counsel does not yet have all of the relevant documents in hand, nor are the resources available to complete the review and redaction of those documents on such a short timeline.

Although the Secretary does not seek delay, he will not oppose any extension of the discovery schedule or class action briefing schedule that is necessary to allow plaintiffs to review the productions or serve their additional requests for admission. The Secretary only asks for enough time to make the remaining productions in an orderly fashion.

    Respectfully submitted,

    /s/Jeffrey Blumenfeld
    D.C. Bar No. 181768
    LOWENSTEIN SANDLER LLP
    2200 Pennsylvania Avenue, NW
    Washington, DC 20037
    Telephone: (202) 753-3800
    Facsimile:  (202) 753-3838
    jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

and

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: January 24, 2020