**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE**
**SURREPLY IN OPPOSITION TO CLASS CERTIFICATION**

The Secretary of Health and Human Services respectfully moves this Court for leave to file a five-page surreply in opposition to plaintiffs' motion for class certification. Whether to grant or deny leave to file a surreply is "committed to the sound discretion of the court." *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011) (internal quotation omitted).

Plaintiffs' reply brief contains a significant misstatement of the law, which the Secretary seeks leave to correct. As the Court is aware, no more than twelve of the putative class members could file a timely action for judicial review of a final decision of the Secretary that is worth more than the jurisdictional amount in controversy. In their motion, plaintiffs suggested that "the class certification issues in this case are extremely similar to the issues in *Goodnight v. Shalala*, 837 F. Supp. 1564 (D. Utah 1993)," which involved waiver of exhaustion and equitable tolling of the limitations period. Mot. at 14; ECF No. 63 at 19. In opposing class certification, the Secretary argued that a class of twelve was not sufficiently numerous and that, although waiver or tolling could significantly increase the size of the potential class, neither was justified here.

On reply, plaintiffs argue that this Court is "barred" from addressing those issues in its class certification opinion.  Reply at 1, ECF No. 67 at 6; *id.* at 5, ECF No. 67 at 10 (suggesting that "this Court cannot take up" the questions of waiver and equitable tolling "at this time"); *see also id.* at 3, ECF No. 67 at 8 (insisting that the Secretary's argument to the contrary is "simply misguided").  That is plainly incorrect, as the Secretary would show in a brief surreply.  District courts regularly address those issues on class certification motions.  Proposed Surreply at 1–3.  And many circuits have suggested that—absent waiver or tolling—a district court abuses its discretion when it includes unexhausted or time-barred claims in its definition of a Medicare or Social Security class.  *Id.* at 3–4.

The Secretary seeks the Court's leave for the principal purpose of presenting this authority.  The Secretary would also briefly address the issue of the Medicare Appeals Council decision received by plaintiff Douglas Sargent in May 2019.  Plaintiffs do not oppose this relief.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    MICHELLE BENNETT
    Assistant Director, Federal Programs Branch

    */s/ James Bickford*
    JAMES BICKFORD
    Trial Attorney (N.Y. Bar No. 5163498)
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street, NW
    Washington, DC 20530
    James.Bickford@usdoj.gov
    Telephone: (202) 305-7632
    Facsimile: (202) 616-8470

Date: May 19, 2020    *Counsel for Defendant*