**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 18-cv-2929 (RBW) |
| ALEX M. AZAR II, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S SURREPLY IN OPPOSITION TO CLASS CERTIFICATION**

Plaintiffs have moved to certify a class of beneficiaries denied coverage for continuous glucose monitors under Medicare Part B. In opposing class certification, the Secretary noted that almost none of the putative class members could file a timely action for judicial review of a final decision worth more than the jurisdictional amount in controversy. The Secretary argued that individuals who could not bring a case in their own name should not be counted as class members, and that plaintiffs' ability to demonstrate numerosity therefore depended on this Court's willingness to waive exhaustion and equitably toll the statute of limitations. (In the absence of waiver or tolling, no more than twelve individuals could assert timely claims over which this Court would have jurisdiction.) On reply, plaintiffs assert that failure to exhaust or comply with the statute of limitations should not affect whether an individual is counted for membership in the putative class, because those are affirmative defenses that can only be raised by the Secretary after class certification. Reply at 1–5, ECF No. 67 at 6–10.

That is not the law. When defining the scope of a potential Medicare or Social Security class, and determining whether its members would be sufficiently numerous, district courts

regularly and properly consider whether putative class members have exhausted their administrative remedies, and whether they could file a timely complaint. If putative class members have not exhausted or could not timely file, then—*before ruling on class certification*—the district court considers whether exhaustion should be waived or the limitations period tolled, so that the court knows whether to include these individuals in its definition of a potential class, and whether to count them for purposes of assessing numerosity.

The case of *Goodnight v. Shalala*, 837 F. Supp. 1564 (D. Utah 1993), cited in plaintiffs' motion and discussed at length in the Secretary's opposition, is representative. "Before even addressing the requirements of Rule 23," the *Goodnight* court considered the argument "that members of the putative class have not exhausted their administrative remedies as required by [42 U.S.C.] § 405(g), and that many have failed to seek timely judicial review of final administrative denials of benefits." 837 F. Supp. at 1581. The court concluded that most of these individuals should nonetheless be considered for class membership, because waiver of full exhaustion and equitable tolling of the limitations period were appropriate as to them. Only after assuring itself that this portion "of the proposed class meets the jurisdictional requirements as set forth *supra* Pt. II.A.2," in which the court discussed exhaustion and the limitations period, did the *Goodnight* court proceed to "consider certifying a class defined" to include those individuals, who would have been excluded from the class definition absent waiver or tolling. *Id.* at 1582.

That is the proper course in Medicare and Social Security cases. Individuals who have not exhausted, or could not timely file, should not be included in a potential class definition nor counted for purposes of numerosity unless the Court determines that waiver of exhaustion or

equitable tolling of the limitations period should be applied to their claims.[1] A district court has discretion on a motion for class certification, but it abuses that discretion if it includes such individuals in a certified class without validly applying the doctrines of waiver or tolling. *Pavano v. Shalala*, 95 F.3d 147, 152 (2d Cir. 1996) (district court properly excluded time-barred claims from class definition); *Medellin v. Shalala*, 23 F.3d 199, 201 (8th Cir. 1994) ("Because the district court included claimants with time-barred claims . . . in the certified class and equitable tolling cannot justify their inclusion, we reverse and remand to the district court."); *Johnson v. Shalala*, 2 F.3d 918, 921–24 (9th Cir. 1993) (Waiver was appropriate but equitable tolling was not; non-exhausted claimants were therefore properly included in class definition, but inclusion of time-barred claimants was an abuse of discretion.); *see also Tataranowicz v.*

---

[1] *See, e.g.*, *Alexander v. Price*, 275 F. Supp. 3d 313, 321 (D. Conn. 2017) (defining class of Medicare beneficiaries to exclude individuals as to whom the statute of limitations had run, because "plaintiffs have not met their burden to justify equitable tolling"); *Clark v. Astrue*, 274 F.R.D. 462, 467 (S.D.N.Y. 2011) (including "individuals who did not exhaust administrative remedies" in Social Security class because waiver was appropriate, and considering whether "the inclusion in the class of individuals who failed to seek judicial review of the agency's decision within the prescribed 60-day statute of limitations" could be justified by equitable tolling); *Landers v. Leavitt*, 232 F.R.D. 42, 45 (D. Conn. 2005) (deciding, on a motion for class certification, whether putative class members "who have not fully exhausted applicable administrative remedies and appeals" are within the court's jurisdiction in a Medicare coverage case); *Kendrick v. Sullivan*, 784 F. Supp. 94, 105 (S.D.N.Y. 1992) (resolving, on motion for class certification, the argument "that most if not all of the proposed class members fail to meet the requirements of [42 U.S.C.] § 405(g) and are therefore ineligible for federal court redress of their claims," and that "once these ineligible individuals are excluded from the proposed class, the remaining members are too few in number to satisfy the numerosity requirement"); *White v. Sullivan*, 1991 WL 315124, at *2–*7 (D. Vt. Oct. 15, 1991) (deciding issues of waiver and equitable tolling on motion for class certification); *Kennedy v. Sullivan*, 138 F.R.D. 484, 489 (N.D. W. Va. 1991) (Because "[t]he membership of the class must necessarily be limited to those over whom the Court has jurisdiction," a Social Security plaintiff "must establish that the class definition satisfies [the 42 U.S.C.] § 405(g) requirements," including exhaustion and the 60-day statute of limitations.); *Day v. Bowen*, 1990 WL 357274, at *2 (S.D. Ohio Jan. 22, 1990) (deciding, in Social Security case, whether "individuals who have not yet exhausted their administrative remedies, and those who have failed to appeal the denial of their claims . . . within sixty days," can be included in "[t]he proposed class"); *Grant v. Sullivan*, 720 F. Supp. 462, 471–74 (M.D. Pa. 1989) (considering arguments for equitable tolling and waiver of full exhaustion on motion for class certification in Social Security case).

