IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| | ) Case No. 18-cv-2929 (RBW) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **PLAINTIFFS' SUR-REPLY RE:** |
| | ) **MOTION FOR CLASS CERTIFICATION** |
| ALEX M. AZAR II, in his official | ) **AND APPOINTMENT OF** |
| capacity as Secretary of Health and | ) **CLASS COUNSEL** |
| Human Services, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The Secretary's sur-reply is remarkable. As posited by the Secretary, unless the Court rules on the merits of the Secretary's unpled and unproven affirmative defenses (that do not apply to Ms. Lewis or Mr. Sargent) prior to class certification, the Court will abuse its discretion. Sur-reply at 5. Actually, the Secretary has it backwards – the Court will err legally if it follows the Secretary's suggestion to reach the merits before certifying the class.

Beyond just the Supreme Court in *Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*, 569 U.S. 455 (2013) and *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), *e.g.*, numerous courts have rejected the Secretary's proposition. *See International Woodworkers of America v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1270 (4th Cir. 1981) ("Courts passing upon motions for class certification have generally refused to consider the impact of such affirmative defenses as the statute of limitations on the potential representative's case."); *Harris v. comScore, Inc.*, 2012 WL 686709 (N.D. Ill. Mar. 2, 2012) ("Interrogatory 21, which seeks discovery about comScore's affirmative defenses, goes to the merits and is not relevant to class certification."); *Doran v. Missouri Dept. of Social Services*, 251 F.R.D. 401 (W.D. Missouri 2008) ("An affirmative defense on which Defendants bear the burden of proof is not appropriately resolved in the context of a motion to certify.") (internal quotations and citations omitted); *Smith v. Suprema Specialties, Inc.*, 2007 WL

1

1217980 at *7 (D. N.J. Apr. 23, 2007) ("Because courts avoid extensive inquiries into the merits on motions for class certification, they will refrain from addressing … affirmative defenses when certifying classes."); *Holt v. Waffle House, Inc.*, 2006 WL 8437901 at *1 (S.D. Ala. Dec. 4, 2006) ("arguments … which concern affirmative defenses are improper at the class certification stage because they concern the merits of the action.") (internal quotations and citations omitted); *In re: Deutsche Telekom AG Securities Litigation*, 229 F.Supp.2d 277, 284 (S.D.N.Y. 2002) ("However, the class certification stage of the litigation is an inappropriate time to inquire into the merits of plaintiffs' claims and, by extension, defendants' affirmative defenses."); *Fickinger v. C.I. Planning Corp.*, 103 F.R.D. 529, 531 (E.D. Pa. 1984) ("If non-reliance is an affirmative defense to a nondisclosure suit under § 10(b), any consideration of that issue by the court on a motion for class certification would be an improper intrusion into the merits of the case.") (internal quotations and citations omitted).

Most courts simply will not consider affirmative defenses when deciding class certification. That said, some courts consider whether the existence (but not merits) of affirmative defenses impacts the Rule 23 inquiry. For example, if affirmative defenses would require individualized resolution, then it *may* be the case that "common questions of law or fact" do not predominate for a Rule 23(b)(3) class. *See, e.g., Waste Management Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295-96 (1st Cir. 2000) ("Although a necessity for individualized statute-of-limitations determinations invariably weighs against class certification under Rule 23(b)(3), we reject any per se rule that treats the presence of such issues as an automatic disqualifier."). In the present case, individualized showing on *potentially* alleged affirmative defenses would not be required. Moreover, in addition to Rule 23(b)(3), Plaintiffs seek class certification under Rule 23(b)(2) to which the "common question of law or fact" standard does not apply.

In the present case, the Secretary does not allege that the *potential* existence of affirmative defenses would require individualized showings.  Instead, the Secretary starkly demands a ruling on the merits of *potential* affirmative defenses.  Clearly, that is barred.

In the Secretary's view, the procedure applied in *Goodnight v. Shalala*, 837 F.Supp. 1564 (D. Utah. 1993) is representative of the Secretary's claim that the Court *must* first rule on the merits of unpled and unproven affirmative defenses against the absent class members before addressing class certification.  Sur-reply at 2.  The Secretary simply misreads the case.

