**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ALEX M. AZAR II, in his official )<br>capacity as Secretary of Health and )<br>Human Services, )<br>)<br>Defendant. )<br>_____) | Case No. 18-cv-2929 (RBW) |

**CAROL LEWIS AND DOUGLAS SARGENT'S
REPLY RE: CLASS CERTICATION/MERITS BRIEFING**

Plaintiffs Carol Lewis and Douglass Sargent file this reply regarding class certification and merits briefing. *See* Dkt #58. This reply is motivated, in part, by the arguments offered by the Secretary in his opposition to the class certification briefing. *See* Dkt. #65.

The basic merits issue in this case is the Secretary's non-sensical assertion that a continuous glucose monitor (CGM) for use by diabetics is not "primarily and customarily used to serve a medical purpose." Three courts have already rejected the Secretary's position yet the Secretary continues to reject CGM claims on that ground.

## DISCUSSION

At the hearing held on February 24, 2020, the Secretary's representative contended, *inter alia*, that:

1) the Court could not consider merits briefing related to the lead plaintiffs until it ruled on class certification (*see* Transcript at 38); and

2) Medicare Advantage (*i.e.*, Part C) plans were not totally controlled by the Secretary and could offer additional services without the Secretary's approval such as, the Secretary suggested, gym memberships (*see* Transcript at 23).

The Secretary's opposition to the present brief and opposition to the class certification motion recants each of those contentions. First, rather than "*cannot*" consider merits briefing related to the lead plaintiffs before class certification, the Secretary's opposition now merely contends that the Court *should not* do so. *See* Dkt. #60 at 2-5. Further, the Secretary's opposition to class certification affirmatively asks the Court to rule on the merits of Ms. Lewis' claim (on the Secretary's preferred theory) which essentially waives any basis for insisting that class certification must be addressed first. *See* Dkt. #65 at 7-12. Second, the Secretary's opposition concedes that everything offered by Medicare Advantage Plans must be approved by the Secretary. *See* Dkt. #60 at 7.

1

**The Timing of a Merits Ruling**

As shown in Plaintiffs' opening papers (and now conceded by the Secretary), there is no bar to the Court taking up merits related to the lead plaintiffs prior to ruling on class certification. *See, e.g., Curtin v. United Airlines, Inc.*, 275 F.3d 88, 92 (D.C. Cir. 2001) ("[N]othing … requires the district court to rule on class certification before granting or denying a motion for summary judgment.") (internal citations and quotations omitted). Here, an additional factor also weighs in favor of ruling on the merits related to the lead plaintiffs' claims.

The Secretary's opposition asserts that addressing merits related to the lead plaintiffs would subject the Secretary to "one way intervention." That is, the concern that potential class members would choose whether to participate depending on the outcome of a motion for summary judgment ruling. *See* Dkt. #65 at 2-5. As noted in other papers, a defendant can waive any concern regarding "one way intervention" by seeking a merits ruling prior to class certification. *See* Dkt. #71 at 4; *Postow v. OBA Federal Savings and Loan Assoc.*, 627 F.2d 1370, 1382-83 (D.C. Cir. 1980) (defendant waived by moving for summary judgment pre-class certification); *Williams v. Lane*, 129 F.R.D. 636, 647-48 (N.D. Ill. 1990) ("defendants implicitly waive the protections of the rule against one-way intervention by attempting to obtain a favorable decision on the merits").

In the present case, the Secretary has sought a pre-class certification decision on the merits of Ms. Lewis' claim in its opposition to the class certification motion. *See* Dkt. #65 at 7-12. There, the Secretary asked this Court to impose the Secretary's preferred theory (collateral estoppel)/unaccepted offer of settlement on Ms. Lewis and rule on the merits of Ms. Lewis' claim. Accordingly, the Secretary waived any potential "one-way intervention" concerns. It would certainly be anomalous for the Secretary to be able to seek rulings on the merits (of Ms. Lewis' claims, *e.g.*) but to bar Plaintiffs from doing the same.

2

Thus, independent of the guidance from the Federal Judicial Center and the case law in this Circuit letting the Court know that it can take up merits issues before class certification, by seeking rulings on the merits, the Secretary waived any possible objection to that procedure.

**The Secretary's Other Comments**

The Secretary included several other comments that merit reply. First, the Secretary speculates that if class certification is denied and Mr. Sargent's claims are also dismissed, that Ms. Lewis will accept an offer of settlement and not demand a judgment on her claim and this case will be over. *See* Dkt. #60 at 1. That is fanciful. No one should be under any such illusion. Ms. Lewis simply will never accept an offer of settlement that does not benefit the class as a whole.

The Secretary's comments regarding Part C claims and alleged difficulties with joining Medicare Advantage Plans as parties also miss the mark. *See* Dkt. #60 at 6. In the event that a class including Part C claims is certified, consistent with the statute, the relevant Medicare Advantage Plans will be notified just like the class members. Of course, this cannot happen until the Part C class members are identified, which the Secretary's defiance of Plaintiffs' discovery requests has precluded so far.

If a Medicare Advantage Plan should choose to exercise its right to join as a party, it would not be joining as a defendant because only the Secretary is the proper defendant. *See* Dkt. #60 at 11. Further, any relief ordered by this Court would not be against Medicare Advantage Plans. Instead, the relief sought is solely against the Secretary.

The Secretary's assertion that "a Part C coverage case will not necessarily reach the same result that would be reached under Medicare Part B" (*see* Dkt. #60 at 7) is mere legerdemain. As set forth in the Complaint, Plaintiffs' claims in this case assert that a CGM is "durable medical equipment" under Original Medicare and, as a necessary consequence, would also covered be by

all Medicare Advantage Plans. Independent of its coverage under Original Medicare, the claims in this case do not assert that a CGM is covered by Medicare Advantage Plans. Plaintiffs control the claims they assert. Thus, a decision by this Court on whether a CGM is "durable medical equipment" will resolve all Part B and Part C claims in this case.

Thus, the parade of complications/horribles posited by the Secretary will simply never occur.

## CONCLUSION

For the reasons set forth above, the Court may consider motions for summary judgment prior to addressing the issues of class certification/notice.


Dated: July 7, 2020                                  Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino (admitted *pro hac vice*)
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*