IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) | |
| ) | Case No. 18-cv-2929 (RBW) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ALEX M. AZAR II, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CAROL LEWIS AND DOUGLAS SARGENT'S
## NOTICE OF SUBSEQUENT AUTHORITY

Plaintiffs file this notice of subsequent authority to bring to the Court's attention decisions by the United States Court of Appeals for the Second Circuit and the United States District Court for the Northern District of California. Both decisions are directly relevant to the issues pending before this Court. For the Court's convenience, Plaintiffs attach copies of the decisions.

On September 23, 2020, the United States Court of Appeals for the Second Circuit issued a decision in *Bloom v. Azar*, 18-2390. *See* Exhibit A. In *Bloom*, the Secretary alleged that the District Court lacked jurisdiction to consider some of Dr. Bloom's claims because, considered individually, they did not meet the amount in controversy required. Dr. Bloom alleged that jurisdiction is determined by adding up all the claims in a case (*i.e.*, "aggregating them") and comparing the total to the amount in controversy. While the District Court in Bloom initially dismissed two of Dr. Bloom's three claims for not individually meeting the amount in controversy, the Second Circuit reversed that decision confirming that Dr. Bloom's position – that he was entitled to aggregate his claims to meet the amount of controversy requirement for District Court appeal of the Secretary's denial – was the correct one.

1

The identical issues raised in *Bloom* are present in this case. That is, the Secretary asserts that Mr. Sargent's claims should be dismissed because, considered individually, they do not meet the amount in controversy threshold. *See* Dkt. Nos. 22, 30, 32. Mr. Sargent has opposed the Secretary's motion on the same grounds asserted in *Bloom*. In addition to raising this topic in its motion to dismiss briefing, the Secretary raised the same issue in the class certification briefing and Mr. Sargent opposed on the same grounds. *See* Dkt. Nos. 65 (at 12-15) and 67 (at 24-25). Given that the identical issues are at stake, the decision of the Second Circuit may be instructive.

On September 22, 2020, the United States District Court for the Northern District of California issued a decision in *Zieroth v. Azar*, Case No. 20-cv-172 (Chesney, J.). *See* Exhibit B. While Plaintiffs are not in agreement with all aspects of this decision (particularly as it relates to notice and comment), *Zieroth* represents the fourth District Court to reject the Secretary's position and hold that a CGM is "durable medical equipment" and a covered Medicare benefit. In this case, all of the proposed class members' claims (including Ms. Lewis' and Mr. Sargent's) are founded on the same grounds and Plaintiffs' request to file a similar motion for summary judgment has been the subject of Docket Nos. 50, 60, 72 and 73.

3

| | |
|---|---|
| Dated:  September 24, 2020 | Respectfully submitted,<br><br>/s/Jeffrey Blumenfeld<br>D.C. Bar No. 181768<br>LOWENSTEIN SANDLER LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>Telephone: (202) 753-3800<br>Facsimile:  (202) 753-3838<br>jblumenfeld@lowenstein.com<br><br>*and*<br><br>PARRISH LAW OFFICES<br>James C. Pistorino<br>788 Washington Road<br>Pittsburgh, PA 15228<br>Telephone: (412) 561-6250<br>Facsimile:  (412) 561-6253<br>james@dparrishlaw.com<br><br>*Attorneys for Plaintiffs* |