# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROL A. LEWIS, *et al.*,          )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )
                                   )          Case No. 18-cv-2929 (RBW)
NORRIS COCHRAN, in his official    )
capacity as Acting Secretary of Health and   )
Human Services,                    )
                                   )
                Defendant.         )
_____)

The Defendant, Norris Cochran,[1] Acting Secretary of Health and Human Services (the "Secretary"), respectfully answers the allegations of the Complaint as follows. The Secretary notes that, pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

1.      This paragraph consists of plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required.

2.      This paragraph consists of factual allegations regarding diabetes and continuous glucose monitors. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected

---

[1] Acting Secretary Cochran is automatically substituted as Defendant by operation of Federal Rule of Civil Procedure 25(d).

in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

3.      This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, to which no response is required.  The Secretary denies the allegations of "irrational resistance" to coverage of continuous glucose monitors, of having adopted a "nonsensical" position, and of having concealed the true basis for any claim denial.

4.      This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare beneficiaries' decisions about exercising their rights to pursue administrative appeals.  No response is required but, to the extent that a response is required, the allegations are denied.

5.      This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the Secretary's interpretation of the Medicare statute and regulations.  No response is required but, to the extent that a response is required, the allegations are denied.

6.      This paragraph primarily consists of plaintiffs' characterizations and legal conclusions regarding the Secretary's interpretation of the Medicare statute and regulations.  No response is required but, to the extent that a response is required, these allegations are denied. Admitted that certain district courts and administrative bodies have concluded that all continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations, and that the Secretary denies claims for certain continuous glucose monitors on the grounds that they are not durable medical equipment.  To the extent that the Secretary has denied any claims by Medicare beneficiaries entitled to issue preclusion because they have litigated the question of coverage to a final judgment, that denial was in error.

7.      This paragraph consists of plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required.

8.      This paragraph consists of plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.

9.      This paragraph consists of plaintiffs' legal conclusions regarding subject-matter jurisdiction.  No response is required but, to the extent that a response is required, the allegations are denied.

10.      This paragraph consists of plaintiffs' characterizations and legal conclusions regarding exhaustion of administrative remedies and the statute of limitations.  No response is required but, to the extent that a response is required, the allegations are denied.

11.      This paragraph consists of plaintiffs' legal conclusions regarding subject-matter jurisdiction.  No response is required but, to the extent that a response is required, the allegations are denied.

12.      This paragraph consists of plaintiffs' legal conclusions regarding venue, to which no response is required.

13.      This paragraph contains plaintiffs' characterizations and legal conclusions regarding the Secretary's interpretation of the Medicare statute and regulations.  No response is required but, to the extent that a response is required, those allegations are denied.  The paragraph also contains factual allegations regarding diabetes and continuous glucose monitors. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

14.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, as well as the Secretary's interpretation of the Medicare statute and regulations, to which no response is required.  The Secretary denies that he has adopted a "nonsensical[]" position, or refused to provide coverage that is required by the Medicare statute or regulations.

15.     This paragraph primarily consists of plaintiffs' characterizations and legal conclusions regarding the Secretary's interpretation of the Medicare statute and regulations, to which no response is required.  Admitted that at least one district court has concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.

16.     Denied.

17.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the administrative appeal process for Medicare claims, to which no response is required.

18.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.  The remainder of this paragraph consists of plaintiffs' characterizations and legal conclusions, to which no response is required.

19.     This paragraph consists of plaintiffs' legal conclusions and characterization of this lawsuit, to which no response is required.

20.     This paragraph consists of factual allegations regarding plaintiff Carol Lewis. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

21.     This paragraph consists of factual allegations regarding plaintiff Douglas Sargent. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

22.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the proposed class, to which no response is required.

23.     This paragraph consists of plaintiffs' factual allegations, characterizations, and legal conclusions regarding three proposed class members and their claims for benefits.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

24.     Admitted that Alex M. Azar II was the Secretary of Health and Human Services when the Complaint was filed.  The remainder of this paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

25.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

26.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

27.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

28.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

29.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

30.     This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

31.     This paragraph consists of factual allegations regarding glucose tests.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

32.     This paragraph consists of factual allegations regarding glucose tests.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

33.     This paragraph consists of factual allegations regarding continuous glucose monitors and legal conclusions, to which no response is required.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

34.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

35.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.

36.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

37.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

38.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based

solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

39.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

40.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

41.     This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and

accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

      42.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

      43.    This paragraph consists of factual allegations regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

      44.    This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the Secretary's interpretation of the Medicare statute and regulations, to which no response is required.

      45.    This paragraph consists of plaintiff's characterizations and legal conclusions regarding Medicare Part B, to which no response is required.  The Court is respectfully referred to the cited statutory provisions for a full and complete statement of their contents.

