IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
|  | ) Case No. 18-cv-2929 (RBW) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| NANCY COCHRAN, in her official capacity as acting Secretary of Health and Human Services, | ) ) ) |
|  | ) |
| Defendant. | ) |

**CAROL LEWIS AND DOUGLAS SARGENT'S
MOTION TO DEEM ALLEGATIONS ADMITTED**

The "Answer" filed by the Secretary on February 16, 2021 failed to admit or deny the allegations of the Complaint filed on December 13, 2018. Thus, under the Rules, the allegations of the Complaint are deemed admitted. Plaintiffs' file the present motion so that the remaining issues in this case can be resolved without further delay.

**PROCEDURAL BACKGROUND**

On December 13, 2018, Plaintiffs Carol Lewis and Douglass Sargent filed the Complaint in this case. As set forth in the Complaint, *inter alia*, Plaintiffs alleged that the Secretary was improperly denying claims for continuous glucose monitor (CGM) Medicare benefits on the grounds that a CGM is not "durable medical equipment." The Secretary was doing so based on his allegation that a CGM is not "primarily and customarily used to serve a medical purpose"[1] as set forth in 42 C.F.R. § 414.202. *See, e.g.*, Dkt. #1 at 3¶ . Thereafter, the Complaint alleged that a CGM is "primarily and customarily used to serve a medical purpose." *See, e.g.*, ¶ 54. Further,

---

[1] Though this fact was concealed from virtually all of the beneficiaries.

inter alia, the Complaint alleged that all the prerequisites for class certification were met. See, e.g., ¶¶ 127-145.

In May 2019, rather than Answer, the Secretary filed a partial motion to dismiss. On January 29, 2021, this Court issued its opinion partially granting and partially denying the Secretary's motion. This Court also issued an Order required the Secretary to file an Answer by February 12, 2021.

After being granted an extension, on February 16, 2021, the Secretary filed an "Answer." See Dkt. #80. Rather than admit or deny the allegations of the Complaint, the "Answer" almost exclusively consists of three non-responses:

> **"Legal Conclusion to Which No Response is Required":** The Secretary used this formulation/variants in response to ¶¶ 1, 3-15, 17-19, 22-24, 44-46, 48-68, 70-79, 83, 86, 87, 89-92, 94, 105, 129, and 137-145.
>
> **"To the extent that a response is required, the allegations are denied":** The Secretary used this formulation/variants in response to ¶¶ 4, 5. 6, 9, 11, 13, and 54.
>
> **"Document Speaks for Itself/Refer to Administrative Record No Response Required":** The Secretary used this formulation/variants in response to ¶¶ 2, 13, 20, 21, 23, 25-43, 52-56, 58-61, 64-66, 68, 70-75, 77, 79, 86-91, 93-95, 97, 99, 101-125, and 130-134.

The only paragraphs of the Complaint that were not responded to with one or more of the above non-answers are ¶¶ 16, 47, 80, 84, 85, 96, and 100. Thus, more than 95% of the paragraphs before the Causes of Action in the Complaint were responded to with one or more of the non-answers listed above (138 out of 145).

Among the allegations the Secretary neither admitted nor denied are that:

a. This Court has jurisdiction to hear all the claims in this case (¶¶ 8-11);

b. Venue is proper in this Court (¶ 8);

c. CGMs are the standard of care for treating brittle diabetics (¶ 41);

    d. The FDA has approved one CGM device to completely replace finger pricks/test strips (¶ 42);

    e. A CGM is a "blood glucose monitor" (¶ 50);

    f. 42 C.F.R. § 414.202 sets out the Secretary regulations for "durable medical equipment" (¶ 51);

    g. A CGM can withstand repeated use (as required by the regulation) (¶ 52);

    h. A CGM has a life expectancy of at least three years (as required by the regulation) (¶ 53);

    i. A CGM is primarily and customarily used to serve a medical purpose (as required by the regulation) (¶ 54);

    j. A CGM is generally not useful to an individual in the absence of illness or injury (as required by the regulation) (¶ 55);

    k. A CGM is appropriate for use in the home (as required by the regulation) (¶ 56);

    l. CGMs are not otherwise excluded from coverage (¶ 57);

    m. CMS 1682-R is binding on all CMS components (¶ 58);

    n. Whether the discretion ALJs had to award CGM coverage prior to the issuance of CMS 1682-R was eliminated by CMS 1682-R (¶ 64);

    o. CMS 1682-R was incorporated into LCD L33822 without notice and comment (¶ 65);

    p. Mrs. Lewis' claim for CGM coverage initially was denied on the grounds that a CGM was "statutorily excluded" from coverage (¶ 101);

    q. Ms. Lewis claim for CGM coverage was denied on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose" (¶ 104);

    r. Mr. Sargent's claim (in M-18-239) for CGM coverage was initially denied on the grounds that a CGM was "statutorily excluded" from coverage (¶ 113);

    s. The MAC denied Mr. Sargent's claim on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose" (¶ 118);

    t. Mr. Sargent's claim (in M-18-6040) for CGM coverage was initially denied on the grounds that a CGM was "statutorily excluded" from coverage (¶ 121);

    u. The MAC denied Mr. Sargent's claim on the grounds that a CGM is not "primarily and customarily used to serve a medical purpose" (¶ 125); and

    v. Allegation related to the class and class certification (¶¶ 127-145).

