## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| NORRIS COCHRAN, in his official | ) | |
| capacity as Acting Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), the Defendant, Norris Cochran,[1]

Acting Secretary of Health and Human Services (the "Secretary"), respectfully amends his

answers to the allegations of the Complaint as follows.  The Secretary notes that, pursuant to 42

U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative

record, rather than the allegations of the parties in their respective pleadings.

1.     This paragraph consists of plaintiffs' characterization of this lawsuit, to which no

response is required.

2.     This paragraph consists of factual allegations regarding diabetes and continuous

glucose monitors.  Admitted that "the Secretary urges Medicare beneficiaries to control their

diabetes."  Admitted that "the public health care implications and associated costs" concern the

Secretary.  The Secretary otherwise lacks sufficient knowledge or information to form a belief

about the truth of the allegations in this paragraph.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the

---

[1] Acting Secretary Cochran is automatically substituted as Defendant by operation of Federal
Rule of Civil Procedure 25(d).

Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

3.      Denied.  The Secretary specifically denies the allegations of "irrational resistance" to coverage of continuous glucose monitors, of having adopted a "nonsensical" position, and of having concealed the true basis for any claim denial.  The Secretary specifically denies responding to any initial claim for benefits with the phrase "Medicare does not cover this device or service."  The Secretary specifically denies that extensive litigation, or any litigation at all, is necessary to reveal the legal interpretation that was published in CMS Ruling 1682-R in January 2017.

4.      Denied that Medicare beneficiaries "do not know the true basis for the Secretary's denials."  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

5.      Denied.

6.      Admitted that certain district courts and administrative bodies have concluded that all continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations, and that the Secretary denies claims for certain continuous glucose monitors on the grounds that they are not durable medical equipment.  Denied that the Secretary is "impervious to reason" or denies any claim for benefits on "nonsensical grounds."  To the extent that the Secretary has denied any claims by Medicare beneficiaries entitled to issue

preclusion because they have litigated the question of coverage to a final judgment, that denial was in error.

7.     This paragraph contains plaintiffs' characterization of this lawsuit, to which no response is required.  Denied that the Secretary has failed "to provide the coverage . . . Congress specified in the Medicare program."

8.     Denied that this Court has subject matter jurisdiction over the claim brought by Mr. Sargent.  Denied that "Ms. Lewis is filing suit after a final decision of the Medicare Appeals Council (acting on behalf of the Secretary) denying coverage of her Medicare claim."  The remainder of this paragraph consists of plaintiffs' legal conclusions regarding subject-matter jurisdiction, to which no response is required.

9.     Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied that "the Secretary has defied Congress' will by refusing to provide Medicare coverage for diabetic patients needing continuous glucose monitors."  Admitted that certain continuous glucose monitors are approved for commercial distribution by the Food and Drug Administration.  The remainder of this paragraph consists of factual allegations regarding diabetes and continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of those allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To

the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

14.     Admitted that, as explained in CMS Ruling 1682-R, the Secretary considers some, but not all, continuous glucose monitors to be durable medical equipment within the meaning of the Medicare statute and regulations.  Otherwise denied.

15.     Admitted that at least one district court has concluded that all continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.  Admitted that the Secretary has nonetheless adhered to the view that some continuous glucose monitors are not so covered.  Denied that the Secretary has "denied claims for CGM coverage" on the basis of any "terms coined by the Secretary that have no basis in the law and also have no defined meaning."  Averred that, in any case where the Secretary denied coverage for a continuous glucose monitor, that denial was based on his interpretation of the Medicare Part B statute and regulations.  Otherwise denied.

16.     Denied.

17.     Admitted that claims for Medicare coverage are submitted and evaluated separately.  Otherwise denied.

18.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.  Admitted that the Secretary has nonetheless adhered to the view that some continuous glucose monitors are not so covered.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

19.     This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.  Denied that the Secretary has engaged in any unlawful conduct or tactics, or issued any unlawful denials of coverage.

20.     Admitted that Ms. Lewis in an individual and is eligible for Medicare.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the allegation that Ms. Lewis is currently a resident of Massachusetts.

21.     Admitted that Mr. Sargent in an individual and is eligible for Medicare.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the allegation that Ms. Lewis is currently a resident of Connecticut.

22.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of this allegation.  The Secretary lacks sufficient information to identify the Medicare beneficiaries discussed in this paragraph.

23.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

24.     Admitted that Alex M. Azar II was the Secretary of Health and Human Services when the Complaint was filed.  The remainder of this paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

25.     This paragraph consists of factual allegations regarding diabetes.  The final two sentences describe a report published by the Centers for Disease Control, which speaks for itself. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remainder of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

26.     This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

27.     This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

28.     This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

29.     This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

30.     This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

31.     This paragraph consists of factual allegations regarding glucose tests.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these

allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

32.     This paragraph consists of factual allegations regarding glucose tests.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

33.     This paragraph chiefly consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.  Admitted that some supplies necessary for the use of durable medical equipment are covered under Medicare Part B.

