IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) )  Case No. 18-cv-2929 (RBW) |
| NORRIS COCHRAN, in his official capacity as Acting Secretary of Health and Human Services, | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO DEEM ALLEGATIONS ADMITTED**

"[W]hen a party seeks review of agency action under the APA" or the Medicare statute, "the district judge sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). "The 'entire case' on review is a question of law," *id.*, and the "complaint, properly read, actually presents no factual allegations, but rather only arguments about the legal conclusion to be drawn about the agency action," *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *accord Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009); *Univ. Med. Ctr. of S. Nev. v. Shalala*, 173 F.3d 438, 440 n. 3 (D.C. Cir. 1999); *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996). The district court's review "is based on the agency record and limited to determining whether the agency acted arbitrarily or capriciously," *Rempfer*, 583 F.3d at 865, or in violation of another standard set out in 5 U.S.C. § 706.

Nonetheless, plaintiffs have filed a motion to deem a wide range of allegations admitted by the Secretary through alleged defects in the answer filed on February 16. Plaintiffs appear to believe that although "challengers are 'not . . . ordinarily entitled to augment the agency's record

with either discovery or testimony presented in the district court,'" *Rempfer*, 583 F.3d at 865 (quoting *Marshall Cnty.*, 988 F.2d at 1226), the pleadings provide a vehicle for introducing factual allegations that go beyond the agency record.  That is not so, and the Secretary would have been within his rights to move to strike such allegations from the complaint.  Moreover, Federal Rule of Civil Procedure 8(b)(3) explicitly authorizes a defendant to "generally deny all [allegations] except those specifically admitted," as the Secretary did in his original answer.  ECF No. 80 at 37.  Plaintiffs' motion to deem admitted all allegations that were not specifically denied is therefore plainly meritless.  *See Taylor Energy Co. v. United States*, 2020 WL 6075693, at *4 (D.D.C. Oct. 14, 2020).

But in an effort to avoid unnecessary litigation of procedural disputes, the Secretary has amended his answer in accordance with Federal Rule of Civil Procedure 15(a)(1)(A) to provide more specific denials.  The Secretary notes that "the fact that documents may exist, either in the administrative record or broader world, that support an allegation does not make that allegation so obvious or undisputed that a defendant must admit it under Rule 8(b)."  *Taylor Energy*, 2020 WL 6075693, at *4.  Under those circumstances, "it is reasonable under the language of Rule 8(b) to deny allegations . . . until [the plaintiff] marshals specific evidence in support of the facts alleged."  *Id.*  The Secretary has done so where appropriate in his amended answer, ECF No. 83, and plaintiffs' motion is now moot.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        MICHELLE BENNETT
        Assistant Director, Federal Programs Branch

|  |  |
|---|---|
|  | */s/ James Bickford* <br> JAMES BICKFORD <br> Trial Attorney (N.Y. Bar No. 5163498) <br> United States Department of Justice <br> Civil Division, Federal Programs Branch <br> 1100 L Street, NW <br> Washington, DC 20530 <br> James.Bickford@usdoj.gov <br> Telephone: (202) 305-7632 <br> Facsimile: (202) 616-8470 |
| Date: March 15, 2021 | *Counsel for Defendant* |