**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CAROL A. LEWIS, *et al.*,  )
                          )   Case No. 18-cv-2929 (RBW)
                Plaintiffs,  )
                          )
        v.                )
                          )
XAVIER BECERRA, in his official  )
capacity as Secretary of Health and  )
Human Services,           )
                          )
                Defendant.  )
_____ )

**CAROL LEWIS AND DOUGLAS SARGENT'S**
**REPLY IN SUPPORT OF MOTION TO DEEM ALLEGATIONS ADMITTED**

At a minimum, Plaintiffs' motion has conclusively resolved the issue of whether the Secretary's "Answer" of February 16, 2021 and its failure to respond to the allegations of the Complaint was a deliberate decision, inadvertence, or ignorance.  The Secretary's opposition makes clear that the "Answer" was a deliberate decision.  As a result of the non-response of the "Answer", and for the second time, Plaintiffs were forced to file their motion for class certification without knowing which issues were contested.  Having achieved evasion and delay, the "Amended Answer" cleared up some, but not all, of the non-responses.  Plaintiffs file this Reply because the Secretary's conduct in this regard may be a factor for the Court to consider at later stages of this case.

The Secretary's opposition appears to contend that the reason the Secretary refused to respond to the allegations of the Complaint is because the Secretary is immune to the requirements of Fed.R.Civ.P. 8, in record review cases.  Opp. at 1-2.  Of course, the Rules of Civil Procedure say nothing of the kind.  *Gulf Restoration Network v. U.S.E.P.A.*, 2018 WL 5297743 (E.D. La. Oct. 25, 2018) at *4 ("Moreover, defendants' argument that they are exempt from the requirements

of Rule 8(b) because this is a record review case, is not accepted."). Further, because many of the allegations in this case go beyond the record in any one case (*e.g.*, allegations regarding the failure to comply with notice and comment with respect to CMS 1682-R and class certification allegations), there is no good faith basis for refusing to answer on the grounds that those allegations are not contained in the administrative record.

Next, though relying on improper non-responses to more than 95% of the paragraphs prior to the Causes of Action, the "Answer" stated: "The Secretary denies any and all allegations of the complaint not expressly admitted here." The Secretary contends that this closing sentence complies with FED.R.CIV.P. 8(b)(3) which the Secretary claims allows for general denials/denials except where specifically admitted. Opp. at 2. Thus, the Secretary contends, notwithstanding the non-responses, that the allegations were denied with a general denial.

This is not correct. Pursuant to FED.R.CIV.P. 8(b)(3), a general denial may be used when a party can do so "in good faith." Further, pursuant to FED.R.CIV.P. 8(b)(2), a party must fairly respond to the substance of allegations. To the extent, the Secretary seriously intended to deny many of the allegations, he could not do so in good faith.

For example, paragraph 8 of the Complaint alleged, in part: "This Court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g) and 1395ff." *See* Dkt. #1 at 2. The Secretary's "Answer" of February 16, 2021 responded: "This paragraph consists of plaintiffs' legal conclusions regarding subject matter jurisdiction to which no response is required." *See* Dkt. #80 at 3. No person could, in good faith, deny that this Court has subject matter over, for example, Ms. Lewis' claim as the Secretary now contends he did with his general denial.

Likewise, paragraph 65 of the Complaint alleged: "Without notice and comment, CMS 1682-R was subsequently incorporated into LCD L33822 and Policy Article A52464." *See* Dkt.

#1 at 15.  However, the "Answer" filed on February 16, 2021 responds: "This paragraph primarily consists of plaintiffs' characterizations and legal conclusions regarding CMS Ruling 1682-R, Local Coverage Determination L33822, and Policy Article A52464 to which no response is required.  The Court is respectfully referred to the cited documents for a full and complete state of their contents."  No person could, in good faith, contend that Secretary complied with notice and comment before incorporating CMS 1682-R into LCD L33822 and Policy Article A52464 as the Secretary now says he did.

Moreover, having failed to correct the "Answer" when the defects were brought to the Secretary's attention, the Secretary has multiplied the proceedings by necessitating additional motion practice.  As noted, the Secretary's conduct in this regard may be a factor at later stages of this case.


Dated:  March 22, 2021                              Respectfully submitted,

                                                    /s/Jeffrey Blumenfeld
                                                    D.C. Bar No. 181768
                                                    LOWENSTEIN SANDLER LLP
                                                    2200 Pennsylvania Avenue, NW
                                                    Washington, DC 20037
                                                    Telephone: (202) 753-3800
                                                    Facsimile:  (202) 753-3838
                                                    jblumenfeld@lowenstein.com

                                                        *and*

                                                    PARRISH LAW OFFICES
                                                    James C. Pistorino
                                                    788 Washington Road
                                                    Pittsburgh, PA 15228
                                                    Telephone: (412) 561-6250
                                                    Facsimile:  (412) 561-6253
                                                    james@dparrishlaw.com

                                                    *Attorneys for Plaintiffs*