IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, ) | |
| ) | Case No. 18-cv-2929 (RBW) |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JOINT PROPOSED SCHEDULE** |
| ) | |
| XAVIER BECERRA, in his official ) | |
| capacity as Secretary of Health and ) | |
| Human Services, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Pursuant to the Court's Order of February 22, 2021, the parties file this joint proposed schedule regarding dispositive briefing.

**Plaintiffs' Proposal:**

Assuming that a class is certified under FED.R.CIV.P. 23(b)(3) or that the Court elects to require notice for a class certified under FED.R.CIV.P. 23(b)(2), as set forth in Plaintiffs' class certification briefing, Plaintiffs will engage a third-party notice service to mail notices by first class mail, receive opt-outs, and provide that information to both Plaintiffs' and the Secretary's counsel. Further, as Plaintiffs understand the Court's direction regarding dispositive briefing, such briefing will only be considered once class notice has been completed and Plaintiffs' proposal is based on dates relative to a class certification decision.

As detailed below, in order to minimize further delay in this case, Plaintiffs propose that class notice and dispositive briefing proceed simultaneously so that the briefing will be completed and ready for hearing/decision at the earliest possible date. As proposed, the hearing/decision on dispositive motions is scheduled to occur after all the parties (including any potential MAPs) are known.

| Date | Activity |
|---|---|
| 30 days after class certification decision | Secretary to provide Plaintiffs' counsel with electronic files including names, associated HICNs, mailing addresses, and claim numbers for absent class members. In addition, for Part C class members, the Secretary to provide MAP' contact name and mailing addresses for each Part C class member/claim. |
| 30 days after class certification decision | Opening dispositive briefs due. |
| 50 days after class certification decision | Opposition briefs due. |
| 60 days after class certification decision | Reply briefs due. |
| 90 days after class certification decision | Deadline for class members to submit opt-outs and for motions to join/intervene by MAPs. |
| 115 days after class certification decision | Court to hold hearing or issue decision on dispositive motions no sooner than this date. |

If for some reason, either the class certification motion is denied or only partially granted, Plaintiffs anticipate that they will seek interlocutory appeal pursuant to FED.R.CIV.P. 23(f) and request that this Court stay proceedings until either the Court of Appeals refuses to take up the interlocutory appeal or rules on the same.

**Defendant's Proposal:**

Plaintiffs do not dispute that dispositive motions should be filed after this Court rules on their pending motion for class certification, and not before. The parties also seem to agree that the appropriate schedule for such motions will depend, at least in part, on the Court's ruling on class certification. If the Court certifies a class under Federal Rule of Civil Procedure 23(b)(3), provisions will have to be made for notice and an opportunity for class members to opt out; the Court could also choose to require to require notice to a class certified under Rule 23(b)(2). If a certified class included Medicare Advantage beneficiaries, then (as plaintiffs also seemingly acknowledge, with their reference to "MAPs") the schedule would have to provide the relevant Medicare Advantage insurers with an opportunity to participate as parties to this case. *See* 42

2

U.S.C. § 1395w-22(g)(5).  Finally, as plaintiffs point out, Rule 23(f) permits either party to petition the Court of Appeals to review this Court's "order granting or denying class-action certification." Such a petition would be due 45 days after this Court's ruling on class certification.  As plaintiffs also note, any party seeking to appeal could ask this Court or the Court of Appeals to stay proceedings on the merits pending a resolution of the class certification issue.

Since neither party contends that dispositive briefing should precede this Court's decision on class certification, and since an appropriate schedule would depend in considerable part on the substance of the Court's decision—which might or might not require notice to class members, or to Medicare Advantage insurers entitled to participate in this case—the Secretary respectfully suggests that it would be most appropriate for the Court to order the parties to submit a joint proposed schedule for dispositive briefing 60 days after the issuance of this Court's order on class certification.  At that point, the Court and the parties will know the structure of any certified class, and whether either party has sought an appeal under Rule 23(f).

If the Court wishes to enter a schedule for dispositive briefing now, the Secretary suggests that plaintiffs' motion for summary judgment shoud be filed 60 days after a denial of class certification, with the Secretary's cross-motion to follow 21 days later, followed by plaintiffs' opposition and reply 21 days after that, and the Secretary's reply 14 days later.  If class certification is granted, the Secretary would ask that the Court provide an appropriate opportunity for class members to receive notice and exercise any right to opt out of this litigation, and (if necessary) for Medicare Advantage insurers to join this case.  As parties, *see* 42 U.S.C. § 1395w-22(g)(5), the insurers would be entitled to participate in dispositive briefing, which the schedule proposed by plaintiffs above would seem to preclude.

3

Dated: March 22, 2021

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile: (202) 753-3838
jblumenfeld@lowenstein.com

and

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile: (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*

and

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*