IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. LEWIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 18-cv-2929 (RBW) |
| XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, | ) ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

At the Court's suggestion, the Secretary of Health and Human Services hereby provides notice of additional authority relevant to the question of whether any potential class should be defined to include individuals without viable claims. The Secretary's principal authorities on this issue are *Pavano v. Shalala*, 95 F.3d 147 (2d Cir. 1996); *Medellin v. Shalala*, 23 F.3d 199 (8th Cir. 1994); and *Johnson v. Shalala*, 2 F.3d 918 (9th Cir. 1993), which are discussed on pages 27 through 30 of his opposition brief, ECF No. 84, as well as the district court cases cited in notes 10 and 11 therein. The Secretary respectfully brings the following additional cases to the attention of the Court.

In *Wetzel v. Liberty Mutual Insurance Company*, the Third Circuit reviewed a district court's class certification order in an employment discrimination case. 508 F.2d 239 (3d Cir. 1975). Liberty Mutual challenged the district court's conclusion that the numerosity requirement of Rule 23(a)(1) had been satisfied, arguing "that employees whose claims are time barred by the statute of limitations . . . should be excluded from the class." *Id.* at 246. The Third Circuit "agree[d] with Liberty Mutual that such individuals should have been excluded," *id.*, but found the class sufficiently numerous after excluding them.

1

In *National Association of Government Employees v. City Public Service Board of San Antonio, Texas*, the Fifth Circuit reviewed a district court's denial of class certification, which adopted a magistrate judge's findings and recommendations. 40 F.3d 698 (5th Cir. 1994). "The district court denied class certification . . . on the ground that the putative class did not satisfy the numerosity requirement of Rule 23(a)(1)." *Id.* at 715 (footnote omitted). "The magistrate judge found only eleven putative class members who complained of events occurring within the two-year statute of limitations . . . ." *Id.* On appeal, the Fifth Circuit held as follows:

> Putative class members whose grievances are barred by the statute of limitations or who cannot allege specific instances of discrimination within the relevant time frame cannot be counted toward computation of the class. Because only eleven putative class members could complain of probative events within the statute of limitations, the district court correctly denied class certification.

*Id.* at 716 (footnote omitted).

In *Guy v. Lexington-Fayette Urban County Government*, the Sixth Circuit reviewed a district court's denial of class certification in a civil rights case. 488 Fed. App'x 9 (6th Cir. 2012). "[T]he district court found that plaintiffs lacked the requisite numerosity because only four class members' claims were not time-barred with regard to [the county government], and only three were not time-barred with regard to the individual defendants." *Id.* at 22. In an unpublished opinion, the Sixth Circuit held "that the district court did not abuse its discretion in finding that plaintiffs' putative class failed on numerosity grounds." *Id.*

In *Doe v. Chao*, the Fourth Circuit affirmed a district court's denial of class certification for lack of the typicality required by Rule 23(a)(3). 306 F.3d 170 (4th Cir. 2002). After a discussion of matters not relevant here, the court concluded its analysis as follows:

> Additionally, the Government correctly notes that the proposed class was drafted without regard to the two-year statute of limitations for Privacy Act claims, so that the overwhelming majority of claims included in the

2

> proposed class may be time-barred. This, too, undermines typicality because the claims of the named representatives would differ from those of unnamed class members with potentially time-barred claims. Accordingly, the district court did not abuse its discretion in declining to certify the proposed class.

*Id.* at 184 (citations omitted).

In *International Union v. Clark*, a court in this district declined to certify a class bringing claims under Section 501 of the Rehabilitation Act, which requires exhaustion of administrative remedies. 2006 WL 2687005 (D.D.C. Sept. 12, 2006). The court concluded that plaintiffs had not demonstrated numerosity, as required by Rule 23(a)(1). The Court began its analysis as follows:

> There are currently fifty-four Plaintiffs in this case; as noted above, however, only four are eligible for inclusion in the proposed class. While the parties agree that there are between 200 and 300 [Court Security Officers] who were disqualified pursuant to the modified medical fitness for duty standards, only those individuals who have timely exhausted their remedies at the administrative agency level can maintain Section 501 claims . . . and thus can be included in the class.

*Id.* at *5.

Finally, in *Molock v. Whole Foods Market Group, Inc.*, the D.C. Circuit heard an interlocutory appeal from a denial of a motion to dismiss some putative class members under Rule 12, for lack of personal jurisdiction. 952 F.3d 293 (D.C. Cir. 2020). The *Molock* court explained that "[i]t is class certification that brings unnamed class members into the action and triggers due process limitations on a court's exercise of personal jurisdiction over their claims." *Id.* at 298. "Any decision purporting to dismiss putative class members before that point would be purely advisory." *Id.* The *Molock* court emphasized that Whole Foods was "moving to dismiss the nonresident putative class members' claims for lack of personal jurisdiction, not . . . challenging the [named plaintiffs'] right to represent those claims consistent with Federal Rule of Civil Procedure 23; indeed, Whole Foods' motion to dismiss never even cites Rule 23." *Id.* at 300.

Dated:  July 21, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*