**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL A. LEWIS, *et al.*, | ) | |
| | ) | Case No. 18-cv-2929 (RBW) |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| XAVIER BECERRA, in his official | ) | |
| capacity as Secretary of Health and | ) | |
| Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO THE SECRETARY'S SUPPLEMENTAL AUTHORITY**

In response to the Secretary's supplemental authority, Plaintiffs show the Court as follows:

As Plaintiffs previously demonstrated, in *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455 (2013), the Supreme Court stated:

> [T]he office of a [class] certification ruling is not to adjudicate the case; rather, it is to select the method best suited to adjudication of the controversy fairly and efficiently.  ...  An evaluation of the probable outcome on the merits is not properly part of the class certification decision.

*Id.* at 466 (cleaned up).  Thus, it is simply improper to evaluate the probable/potential outcome of claims or defense as part of the class certification decision.  Further, in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), the Supreme Court (*citing Devlin v. Scardelletti*, 526 U.S. 1 (2002)) noted: "no one is willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-litigation *before the class is certified*."  *Id.* at 313 (emphasis in original, cleaned up).

Relying on *Smith* and *Devlin*, in *Molock v. Whole Foods Market Group, Inc.*, 952 F.3d 293 (D.C. Cir. 2020), the D.C. Circuit rejected efforts to dismiss unnamed class members on

alleged personal jurisdiction grounds prior to class certification.  On interlocutory appeal, after addressing merits based arguments, the Court stated:

> In the alternative, the [plaintiffs] argue that the district court should have denied [defendant's] motion to dismiss, not on the merits, but on the ground that it was premature because prior to class certification putative class members are not parties to the action.  On this point we agree.

*Id*. at 296.  Thus, it is the class certification decision that brings the unnamed class members (and their claims) into the litigation.

Even where properly pled, affirmative defenses are not part of the typicality inquiry of FED.R.CIV.P. 23(a)(3) because that is focused on the claims or defenses of the representative parties and not the defenses of the defendant.  *See, e.g., Seidman v. American Automobile Sys., Inc.*, 157 F.R.D. 354, 361 (E.D. Pa. 1994).

All of the above said, if the defendant brings a motion aimed at the named plaintiffs, then the Court may properly address the motion prior to class certification and the resolution of that motion may become law of the case effecting the class certification decision.  Absent such a motion, *Amgen* precludes the Court from otherwise limiting a class based on an assessment of whether the plaintiff or defendant will win or lose any issue.  That inquiry occurs after the class is certified.

Plaintiffs previously pointed out all of this in their prior briefing.  See Dkt. #71.

The Secretary's latest batch of cases add nothing.  All of the cases offered by the Secretary pre-date *Amgen* and *Molock*.  Thus, whatever the Secretary's latest cases say, they are not instructive.  Nevertheless, taken on their own terms, the Secretary's cases are consistent with Plaintiffs' position.

The Secretary newly cites *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239 (3rd Cir. 1975) for the proposition that "persons whose claims are time barred by the statute of limitations

… should be excluded from the class."  As recounted by the Third Circuit, it appears that the practice used in that case is consistent with Plaintiffs' position.

There, the District Court first certified a class, then granted partial summary judgment for the plaintiffs but partially denied injunctive relief.  *Id*. at 244-45.  On interlocutory appeal after the class certification,[1] the defendant for the first time contended that the statute of limitations provisions of the relevant statute (42 U.S.C. 2000e-5(d) – Equal Employment Opportunity Act) were jurisdictional and that class members who could not satisfy those provisions should be excluded.  *Id*. at 246, n. 8.  The Third Circuit agreed with defendant.

Of course, one basic difference between the *Wetzel* case and the present case is that, when statute of limitations was raised, the class had been certified and the absent class members had both representatives and counsel to protect their interests.  Having those protections, absent class members whose claims were jurisdictionally time barred were excluded from the relief accorded the rest of the class.  By contrast, in the present case, the absent class members have been accorded none of those protections.  Further, in direct contradiction of the mandates of the Supreme Court and the D.C. Circuit, the Secretary seeks to litigate merits as a condition of class certification.  That is barred.

Another basic difference between the *Wetzel* case and this case is that statute of limitations is not jurisdictional in this case.  Instead, it is an affirmative defense that the Secretary bore the burden of pleading and proving.  As a general matter, even if pled (which they are not in this case), affirmative defenses are not relevant to any part of the class certification inquiry.