*Sullivan*, 959 F.2d 268, 272 (D.C. Cir. 1992) (In a Medicare class action, "to define the plaintiff class, . . . turns on the presentment and exhaustion issues.")

Plaintiffs do not cite a single case for the proposition that, in resolving a motion for class certification, a district court is "barred" from considering whether putative class claims are timely or fully exhausted, or whether compliance with those requirements should be excused. Reply at 1, ECF No. 67 at 6. Instead, plaintiffs insist that "the court may not decide the merits" on a class certification motion. Reply at 4, ECF No. 67 at 9. That is not a completely accurate statement of the law. "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). As the many cases cited above demonstrate, the statute of limitations and the requirement of exhaustion are centrally relevant to the Court's determination of numerosity here. And, in any event, those are threshold issues that do not go to the merits of any claim. Threshold issues may (and the Secretary argues here that they do) bar putative class members from litigating a claim to the merits, but that does not transform failure to exhaust or comply with the statute of limitations into a merits question.

Plaintiffs also suggest that, by raising exhaustion and the statute of limitations, the Secretary is attempting to bring "an unnnoticed and unbriefed motion for summary judgment on the Secretary's affirmative defenses against the absent class members." Reply at 2, ECF No. 67 at 7. That is quite wrong. The absent putative class members are not parties to this litigation, and will not become parties unless a class is certified here. This Court cannot enter judgment against them, summary or otherwise. But as discussed above, the Court must define a proposed class in order to assess its numerosity. And the Court may not include in that proposed class

definition individuals who have failed to exhaust, or could not timely file, unless it finds waiver of exhaustion or equitable tolling of the limitations period to be justified. Plaintiffs' approach, in which those issues would be addressed after class certification, would lead this Court to abuse its discretion and prejudice the absent parties. If the Court first certified a class including time-barred claims, then dismissed those claims for failure to comply with the statute of limitations, its decision would result in a preclusive judgment on that issue as to those time-barred beneficiaries. Excluding them from the proposed class definition would have no such binding effect. There is no legal or practical reason for the Court to avoid the statute of limitations or the requirement of exhaustion in deciding plaintiffs' motion for class certification.

Finally, the Secretary withdraws any suggestion that Plaintiff Douglas Sargent could or should have amended the complaint to include a claim for more than the jurisdictional amount in controversy. *See* Opp. at 13 n.2, 38 n.13, & 40, ECF No. 65 at 22, 47, & 49. As plaintiffs note in their reply, at 12–14, ECF No. 67 at 17–19, the Secretary relied on the Medicare Appeals System, which contains "information about the original billed amount for each claim" but "is not an authoritative determination of the amount in controversy." Dorman Decl. ¶ 3, ECF No. 65-1. Although the Secretary is not aware of any circumstance in which the amount in controversy on a Medicare appeal was *more* than the amount originally billed on the corresponding claim, the amount in controversy is sometimes *less* than the amount originally billed. Here, several items included in Mr. Sargent's initial claim were not supplies for a continuous glucose monitor, and coverage for those CGM supplies was the only issue before the Medicare Appeals Council in Dkt. No. M-19-685. Because the amount in controversy for that appeal was limited to the cost of the CGM supplies, it was below the jurisdictional threshold for judicial review. The Secretary regrets any suggestion to the contrary.

                                              Respectfully submitted,

                                              JOSEPH H. HUNT
                                              Assistant Attorney General

                                              MICHELLE BENNETT
                                              Assistant Director, Federal Programs Branch

                                              */s/ James Bickford*
                                              JAMES BICKFORD
                                              Trial Attorney (N.Y. Bar No. 5163498)
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, NW
                                              Washington, DC 20530
                                              James.Bickford@usdoj.gov
                                              Telephone: (202) 305-7632
                                              Facsimile: (202) 616-8470

Date: May 19, 2020                                                   *Counsel for Defendant*