In *Goodnight*, seven named plaintiffs brought suit on behalf of themselves and others similarly situated.  The plaintiffs alleged that the Secretary (through his affiliated State actors) had a secret policy of blanket denials of certain claims (rather than the individualized consideration required by statue/regulation).  Importantly, neither the named plaintiffs nor any absent member of the class had exhausted their remedies.  *Id.* at 1572 ([B]y virtue of the class definition, none of the claimants has exhausted administrative remedies …").  Thus, rather than answer, the Secretary responded with a motion to dismiss, arguing that the named plaintiffs had not exhausted their administrative remedies, lacked a "final decision" required under 42 U.S.C. § 405(g) and, therefore, the Court lacked jurisdiction.  *Id*. at 1567 ("This matter is before the court on the Motion to Dismiss for lack of subject matter jurisdiction brought by Defendant Donna Shalala, M.D., (the 'Secretary')"); *see Id*. at 1569-78.  Simultaneously, the plaintiffs filed a motion for class certification. In a single decision, the Court first addressed the Secretary's motion to dismiss (denying it) before moving on to class certification.  *Id*. at 1581.

In Plaintiffs' view, the Court in *Goodnight* acted properly under the circumstances.  First, as noted, the exhaustion defense was asserted against the named plaintiffs.  Thus, the named plaintiffs

3

were in a position to resist the defense on behalf of themselves and did not need permission to represent anyone else.

Second, the "one-way intervention" concern is intended to protect defendants. A defendant may either explicitly or implicitly waive its protections by moving, pre-class certification, for resolution on the merits. *See, e.g., Postow v. OBA Federal Savings and Loan Assoc.*, 627 F.2d 1370, 1382-83 (D.C. Cir. 1980) (defendant waived by moving for summary judgment pre-class certification); *Williams v. Lane*, 129 F.R.D. 636, 647-48 (N.D. Ill. 1990) ("defendants implicitly waive the protections of the rule against one-way intervention by attempting to obtain a favorable decision on the merits"). In so doing, the defendant is taking the risk that a ruling in the defendant's favor will bind only the named parties and will allow prospective class members to avoid its effects. Accordingly, in *Goodnight*, there was no bar to the Secretary's motion because the parties moved against were represented and the Secretary waived any protections of "one-way intervention" with respect to the absent members of the class.

The differences and similarities with the present case are clear. As to differences, of course, the Secretary alleges unpled and unproven affirmative defenses that are not applicable to the named plaintiffs, no representative of the absent class members has been approved by the Court, and no notice given. Thus, if the Secretary brought the same motion to dismiss brought in *Goodnight* (which he has not), it would not apply to any of the parties currently in this case and there would be no one to respond to it. Instead, the Secretary simply asks the Court to rule on unpled and unproven affirmative defenses against people who cannot defend themselves as a condition of class certification. That is barred.

Indeed, the Secretary's sur-reply appears to concede that the Secretary's approach would result in an advisory ruling that would have no preclusive effect on either the named plaintiffs or the

absent class members' claims.  Sur-reply at 4-5.  Beyond violating the prohibition against advisory rulings, the Secretary's approach misapprehends the very purpose of a class action.  The purpose of a class action is to resolve the claims of the class members (either positively or negatively) and thereby avoid the prospect of repeated individual litigation and the burden that would place on courts and the parties.

As to similarities between the *Goodnight* case and this case, procedurally, the Secretary's motion to dismiss Mr. Sargent (*see* Dkt. #22) is similar to the motion to dismiss filed by the Secretary in *Goodnight*.  First, it is applicable to a named plaintiff who has notice and can defend himself.  Second, by moving pre-certification, the Secretary has waived "one-way intervention" protections and bears the risk that ruling in the Secretary's favor will allow absent class members to avoid its effect.  Thus, in this case, Plaintiffs have never objected to the Court taking up the Secretary's motion to dismiss Mr. Sargent prior to deciding class certification, though the Court is certainly not required to do so.

In short, the court in *Goodnight* acted properly in ruling on the motion to dismiss prior to class certification.  That said, the *Goodnight* court certainly was not required to rule on that motion prior to addressing class certification.  Instead, the Court could have ruled on class certification first and then ruled on the motion to dismiss.  Either approach would have been proper.