46.     Admitted that continuous glucose monitors are only available with a prescription. The remainder of this paragraph consists of plaintiffs' characterizations and legal conclusions, to which no response is required.

47.     Admitted.

48.     This paragraph consists of plaintiffs' characterizations and legal conclusions, to which no response is required.

49.     This paragraph consists of plaintiff's characterizations and legal conclusions regarding Medicare Part B, to which no response is required.  The Court is respectfully referred to the cited statutory provision for a full and complete statement of its contents.

50.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding continuous glucose monitors, to which no response is required.  To the extent that a response is required, the allegation is denied.

51.     This paragraph consists of plaintiff's characterizations and legal conclusions regarding the Secretary's regulations, to which no response is required.  The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents.

52.     This paragraph consists of a mixed factual allegation and legal conclusion regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that this factual allegation is not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.  No response is required to the legal conclusion.

53.     This paragraph consists of a mixed factual allegation and legal conclusion regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that this factual allegation is not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.  No response is required to the legal conclusion.

54.     This paragraph consists of a mixed factual allegation and legal conclusion regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that this factual allegation is not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.  No response is required to the legal conclusion, but to the extent that a response is required the allegation is denied.

55.     This paragraph consists of a mixed factual allegation and legal conclusion regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that this factual allegation is not reflected in the administrative record, it is beyond the scope of the

Court's review in this case, and no response is required.  No response is required to the legal conclusion.

56.     This paragraph consists of a mixed factual allegation and legal conclusion regarding continuous glucose monitors.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that this factual allegation is not reflected in the administrative record, it is beyond the scope of the Court's review in this case, and no response is required.  No response is required to the legal conclusion.

57.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

58.     Defendant admits that CMS Ruling 1682-R was issued on January 12, 2017.  The remainder of this paragraph consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

59.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

60.     This paragraph consists of plaintiffs' characterization of and quotation from CMS Ruling 1682-R, to which no response is required, and other factual allegations.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

61.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

62.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, as well as the Secretary's interpretation of the Medicare statute and regulations, to which no response is required.  Admitted that the Secretary denies claims for certain continuous glucose monitors on the grounds that they are not durable medical equipment.

63.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, as well as the Secretary's interpretation of the Medicare statute and regulations, to which no response is required.  Admitted that the Secretary denies claims for certain continuous glucose monitors on the grounds that they are not durable medical equipment.

64.     This paragraph primarily consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents. Denied that it is futile to submit any claim for coverage of a continuous glucose monitor, or to appeal from any denial of coverage for a continuous glucose monitor.

65.     This paragraph primarily consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, Local Coverage Determination L33822, and Policy Article A52464 to which no response is required.  The Court is respectfully referred to the cited documents for a full and complete statement of their contents.

66.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, to which no response is required.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

67.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, to which no response is required.

68.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, to which no response is required.  The Court is respectfully referred to Policy Article A52464 for a full and complete statement of its contents.

69.     Admitted that Medicare coverage of continuous glucose monitors has been reviewed by several district courts.

70.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the decisions of administrative law judges, to which no response is required.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

71.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the decisions of two district courts, to which no response is required.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

72.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the decisions of several district courts, to which no response is required.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

73.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the decisions of several district courts, to which no response is required.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

74.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the decision of a district court, to which no response is required.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

75.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding a decision of an administrative body, to which no response is required.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

76.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, to which no response is required.

77.     This paragraph consists of factual allegations regarding Medicare beneficiaries, as well as plaintiffs' characterizations and legal conclusions regarding the administrative appeals process.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding

the administrative appeals process is required.  The Court is respectfully referred to the cited regulation for a full and complete statement of its contents.

78.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the administrative appeals process, to which no response is required.

79.     This paragraph consists of factual allegations regarding the administrative appeals process, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals process is required.

80.     Denied.

81.     This paragraph consists of plaintiffs' description of a hypothetical scenario, to which no response is required.

82.     This paragraph consists of plaintiffs' description of a hypothetical scenario, to which no response is required.

83.     This paragraph consists of plaintiffs' characterizations and legal conclusions, to which no response is required.

84.     Denied.

85.     Denied.

86.     This paragraph consists of factual allegations regarding the administrative appeals process, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C.

§ 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions is required, but to the extent that any response is required Defendant denies denying any claim for coverage without a basis for doing so.

87.     This paragraph consists of factual allegations regarding the administrative appeals process, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals process is required. The Court is respectfully referred to the cited statute for a full and complete statement of its contents.

88.     This paragraph consists of plaintiffs' characterizations and legal conclusions. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

89.    This paragraph consists of factual allegations regarding the administrative appeals process, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals process is required.

90.    This paragraph consists of factual allegations regarding the administrative appeals process, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals process is required. The Court is respectfully referred to the cited regulations for a full and complete statement of their contents.

91.    This paragraph consists of factual allegations regarding plaintiff Carol Lewis's administrative appeals, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the

administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals is required.