**DISCUSSION**

Pursuant to FED.R.CIV.P. 8(b)(1)(B), "In responding to a pleading, a party must: … admit or deny the allegations asserted against it by the opposing party." Alternatively, FED.R.CIV.P. 8(b)(5) allows a party to state that they lack knowledge or information needed to respond to an allegation, which is treated as a denial under the Rule. Thus, under the Rules only three responses are possible to an allegation contained in a Complaint: 1) an admission; 2) a denial; or 3) a claim of lack of knowledge or information, which is treated as a denial.[2]

Federal Rule of Civil Procedure 8(b)(6) provides in relevant part:

> **Effect of Failing to Deny**. An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied.

Clearly, a pleading responsive to the Complaint is required.

With regard to the Secretary's refusal to admit or deny the allegations of the Complaint on the grounds that a legal conclusion is asserted, that position is baseless. *See, e.g., Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 5377712 at *1-2 (E.D. Wisc. Dec. 22, 2008) ("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law'"); *Sharifi v. Stellar Recovery, Inc.*, 2016 WL 246134 at *1 (N.D. Ill. Jan. 20, 2016) ("fundamental error"); *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of USA, Inc.*, 2009 WL679651 at *2 (E.D. Wisc. Mar. 16, 2009) ("GSUSA claims that a response is not required because the allegation is a legal conclusion. Because these two responses are not proper denials under Rule 8(b), the allegations to which they respond are deemed

---

[2] *See, e.g.*, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY RULE 8 (citing cases); *Gulf Restoration Network v. U.S.E.P.A.*, 2018 WL 5297743 (E.D. La. Oct. 25, 2018) at *4 ("Moreover, defendants' argument that they are exempt from the requirements of Rule 8(b) because this is a record review case, is not accepted.").

admitted."); *State Farm Mutual Automobile Ins. Co. v. Riley*, 199 F.R.D. 276 (2001) ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that *all* allegations must be responded to. But perhaps more importantly, it disregards established law from the highest authority on down that legal conclusions are an integral part of the federal notice pleading regime[.]") (emphasis in original, cleaned up); *Gomez v. U.S.*, 2010 WL 3834211 at *2 (S.D. Fla. Sept. 28, 2010) ("Instead the Plaintiff responded to these paragraphs with the impermissible "states a legal conclusion" retort. Pursuant to Rule 8(b)(6), since these allegations required a responsive pleading and were not denied, they are deemed admitted.").

Likewise, there is no option to respond to an allegation concerning a document by contending that a document "speaks for itself" or referring the Court to the Administrative Record. As one Court put it:

> Another unacceptable device, used by lawyers who would prefer not to admit something that is alleged about a document in a complaint (or who may perhaps be too lazy to craft an appropriate response to such an allegation), is to say instead that the document "speaks for itself." This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until such writing does break it silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of document (or statutes or regulations).

*See* State Farm, 199 F.R.D. at 279.

Likewise, the variant of "legal conclusion" employed by the Secretary (*i.e.*, "to the extent") has been deemed an improper qualified denial and, again, fails to admit or deny the allegations. *See, e.g., Valley Forge Ins. Co. v. Hartford Iron and Metal, Inc.*, 2015 WL 5730662 at *3 (N.D. Ind. Sept. 30, 2015) ("akin to an impermissible qualified denial", striking paragraphs from Answer); *Trustees of the Auto. Mechanics Local No. 701 v. Union Bank of Cal., N.A.*, 2009 WL 4668580 (N.D. Ill. Dec. 2, 2009) ("Even apart from the fact that legal conclusions are entirely

proper components of a complaint, thus calling for a response under Rule 8(b)(1)(B), 'to the extent' is a telltale tipoff that [a party] has failed to comply with the notice pleading requirements that the federal system imposes[.]", cleaned up). *See, e.g., Baumann v. Bayer, A.G.*, 2002 WL 1263987 at *1 (N.D. Ill. June 5, 2006) ("[I]t is of course obvious that any purported response that begins with 'to the extent that' is wholly uninformative.").

Thus, because the Secretary neither admitted nor denied the allegations of virtually all the paragraphs of the Complaint, those allegations are deemed admitted under the Rules. *See, e.g., U.S. v. Vehicle 2007 Mack 600 Dump Truck*, 680 F.Supp.2d 816, 827-829 (E.D. Mich. 2010) (allegations deemed admitted); *King Vision Pay Per View, Ltd. v. J.C. Dimitri's Restaurant, Inc.*, 180 F.R.D. 332, 334 N.D. Ill. June 17, 1998) ("Accordingly all of the allegations of Complaint ¶¶ 6-12, 17, 25-26, and 33-34 are held to have been admitted … and this action will proceed on that basis.").

To pick a single example, in a case where compliance with the notice and comment provisions of 42 U.S.C. § 1395hh is one of the Causes of Action (see Cause of Action V), no lawyer could have had a good faith belief that he could avoid admitting or denying an allegation related to that on the grounds that it is a "legal conclusion." Yet, that is exactly what the Secretary did in responding to, *e.g.*, ¶ 65 of the Complaint. *See* Dkt. #80 at 116. Having chosen this course of conduct, the Secretary should live with the consequences under the Rules.

As detailed above, by operation of FED.R.CIV.P. 8(b)(6), the allegations of the Complaint should be deemed admitted except in the few instances where the Secretary actually admitted or denied the allegations.

## CONCLUSION

Plaintiffs note that this case has been pending for more than two years during which the Plaintiffs endured a series of delay and evasion tactics by the Secretary. Enough is more than enough. The Secretary should live with the consequences of his/her tactics.


Dated:  March 2, 2021

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*