34.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the

truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

35.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

36.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

37.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

38.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

39.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The fourth sentence describes a report published by the Centers for Disease Control, which speaks for itself.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent

that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

40.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

41.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

42.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative

11

record for a full and accurate statement of its contents.  To the extent that these factual

allegations are not reflected in the administrative record, they are beyond the scope of the

Court's review in this case.

      43.     Admitted that the Food and Drug Administration (FDA) has approved the

Dexcom G5 Mobile Continuous Glucose Monitoring System for commerical distribution.  This

paragraph summarizes and characterizes the FDA's premarket approval decision, which speaks

for itself.

      44.     Admitted that the Secretary has adhered to the view that some continuous glucose

monitors are not covered as durable medical equipment.  Denied that the Secretary has "resisted"

covering such devices, or that his position has been "[i]nexplicabl[e]."

      45.     This paragraph consists of plaintiffs' characterizations of the Medicare statute, to

which no response is required.  The Court is respectfully referred to the cited statutory provisions

for a full and complete statement of their contents.

      46.     Admitted that continuous glucose monitors are only available with a prescription.

Otherwise denied.

      47.     Admitted.

      48.     Denied.

      49.     This paragraph consists of plaintiff's characterizations of the Medicare statute, to

which no response is required.  The Court is respectfully referred to the cited statutory provision

for a full and complete statement of its contents.

      50.     Denied.

51.     This paragraph consists of plaintiff's characterizations of the Secretary's regulations, to which no response is required.  The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents.

52.     Admitted that certain components of at least some continuous glucose monitors can withstand repeated use.  The Secretary notes that this element of the regulatory test was not at issue in the agency decisions under review.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

53.     Admitted that the receiver of a Dexcom G5 Mobile Continuous Glucose Monitoring System has a life expectancy of at least three years.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations as to the receiver of "the Medtronic MiniMed . . . device[]."   The Secretary notes that this element of the regulatory test was not at issue in the agency decisions under review.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

54.     Admitted that certain continuous glucose monitors are primarily and customarily used to serve a medical purpose within the meaning of the Medicare Part B regulations; denied that all such monitors are so used.

55.     Admitted that certain continuous glucose monitors are generally not useful to an individual in the absence of illness or injury.  The Secretary notes that this element of the regulatory test was not at issue in the agency decisions under review.  Pursuant to 42 U.S.C.

§ 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

56.    Admitted that certain continuous glucose monitors are appropriate for use in the home.  The Secretary notes that this element of the regulatory test was not at issue in the agency decisions under review.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

57.    Admitted that certain continuous glucose monitors are not otherwise excluded from coverage.  The Secretary notes that this element of the regulatory test was not at issue in the agency decisions under review.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.

58.    Admitted that CMS Ruling 1682-R was issued on January 12, 2017, and that the phrase "binding on all CMS components, on all Department of Health and Human Services components that adjudicate matters under the jurisdiction of CMS, and on the Social Security Administration" appears in CMS Ruling 1682-R, at page 1.  Denied that the phrase "final opinion and order" appears in CMS Ruling 1682-R.  Plaintiffs' characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

59.     Plaintiffs' characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

60.     Plaintiffs' characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents. Admitted that CMS Ruling 1682-R contains the quoted language.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the factual allegations contained in the footnote.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

61.     Plaintiffs' characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

62.     Admitted that the Secretary has denied coverage of some continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

63.     Admitted that, prior to January 12, 2017, the Secretary did not consider any continuous glucose monitor to be durable medical equipment within the meaning of the Medicare statute and regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

64.     Denied.

65.     Admitted that Local Coverage Determination L33822 and Policy Article A52464 were revised to account for CMS Ruling 1682-R, and that this revision was not preceded by notice and an opportunity to comment.  The Court is respectfully referred to Local Coverage Determination L33822 and Policy Article A52464 for a full and complete statement of their contents.

66.     Denied.

67.     Admitted that the Secretary has denied coverage of certain continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare Part B regulations.

68.     Admitted that the Secretary has adhered to the view that some continuous glucose monitors are not covered as durable medical equipment.  The characterizations of Policy Article A52464 are denied.  The Court is respectfully referred to Policy Article A52464 for a full and complete statement of its contents.  Otherwise denied.

69.     Admitted that Medicare coverage of continuous glucose monitors has been reviewed by several district courts.

70.      Admitted that administrative law judges have concluded that certain continuous glucose monitors are covered as durable medical equipment under the Medicare statute and regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations.  The web address provided in this paragraph appears to be inactive.