The Secretary's citation to *National Ass'n of Government Employees v. City Public Service Board of San Antonio*, 40 F.3d 698 (5th Ci. 1994) is of the same type as *Pavano* and the

---

[1] That is, after the named plaintiffs had been approved as representatives of the absent class members and after the absent class members had been appointed counsel.

other cases.  That is, the defendant responded to the Complaint with a motion to dismiss/for summary judgment aimed at the named class members.  In particular, given the nine-year delay in bringing suit, the defendant alleged laches against the named class members as well as failure to exhaust administrative remedies.[2]  After extensive discovery, a magistrate judge recommended granting the motion to dismiss/summary judgment.  Further, the magistrate recommended denying a class certification motion because, in light of the motion to dismiss/summary judgment already granted, at most, there were only 11 class members.  Again, similar motions have not and could not be brought against the named plaintiffs in this case.

The Secretary's citation to *Guy v. Lexington-Fayette Urban County Government*, 488 Fed.App'x 9 (6th Cir. 2012) is, again, of the same type as *Pavano*.  A complicated history of four related class actions resulted in the defendant filing multiple motions to dismiss the ever-changing named plaintiffs on statute of limitations grounds, those motions were granted, and class certification was denied because, based on the granted motions to dismiss there were, at most, 4 class members.  Again, similar motions have not and could not be brought against the named plaintiffs in this case.

The Secretary also cites dicta from *Doe v. Chao*, 306 F.3d 170 (4th Cir. 2002).  There, the social security numbers of persons seeking black lung benefits were revealed in violation of, *inter alia*, the Privacy Act.  The District Court found that, because Privacy Act violations require individualized proof of damages (*i.e.*, "emotional damages"), typicality could not be shown, and class certification denied.  On appeal, the Fourth Circuit affirmed with respect to lack of typicality and, in passing, noted a potential statute of limitations defense that the Court thought

---

[2] Which is, apparently, jurisdictional in the context of an Equal Employment claim.

might also "undermine" typicality.  *Id.* at 184.  As mere dicta from a different Circuit more than 10 years before *Amgen*, this statement is less than instructive.

Finally, the Secretary cites *International Union v. Clark*, 2006 WL 2687005 (D.D.C. Sept. 12, 2006).  Once again, the defendant responded to the several Complaints with motions to dismiss/for summary judgment aimed at the named plaintiffs based on lack of exhaustion/statute of limitations affirmative defenses.  The Court granted these motions, in part, leaving only 4 out of 54 named plaintiffs in the case seeking to represent a class of 2-300.  *Id.* at *4; *see also* Dkt. #190 below.  With that decision in hand, the District Court then denied class certification because: 1) it would have been pure conjecture how many of the 2-300 proposed class members would have satisfied the exhaustion/statute of limitations and, therefore, numerosity was not shown; and 2) the plaintiffs could not show that they would "fairly and adequately protect the interests of the class" because they had not exhausted their class wide administrative remedies. *Id*. at *5-6.  Further, apparently, in the context of "Rehab Act" claims, exhaustion of administrative remedies is jurisdictional.  *Id.* at *6.

In Plaintiffs' view, the decision in *Clark* is easily defended on the second basis.  As to the first basis, whether that was correct or not depends on whether the prior decision on exhaustion/statute of limitations is considered to have established the law of the case governing further proceedings.  If so, then the decision was correct but would have no effect on anyone other than the named class members because, absent class certification, the absent class members were not parties and were not bound by the court's decision.  *See Smith* and *Molock*.  If the prior decision is not considered to have established the law of the case and the class certification decision was simply an evaluation of the merits and possible/probable outcomes, then, respectfully, that is not consistent with *Amgen*, which did not issue until some 7 years later.

In any event, with respect to numerosity, Plaintiffs believe that a better course of conduct would have been for the court in *Clark* to have certified the class and then dismiss absent class members whose administrative remedies were not exhausted or were time barred.  That would have resulted in a decision binding on the absent class members and avoided the prospect of piecemeal litigation that is the whole purpose of the class action form.  Nevertheless, that approach would have been foreclosed by the District Court's decision as to "adequate representation."

Clearly, the present case is markedly different than *Clark*.  Here, affirmative defenses of lack of exhaustion/statute of limitations have not been pled or proven against Lewis or Sargent (or, indeed, anyone), no motions asserting the same have been filed or ruled on, and any such motions could only ever apply against the absent class members.  Thus, prior to class certification, *Amgen*, *Smith*, and *Molock* preclude this Court from evaluating the merits and dismissing unnamed class members by not including them in the proposed class.

The Secretary's latest cases add nothing and the class should be certified without further delay.

Dated:  July 27, 2021

Respectfully submitted,

/s/Jeffrey Blumenfeld
D.C. Bar No. 181768
LOWENSTEIN SANDLER LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Telephone: (202) 753-3800
Facsimile:  (202) 753-3838
jblumenfeld@lowenstein.com

*and*

PARRISH LAW OFFICES
James C. Pistorino
788 Washington Road
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Facsimile:  (412) 561-6253
james@dparrishlaw.com

*Attorneys for Plaintiffs*