Indeed, that is exactly what happened in one of the cases cited by the Secretary.  While the Secretary cites language from *Tataranowicz v. Sullivan*, 959 F.2d 268 (D.C. Cir. 1992) (Sur-reply at 3-4), that case (and its handling below) supports Plaintiffs' position.  In the district court, plaintiffs filed their Complaint and the Secretary responded with a motion to dismiss for lack of jurisdiction alleging that none of the class members (including the proposed class representatives) had exhausted their remedies.  *See Tataranowicz v. Sullivan*, 753 F.Supp. 978, 980 (D.D.C. 1990) (Sporkin, J.).  In

5

a single decision, Judge Sporkin first certified the class and then addressed, and denied, the Secretary's motion to dismiss. *Id*. at 985-90.

On review, the Court of Appeals held that it must first satisfy itself that it had jurisdiction. To do that, the Court needed to determine which parties were properly before it. To do that, the Court needed to resolve the presentment and exhaustion jurisdictional defenses. After examining the issues, the Court did not disturb Judge Sporkin's conclusions as to the class definition or exhaustion or criticize the procedure below. *Tataranowicz*, 959 F.2d at 274-75.[1] The procedure used by Judge Sporkin and not criticized by the Circuit court is very one the Secretary contends will constitute an abuse of discretion if used by this Court.

To the extent it can be determined,[2] nearly all the cases cited by the Secretary follow the same fact pattern as *Goodnight*, *i.e.*, the Secretary responded to the Complaint by filing a motion to dismiss for lack of exhaustion aimed at the named plaintiffs and the Court took it up before deciding class certification. That appears to be the case in *Pavano v. Shalala*, 95 F.3d 147, 149 (2nd Cir. 1996); *Alexander v. Price*, 275 F.Supp. 313 (D. Conn. 2017) (same, *see* case Dkt #24); *Medellin v. Shalala*, 23 F.3d 199 (8th Cir. 1994) (same, *see* case Dkt #11 below); *Kendrick v. Sullivan*, 784 F.Supp. 94, 98 (S.D. N.Y. 1992) ("the Secretary moved to dismiss"). A slight variant occurred in *Landers v. Leavitt*, 232 F.R.D. 42 (D. Conn. 2005) (motion to dismiss named class representatives Dixon and Grigley as part of opposition to class certification) (see Dkt #15, 20). Given the unavailability of the pleadings, it is not possible to tell, precisely, what happened in *Clark v. Astrue*,

---

[1] However, on the merits of the actual claims, the Court reversed Judge Sporkin.

[2] Many of the cases cited by the Secretary are from more than 15 years ago. As a result, the original pleadings below are not readily available. Indeed, in some instances, even the docket is not available (*White v. Sullivan*, 1991 WL 315124 (D. Vermont Oct. 15, 1991) and *Day v. Bowen*, 1990 WL 357274 (S.D. Ohio Jan 22, 1990)) or is spotty (*Kendrick v. Sullivan*, 784 F.Supp. 94 (S.D. N.Y. 1992)). Accordingly, the information necessary to determine precisely what occurred is unavailable.

274 F.R.D. 462 (S.D. N.Y. 2011); *Grant v. Sullivan*, 720 F.Supp. 462 (M.D. Pa. 1989); and *Johnson v. Shalala*, 2 F.3d 918 (9th Cir. 1993) (district court pleadings and decision appealed unavailable, but see Dkt. #28 below (motion to dismiss)).

In one case cited by the Secretary, *Kennedy v. Sullivan*, 138 F.R.D. 484 (N.D. W. Va. 1991), the reported decision actually says what the Secretary contends.  However, again, because of its age, the docket and pleadings are not available.  There is no indication that the court considered whether, pre-certification, the named plaintiff could represent class members with unexhausted claims and whether this was the subject of briefing.  In any event, the court did not rule against the absent class member and *Kennedy* was decided some two decades before the Supreme Court's decision in *Amgen* affirming that class certification is not the time to adjudicate the merits.

The Secretary's demand that the Court decide the merits of affirmative defenses not asserted against the named plaintiffs and only *potentially* asserted against the absent class members is misguided.  The Court should certify the class as proposed by Plaintiffs and appoint counsel.

Dated:  May 26, 2020                                   Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

                    and

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

7