92.     This paragraph consists of plaintiffs' characterizations and legal conclusions regarding Medicare coverage determinations for continuous glucose monitors, to which no response is required.  The Secretary denies engaging in a pattern of defiance.

93.     This paragraph consists of plaintiffs' characterizations of the proceedings in *Bloom v. Azar*.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

94.     This paragraph consists of factual allegations regarding plaintiff Carol Lewis's administrative appeals, as well as plaintiffs' characterizations and legal conclusions.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no

response is required.  No response to plaintiffs' characterizations and legal conclusions regarding the administrative appeals is required.

95.     This paragraph consists of plaintiffs' characterizations of the proceedings in *Bloom v. Azar*.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

96.     Denied.

97.     This paragraph consists of factual allegations regarding plaintiff Carol Lewis. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

98.     This paragraph consists of plaintiffs' characterizations of prior litigation, to which no response is required.

99.     This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and

accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that plaintiff Carol Lewis received a continuous glucose monitor on October 26, 2015.

100.    Admitted.

101.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Ms. Lewis received an initial denial on March 31, 2016, and subsequently sought redetermination.

102.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Ms. Lewis received a denial on redetermination on May 24, 2016, and subsequently sought reconsideration.

103.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely

on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Ms. Lewis received a denial on reconsideration on August 12, 2016, and subsequently sought a hearing before an administrative law judge.

104.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Ms. Lewis received a denial from the administrative law judge on November 18, 2016, and subsequently sought a hearing before the Medicare Appeals Council.

105.    This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the Medicare appeals process, to which no response is required.  Defendant respectfully refers the Court to the statutory text for a full and accurate statement of its contents.

106.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Ms. Lewis filed a request for escalation dated November 26, 2018.

107.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

108.    This paragraph consists of factual allegations regarding plaintiff Douglas Sargent. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

109.    This paragraph consists of factual allegations regarding plaintiff Douglas Sargent. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

110.    This paragraph consists of plaintiffs' characterizations of prior administrative proceedings and the administrative record in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

111.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

112.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

113.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Mr. Sargent received an initial denial on September 9, 2016, and subsequently sought redetermination.

114.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Mr. Sargent received a denial on redetermination on February 27, 2017, and subsequently sought reconsideration.

115.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no

response is required.  Admitted that Mr. Sargent received a denial on reconsideration on April 21, 2017, and subsequently sought a hearing before an administrative law judge.

116.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

117.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that the administrative law judge denied Mr. Sargent's claim for coverage, and that Mr. Sargent sought further review before the Medicare Appeals Council.

118.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no

response is required.  Admitted that the Medicare Appeals Council denied Mr. Sargent's claim for coverage on October 15, 2018.

119.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

120.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

121.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no

response is required.  Admitted that Mr. Sargent received an initial denial on April 21, 2017, and subsequently sought redetermination.

122.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Mr. Sargent received a denial on redetermination on August 15, 2017, and subsequently sought reconsideration.

123.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Mr. Sargent received a denial on reconsideration on March 2, 2018, and subsequently sought a hearing before an administrative law judge.

124.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the

administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that the administrative law judge approved Mr. Sargent's claim for coverage on June 15, 2018, and that the Medicare Appeals Council subsequently reviewed that decision.

125.    This paragraph consists of plaintiffs' characterizations of the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that the Medicare Appeals Council denied Mr. Sargent's claim for coverage on October 15, 2018.

126.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

127.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

128.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

129.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.  To the extent that a response is required, the allegations are denied.

130.    This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus

respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

131.    This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

132.    This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

133.    This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

134.    This paragraph consists of factual allegations regarding diabetes.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative

record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

135.    This paragraph consists of a characterization of a prior Freedom of Information Act request.  The Secretary lacks information sufficient to respond to these allegations.

136.    This paragraph consists of speculation regarding the numerosity of the potential class, to which no response is required.  The Secretary denies that the proposed class satisfies the requirements of Federal Rule of Civil Procedure 23(a)(1).

137.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

138.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

139.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

140.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

141.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

142.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

143.    This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

144.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

145.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

146.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

147.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court.

148.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court.

149.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

150.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court.

151.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled

to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court.

152.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

153.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

154.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

155.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

156.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

157.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

158.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

159.    This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled

to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court as to plaintiff Carol Lewis.

160.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.  The Secretary notes that this claim has been dismissed by the Court as to plaintiff Carol Lewis.

161.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

162.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

163.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

164.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

165.     This paragraph consists of plaintiffs' legal conclusions, to which no response is required.

166.     This paragraph consists of a request for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

The remaining paragraphs of the complaint contain plaintiffs' requested relief, to which no response is required.  To the extent that a response is deemed necessary, the Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

The Secretary denies any and all allegations of the complaint not expressly admitted herein.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: February 16, 2021