71.     The Secretary denies the characterizations of the cited district court decisions, which speak for themselves.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

72.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.

73.     The Secretary denies the characterizations of the cited district court decisions, which speak for themselves.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

74.     The Secretary denies the characterization of the cited district court decision, which speaks for itself.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

75.     The Secretary denies the characterization of the cited administrative decision, which speaks for itself.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

76.     Denied.  The Secretary also denies the characterization in the heading that precedes this paragraph.

77.     Admitted that, to qualify for participation in the program, Medicare beneficiaries must be elderly or disabled.  Denied that "the Secretary's rules preclude the counsel from being paid until the fourth level of a five-level claim process."   The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations.

78.     Admitted that Medicare beneficiaries can, subject to an amount-in-controversy requirement, avail themselves of four levels of administrative appeals if their initial claim is denied.  Denied that Medicare beneficiaries are "forced into" this appeal process.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations.

79.     Admitted that, in fiscal year 2016, fewer than 3% (that is, approximately 3.5 million out of approximately 119 million) of denied Medicare fee-for-service claims were appealed.  Otherwise denied.

80.     Denied.

81.     This paragraph consists of plaintiffs' description of a hypothetical scenario, to which no response is required.

82.     This paragraph consists of plaintiffs' description of a hypothetical scenario, to which no response is required.

83.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of this allegation.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The Secretary admits that the Medicare Appeals Council sometimes does not resolve appeals within 90 days.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of this allegation.

88.     Admitted that Ms. Lewis's appeal to the Medicare Appeals Council was pending for more than two years, and that one of Mr. Sargent's appeals was pending for almost a year. Otherwise denied.

89.     Admitted that the Secretary is authorized to, and sometimes does, seek review by the Medicare Appeals Council of adverse decisions issued by an administrative law judge. Plaintiffs' characterizations are otherwise denied.

90.     Admitted that, under the Secretary's regulations, decisions by administrative law judges and the Medicare Appeals Council do not have precedential nor preclusive effect. Plaintiffs' characterizations are otherwise denied.

91.     Admitted that Ms. Lewis has pursued numerous administrative appeals. Otherwise denied.

92.     Admitted that certain district courts and administrative bodies have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.  Admitted that the Secretary has nonetheless adhered to the view that some continuous glucose monitors are not so covered.  Otherwise denied.

93.     This paragraph consists of plaintiffs' characterizations of the proceedings in *Bloom v. Azar*.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for

a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

94.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations, and that the Secretary has nonetheless adhered to the view that some continuous glucose monitors are not so covered.  Admitted that Ms. Lewis received at least one erroneous claim denial after a final district court judgment preclusively resolved this legal issue in her favor.  Averred that the Secretary has addressed this issue with his contractor.

95.     This paragraph consists of plaintiffs' characterizations of the proceedings in *Bloom v. Azar*.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

96.     Denied.

97.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are

not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

98.     Admitted that Ms. Lewis has pursued multiple administrative appeals on the question of continuous glucose monitor coverage, and has now brought a second suit on that subject in federal court.

99.     Admitted that, as reflected in the administrative record, Ms. Lewis submitted a claim for continuous glucose monitor components which were provided on October 26, 2015.

100.    Admitted.

101.    Admitted that Ms. Lewis received an initial denial on March 31, 2016, which stated that "Medicare does not pay for this item or service," and that she subsequently sought redetermination.  Otherwise denied.

102.    Admitted that Ms. Lewis received a denial on redetermination on May 24, 2016, and subsequently sought reconsideration.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

103.    Admitted that Ms. Lewis received a denial on reconsideration on August 12, 2016, and subsequently sought a hearing before an administrative law judge.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is

based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

104.    Admitted that Ms. Lewis received a denial from the administrative law judge on November 18, 2016, and subsequently sought a hearing before the Medicare Appeals Council. Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

105.    This paragraph consists of plaintiffs' characterizations and legal conclusions regarding the Medicare appeals process, to which no response is required.  Defendant respectfully refers the Court to the statutory text for a full and accurate statement of its contents.

106.    Admitted that Ms. Lewis filed a request for escalation dated November 26, 2018.

107.    Admitted that the decision of the administrative law judge serves as the Secretary's final decision on Ms. Lewis's claim.

108.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in

their respective pleadings; Defendant thus respectfully refers the Court to the administrative

record for a full and accurate statement of its contents.  To the extent that these allegations are

not reflected in the administrative record, they are beyond the scope of the Court's review in this

case, and no response is required.

109.    The Secretary lacks sufficient knowledge or information to form a belief about the

truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

action is based solely on the administrative record, rather than the allegations of the parties in

their respective pleadings; Defendant thus respectfully refers the Court to the administrative

record for a full and accurate statement of its contents.  To the extent that these allegations are

not reflected in the administrative record, they are beyond the scope of the Court's review in this

case, and no response is required.

110.    This paragraph consists of plaintiffs' characterizations of prior administrative

proceedings and the administrative record in this case.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A),

the Court's review in this action is based solely on the administrative record, rather than the

allegations of the parties in their respective pleadings; Defendant thus respectfully refers the

Court to the administrative record for a full and accurate statement of its contents.  To the extent

that these allegations are not reflected in the administrative record, they are beyond the scope of

the Court's review in this case, and no response is required.

111.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no

response is required.

112.    Admitted that, as reflected in the administrative record, Mr. Sargent submitted a

claim for continuous glucose monitor components which were provided on August 9, 2016.

Admitted that the amount of the claim was $1,419.

113.    Admitted that Mr. Sargent received an initial denial on September 9, 2016, and subsequently sought redetermination.  Admitted that the explanation of this denial was that "Medicare does not pay for this item or service."  Denied that "statutorily excluded" was the basis of this denial.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

114.    Admitted that Mr. Sargent received a denial on redetermination on February 27, 2017, and subsequently sought reconsideration.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

115.    Admitted that Mr. Sargent received a denial on reconsideration on April 21, 2017, and subsequently sought a hearing before an administrative law judge.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for

a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

116.    Admitted that Mr. Sargent received a denial from the administrative law judge on September 5, 2017.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

117.    Admitted that the administrative law judge denied Mr. Sargent's claim for coverage, and that Mr. Sargent sought further review before the Medicare Appeals Council.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

118.    Admitted that the Medicare Appeals Council denied Mr. Sargent's claim for coverage on October 15, 2018.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C.

§ 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

119.    This paragraph consists of plaintiffs' characterizations of a Medicare Appeals Council decision contained in the administrative record.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

120.    Admitted that, as reflected in the administrative record, Mr. Sargent submitted a claim for continuous glucose monitor components which were provided on April 12, 2017. Admitted that the amount of the claim was $1,419.

121.    Admitted that Mr. Sargent received an initial denial on April 21, 2017, and subsequently sought redetermination.  Admitted that the explanation of this denial was that "Medicare does not pay for this item or service."  Denied that "statutorily excluded" was the basis of this denial.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected

in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

122.    Admitted that Mr. Sargent received a denial on redetermination on August 15, 2017, and subsequently sought reconsideration.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.  Admitted that Mr. Sargent received a denial on redetermination on August 15, 2017, and subsequently sought reconsideration.

123.    Admitted that Mr. Sargent received a denial on reconsideration on March 2, 2018, and subsequently sought a hearing before an administrative law judge.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

124.    Admitted that the administrative law judge approved Mr. Sargent's claim for coverage on June 15, 2018, and that the Medicare Appeals Council subsequently reviewed that

decision.  Plaintiffs' characterizations of this decision, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

125.    Admitted that the Medicare Appeals Council denied Mr. Sargent's claim for coverage on October 15, 2018.  Plaintiffs' characterizations of this denial, which is included in the administrative record and speaks for itself, are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

126.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

127.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

128.    This paragraph consists of plaintiffs' characterization of this lawsuit, to which no response is required.

129.    Denied.

130.    This paragraph describes a report published by the Centers for Disease Control, which speaks for itself.

131.    This paragraph describes a report published by the Centers for Disease Control, which speaks for itself.

132.    This paragraph describes a report published by the World Journal of Diabetes, which speaks for itself.

133.    This paragraph describes a report published by QJM (formerly the Quarterly Journal of Medicine), which speaks for itself.

134.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

135.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

136.    Denied.

137.    Denied.

138.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

139.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

140.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

141.    Denied.

142.    Denied.

143.    Denied.

144.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

145.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.

146.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

147.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court.

148.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court.

149.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

150.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court.

151.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court.

152.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

153.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

154.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

155.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

156.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

157.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

158.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

159.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court as to plaintiff Carol Lewis.

160.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever. The Secretary notes that this claim has been dismissed by the Court as to plaintiff Carol Lewis.

161.     In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

162.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

163.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

164.    In this paragraph, plaintiffs repeat the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

165.    Denied.

166.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

The remaining paragraphs of the complaint contain plaintiffs' requested relief, to which no response is required.  The Secretary denies that plaintiffs are entitled to the requested relief or any relief whatsoever.

The Secretary denies any and all allegations of the complaint not expressly admitted herein.

## DEFENSE

This Court lacks subject matter jurisdiction over the claims brought by Mr. Sargent.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov

Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

Date: March 9, 2021