IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROL A. LEWIS, and DOUGLAS B.
SARGENT, on behalf of themselves and all
others similarly situated,

Case No. 19-cv-3556

    *Plaintiffs,*

JURY TRIAL DEMANDED

    v.

ALEX AZAR, in his capacity as Secretary
of the United States Department of Health
and Human Services,

    *Defendant.*

DECLARATION OF JAMES PISTORINO

Pursuant to 28 U.S.C. § 1746, I, James Pistorino, declare as follows:

    1.    I am an attorney with the law form of Parrish Law Office, counsel to the plaintiff

in the above-captioned case.  I am over eighteen years of age and not a party to this case.

    2.    I searched the Federal Register at www.federalregister.gov and could find no

record of CMS 1682-R (under any name) or LCD L33822 (as amended to include the

requirements of CMS 1682-R) being published prior to January 12, 2017.

    3.    In this case, on July 1, 2019, I caused Plaintiffs' First Set of Requests for

Admission (Nos. 1-15) to be served on Defendant.

    4.    Most relevant to the present motion is Plaintiffs' Request for Admission No 15

which requested:

Prior to the issuance of CMS 1682-R and its incorporation into LCD L33822, the Secretary did not provide a notice and comment period to the public in accordance with 42 U.S.C. § 1395hh.

5.      On July 31, 2019, the Secretary served a response in which he refused to answer. A true and correct copy is attached as Exhibit A.

6.      On September 3, 2019, the Secretary served an amended answer is which he refused to admit or deny that CMS 1682-R issued without notice and comment.  A true and correct copy is attached as Exhibit B.

7.      I am also counsel to the Plaintiff in Linda Smith v. Becerra, Case No. 21-cv-00047, (D. Utah) (Nielson, Jr., J.).

8.      There, Paragraph 30 of the Complaint provided:

Without notice and comment, on January 12, 2017, CMS issued Ruling No. CMS-1682-R as CMS "final opinion and order" with regard to CGM coverage.

9.      On August 24, 2021, the Secretary served an "Answer" where he neither admitted nor denied the allegation of Paragraph 30.  A true and correct copy is attached as Exhibit C.

10.     On September 14, 2021, the Secretary served an amended "Answer" where he stated:

Admitted that CMS Ruling 1682-R was issued on January 12, 2017, and was not preceded by notice and an opportunity for public comment. Denied that the phrase "final opinion and order" appears in CMS Ruling 1682-R. Plaintiff's characterizations of CMS Ruling 1682-R are denied. The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

A true and correct copy is attached as Exhibit D.

Dated:  September 20, 2021                    Respectfully submitted,

                                             PARRISH LAW OFFICES

                                             /s/  James C. Pistorino
                                             James C. Pistorino
                                             *Attorneys for Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAROL A. LEWIS, *et al.*,                )
                                          )
                    Plaintiffs,           )
                                          )
        v.                                )
                                          )       Case No. 18-cv-2929 (RBW)
ALEX M. AZAR II, in his official          )
capacity as Secretary of Health and       )
Human Services,                           )
                                          )
                    Defendant.            )
_____   )

**DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Local Civil Rule 26.2, the

Secretary of Health and Human Services hereby responds to Plaintiffs' First Set of Requests for

Admission ("First RFAs") as set forth below.

**GENERAL OBJECTIONS**

1.      The general objections set forth below apply to each and every request for

admission discussed below. In asserting Defendant's objections to specific requests for

admission, Defendant may assert an objection that is the same as, or substantially similar to, one

or more of these general objections.  Defendant may do so because the language of the request

for admission itself may signal particular and specific concerns that the request for admission at

issue may be objectionable based on the grounds stated.  The fact that Defendant may

specifically reference some of the general objections described immediately below in his

objections to Plaintiffs' individual requests for admission, but not others from the same list, does

not indicate that Defendant has waived any of these objections as to any of Plaintiffs' requests

for admission.

2.      Defendant objects to Plaintiffs' First RFAs to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

3.      Defendant objects to the Definitions and Instructions that accompany the First RFAs to the extent that these sections purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of Columbia.

4.      Defendant objects to the term "you" in Plaintiffs' "Definition A" to the extent that "you" calls for discovery from all HHS employees, personnel, and persons in privity with them. HHS includes numerous components and employs tens of thousands of individuals.  Any search effort directed toward all such individuals would be massively burdensome and disproportionate to the needs of this case.  Defendants will identify appropriate individuals at HHS and its contractors and will conduct reasonable inquiries.  *See, e.g.*, *In re Epipen*, MDL No. 2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("[T]he party responding to discovery requests is typically in the best position to know and identify those individuals within its organization likely to have information relevant to the case.").

5.      Defendant objects to the definitions of "refer to," "referring to," "relate to," and "relating to" in Plaintiffs' "Definition F" as unreasonably vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent the First RFAs define

- 2 -

those terms to include items that do not directly pertain to the topics at issue but instead merely "refer to" or "relate to" such topics.

## RESERVATION OF OBJECTIONS

The forgoing objections to the Definitions and Instructions and the following specific objections are based upon (a) Defendant's interpretation of the requests for admission served by Plaintiffs and (b) information reasonably available to Defendant as of the date of this document. Defendant reserves the right to supplement these objections based upon (a) information that Plaintiffs purport to interpret the requests for admission differently than Defendant and/or (b) the discovery of new information supporting additional objections.

## RESPONSES AND SPECIFIC OBJECTIONS

**Request for Admission No. 1:**

Substantially all of the Secretary's initial denials for coverage of CGM claims under

ORIGINAL MEDICARE during the PRE-FILING CLASS PERIOD listed "statutorily

excluded" as the explanation for the denial.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague

and ambiguous.

2.      Defendant objects to this request as overbroad, unduly burdensome, and

disproportional to the needs of this case.  Most claims denied in the six-year period preceding the

filing of the Complaint became final years ago, cannot form the basis for any relief in this case,

and are therefore irrelevant.

3.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  This request for admission is entirely duplicative of Request for Production No. 1.  As

explained in response to that request, Defendant will produce on a rolling basis records of denials

of claims for CGM coverage from a time period relevant to this case, beginning with the most

recent denials.  Those records will indicate the reasons for the denials.  Defendant has no

knowledge of the reasons for those denials beyond what is indicated on the face of the records

that will be produced in response to Request for Production No. 1.

**Request for Admission No. 2:**

None of the Secretary's initial denials for coverage of CGM claims under ORIGINAL

MEDICARE during the PRE-FILING CLASS PERIOD listed "not primarily and customarily

used to serve a medical purpose" as the explanation of the denial.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request as overbroad, unduly burdensome, and

disproportional to the needs of this case.  Most claims denied in the six-year period preceding the

filing of the Complaint became final years ago, cannot form the basis for any relief in this case,

and are therefore irrelevant.

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  This request for admission is entirely duplicative of Request for Production No. 1.  As

explained in response to that request, Defendant will produce on a rolling basis records of denials

of claims for CGM coverage from a time period relevant to this case, beginning with the most

recent denials.  Those records will indicate the reasons for the denials.  Defendant has no

knowledge of the reasons for those denials beyond what is indicated on the face of the records

that will be produced in response to Request for Production No. 1.

**Request for Admission No. 3:**

Substantially all of the Secretary's denials for coverage of CGM claims during the PRE-FILING CLASS PERIOD were founded on the grounds that a CGM was not "primarily and customarily used to serve a medical purpose" and no other.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.      Defendant objects to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Most claims denied in the six-year period preceding the filing of the Complaint became final years ago, cannot form the basis for any relief in this case, and are therefore irrelevant.

3.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  This request for admission is entirely duplicative of Requests for Production Nos. 1, 4, 5, 6, and 7.  As explained in response to those requests, Defendant will produce on a rolling basis records of denials of claims for CGM coverage from a time period relevant to this case, beginning with the most recent denials.  Those records will indicate the reasons for the denials. Defendant has no knowledge of the reasons for those denials beyond what is indicated on the face of the records that will be produced in response to Requests for Production Nos. 1, 4, 5, 6, and 7.

**Request for Admission No. 4:**

Substantially all of the Secretary's initial denials for coverage of CGM claims under ORIGINAL MEDICARE since the Complaint was filed listed "statutorily excluded" as the explanation for the denial.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  This request for admission is entirely duplicative of Request for Production No. 1.  As explained in response to that request, Defendant will produce on a rolling basis records of denials of claims for CGM coverage from a time period relevant to this case, beginning with the most recent denials.  Those records will indicate the reasons for the denials.  Defendant has no knowledge of the reasons for those denials beyond what is indicated on the face of the records that will be produced in response to Request for Production No. 1.

**Request for Admission No. 5:**

None of the Secretary's initial denials for coverage of CGM claims under ORIGINAL

MEDICARE since the Complaint was filed listed "not primarily and customarily used to serve a

medical purpose" as the explanation for the denial.


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.        Subject to, and without waiving the forgoing objections, Defendant states as

follows:  This request for admission is entirely duplicative of Request for Production No. 1.  As

explained in response to that request, Defendant will produce on a rolling basis records of denials

of claims for CGM coverage from a time period relevant to this case, beginning with the most

recent denials.  Those records will indicate the reasons for the denials.  Defendant has no

knowledge of the reasons for those denials beyond what is indicated on the face of the records

that will be produced in response to Request for Production No. 1.

**Request for Admission No. 6:**

Substantially all of the Secretary's denials for coverage of CGM claims since the

Complaint was filed were founded on the grounds that a CGM was not "primarily and

customarily used to serve a medical purpose" and no other.


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague

and ambiguous.

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  This request for admission is entirely duplicative of Requests for Production Nos. 1, 4,

5, 6, and 7.  As explained in response to those requests, Defendant will produce on a rolling basis

records of denials of claims for CGM coverage from a time period relevant to this case,

beginning with the most recent denials.  Those records will indicate the reasons for the denials.

Defendant has no knowledge of the reasons for those denials beyond what is indicated on the

face of the records that will be produced in response to Requests for Production Nos. 1, 4, 5, 6,

and 7.

**Request for Admission No. 7:**

The true basis for the Secretary's initial denials for coverage of CGM claims under

ORIGINAL MEDICARE was concealed from the beneficiaries.


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "true basis" is vague and

ambiguous

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Denied.

**Request for Admission No. 8:**

All CGMs for which claims for coverage were submitted to the Secretary during the

PRE-CLASS FILING PERIOD were "primarily and customarily used to serve a medical

purpose."


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Defendant objects to this request as overbroad, unduly burdensome, and

disproportional to the needs of this case.  Most claims denied in the six-year period preceding the

filing of the Complaint became final years ago, cannot form the basis for any relief in this case,

and are therefore irrelevant.

3.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Denied.

**Request for Admission No. 9:**

All CGMs for which claims for coverage have been submitted to the Secretary since the

Complaint was filed were "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows: Denied.

**Request for Admission No. 10:**

There is no STATUTE excluding Medicare coverage of CGMs on the grounds that they

are not "primarily and customarily used to serve a medical purpose.["]

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  The statutory provisions that govern the Medicare program are matters of law, and

publicly available for Plaintiffs' inspection.

**Request for Admission No. 11:**

Since January 12, 2017, ALJs have not had discretion to order coverage of CGM claims not complying with CMS 1682-R.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  The statutory and regulatory provisions that govern the Medicare program and its administrative appeals process, including review by administrative law judges, are matters of law, and publicly available for Plaintiffs' inspection, as is the text of CMS Ruling 1682-R.

**Request for Admission No. 12:**

Since January 12, 2017, it has been futile to submit claims for CGM coverage not complying with CMS 1682-R.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

- 13 -

**Request for Admission No. 13:**

At all times, the Dexcom G5 that is the subject of Ms. Lewis's claim in this case has been "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.     Defendant objects because this request calls for legal conclusions.

2.     Defendant objects to this request because the phrase "Dexcom G5" is undefined.

3.     Defendant objects to this request because it presumes that a Dexcom G5 device is the subject of Ms. Lewis's claim in this case, which is not reflected in the administrative record.

4.     Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

**Request for Admission No. 14:**

At all times, the Medtronic Minimed CGM that is the subject of Mr. Sargent's claims in this case has been "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Defendant objects to this request because the phrase "Medtronic Minimed CGM" is undefined.

3.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

**Request for Admission No. 15:**

Prior to the issuance of CMS 1682-R and its incorporation into LCD L33822, the

Secretary did not provide a notice and comment period to the public in accordance with 42

U.S.C. § 1395hh.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.     Defendant objects because this request calls for legal conclusions.

2.     Defendant objects to this request because the phrase "LCD L33822" is undefined.

3.     Subject to, and without waiving the forgoing objections, Defendant states as

follows:  The provision of notice and an opportunity to comment is a matter of public record,

equally available to Plaintiffs and Defendant.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Date: July 31, 2019                              *Counsel for Defendant*

- 16 -

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CAROL A. LEWIS, *et al.*,               )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )
                                        )      Case No. 18-cv-2929 (RBW)
ALEX M. AZAR II, in his official        )
capacity as Secretary of Health and     )
Human Services,                         )
                                        )
            Defendant.                  )
_____ )

**DEFENDANT'S AMENDED OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Federal Rules of Civil Procedure 26 and 36 and Local Civil Rule 26.2, the

Secretary of Health and Human Services hereby responds to Plaintiffs' First Set of Requests for

Admission ("First RFAs") as set forth below.

**GENERAL OBJECTIONS**

1.      The general objections set forth below apply to each and every request for

admission discussed below. In asserting Defendant's objections to specific requests for

admission, Defendant may assert an objection that is the same as, or substantially similar to, one

or more of these general objections.  Defendant may do so because the language of the request

for admission itself may signal particular and specific concerns that the request for admission at

issue may be objectionable based on the grounds stated.  The fact that Defendant may

specifically reference some of the general objections described immediately below in his

objections to Plaintiffs' individual requests for admission, but not others from the same list, does

not indicate that Defendant has waived any of these objections as to any of Plaintiffs' requests

for admission.

2.      Defendant objects to Plaintiffs' First RFAs to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

3.      Defendant objects to the Definitions and Instructions that accompany the First RFAs to the extent that these sections purport to impose obligations beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the U.S. District Court for the District of Columbia.

4.      Defendant objects to the term "you" in Plaintiffs' "Definition A" to the extent that "you" calls for discovery from all HHS employees, personnel, and persons in privity with them. HHS includes numerous components and employs tens of thousands of individuals.  Any search effort directed toward all such individuals would be massively burdensome and disproportionate to the needs of this case.  Defendants will identify appropriate individuals at HHS and its contractors and will conduct reasonable inquiries.  *See, e.g.*, *In re Epipen*, MDL No. 2785, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) ("[T]he party responding to discovery requests is typically in the best position to know and identify those individuals within its organization likely to have information relevant to the case.").

5.      Defendant objects to the definitions of "refer to," "referring to," "relate to," and "relating to" in Plaintiffs' "Definition F" as unreasonably vague, overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent the First RFAs define

- 2 -

those terms to include items that do not directly pertain to the topics at issue but instead merely "refer to" or "relate to" such topics.

## RESERVATION OF OBJECTIONS

The forgoing objections to the Definitions and Instructions and the following specific objections are based upon (a) Defendant's interpretation of the requests for admission served by Plaintiffs and (b) information reasonably available to Defendant as of the date of this document. Defendant reserves the right to supplement these objections based upon (a) information that Plaintiffs purport to interpret the requests for admission differently than Defendant and/or (b) the discovery of new information supporting additional objections.

## RESPONSES AND SPECIFIC OBJECTIONS

**Request for Admission No. 1:**

Substantially all of the Secretary's initial denials for coverage of CGM claims under ORIGINAL MEDICARE during the PRE-FILING CLASS PERIOD listed "statutorily excluded" as the explanation for the denial.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.    Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.    Defendant objects to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Most claims denied in the six-year period preceding the filing of the Complaint became final years ago, cannot form the basis for any relief in this case, and are therefore irrelevant.

3.    Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.  Defendant is reviewing records of initial denials from this period, which show the explanations for the denials.  These explanations include "Payment cannot be made for equipment that's the same or similar to equipment already being used" and "The provider of this service is not eligible to receive Medicare payments," as well as many others.  There are also three initial denials in the administrative record.  The explanation given for each of these denials was "Medicare does not pay for this item or service."  *See*  AR 309, 1935, 2187.

**Request for Admission No. 2:**

None of the Secretary's initial denials for coverage of CGM claims under ORIGINAL

MEDICARE during the PRE-FILING CLASS PERIOD listed "not primarily and customarily

used to serve a medical purpose" as the explanation of the denial.


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request as overbroad, unduly burdensome, and

disproportional to the needs of this case.  Most claims denied in the six-year period preceding the

filing of the Complaint became final years ago, cannot form the basis for any relief in this case,

and are therefore irrelevant.

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Defendant is reviewing records of initial denials from this period, which show the

explanations for the denials.  None of the initial denials reviewed to date lists "not primarily and

customarily used to serve a medical purpose" as the reason for the denial.  The Secretary will

amend this response when his review is complete.

**Request for Admission No. 3:**

Substantially all of the Secretary's denials for coverage of CGM claims during the PRE-FILING CLASS PERIOD were founded on the grounds that a CGM was not "primarily and customarily used to serve a medical purpose" and no other.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.      Defendant objects to this request as overbroad, unduly burdensome, and disproportional to the needs of this case.  Most claims denied in the six-year period preceding the filing of the Complaint became final years ago, cannot form the basis for any relief in this case, and are therefore irrelevant.

3.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.  Defendant is reviewing records of initial denials from this period, which show the explanations for the denials.  These explanations include "Payment cannot be made for equipment that's the same or similar to equipment already being used" and "The provider of this service is not eligible to receive Medicare payments," as well as many others.

**Request for Admission No. 4:**

Substantially all of the Secretary's initial denials for coverage of CGM claims under ORIGINAL MEDICARE since the Complaint was filed listed "statutorily excluded" as the explanation for the denial.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.  Defendant is reviewing records of initial denials from this period, which show the explanations for the denials.  These explanations include "Payment cannot be made for equipment that's the same or similar to equipment already being used" and "The provider of this service is not eligible to receive Medicare payments," as well as many others.

**Request for Admission No. 5:**

None of the Secretary's initial denials for coverage of CGM claims under ORIGINAL MEDICARE since the Complaint was filed listed "not primarily and customarily used to serve a medical purpose" as the explanation for the denial.


**Objections and Responses:**

Defendant incorporates by reference the above General Objections.

Subject to, and without waiving the forgoing objections, Defendant states as follows: Defendant is reviewing records of initial denials from this period, which show the explanations for the denials.  None of the initial denials reviewed to date list "not primarily and customarily used to serve a medical purpose" as the reason for the denial.  The Secretary will amend this response when his review is complete.

**Request for Admission No. 6:**

Substantially all of the Secretary's denials for coverage of CGM claims since the Complaint was filed were founded on the grounds that a CGM was not "primarily and customarily used to serve a medical purpose" and no other.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "substantially all" is vague and ambiguous.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.  Defendant is reviewing records of initial denials from this period, which show the explanations for the denials.  These explanations include "Payment cannot be made for equipment that's the same or similar to equipment already being used" and "The provider of this service is not eligible to receive Medicare payments," as well as many others.

**Request for Admission No. 7:**

The true basis for the Secretary's initial denials for coverage of CGM claims under

ORIGINAL MEDICARE was concealed from the beneficiaries.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects to this request because the phrase "true basis" is vague and

ambiguous

2.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Denied.

**Request for Admission No. 8:**

All CGMs for which claims for coverage were submitted to the Secretary during the

PRE-CLASS FILING PERIOD were "primarily and customarily used to serve a medical

purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Defendant objects to this request as overbroad, unduly burdensome, and

disproportional to the needs of this case.  Most claims denied in the six-year period preceding the

filing of the Complaint became final years ago, cannot form the basis for any relief in this case,

and are therefore irrelevant.

3.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Denied.

**Request for Admission No. 9:**

All CGMs for which claims for coverage have been submitted to the Secretary since the

Complaint was filed were "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.

1.    Defendant objects because this request calls for legal conclusions.

2.    Subject to, and without waiving the forgoing objections, Defendant states as

follows: Denied.

**Request for Admission No. 10:**

There is no STATUTE excluding Medicare coverage of CGMs on the grounds that they

are not "primarily and customarily used to serve a medical purpose.["]

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.    Defendant objects because this request calls for legal conclusions.

**2.**    Subject to, and without waiving the forgoing objections, Defendant states as

follows:  The statutory definition of durable medical equipment, 42 U.S.C. § 1395x(n), does not

specifically address CGMs, nor include the phrase "primarily and customarily used to serve a

medical purpose."  That phrase appears in the durable medical equipment regulations, 42 C.F.R.

§ 414.202, which are lawful.

**Request for Admission No. 11:**

Since January 12, 2017, ALJs have not had discretion to order coverage of CGM claims not complying with CMS 1682-R.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  The statutory and regulatory provisions that govern the Medicare program and its administrative appeals process, including review by administrative law judges, are matters of law, and publicly available for Plaintiffs' inspection, as is the text of CMS Ruling 1682-R.

**Request for Admission No. 12:**

Since January 12, 2017, it has been futile to submit claims for CGM coverage not complying with CMS 1682-R.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

- 13 -

**Request for Admission No. 13:**

At all times, the Dexcom G5 that is the subject of Ms. Lewis's claim in this case has been "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.     Defendant objects because this request calls for legal conclusions.

2.     Defendant objects to this request because the phrase "Dexcom G5" is undefined.

3.     Defendant objects to this request because it presumes that a Dexcom G5 device is the subject of Ms. Lewis's claim in this case, which is not reflected in the administrative record.

4.     Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

**Request for Admission No. 14:**

At all times, the Medtronic Minimed CGM that is the subject of Mr. Sargent's claims in this case has been "primarily and customarily used to serve a medical purpose."

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition, Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Defendant objects to this request because the phrase "Medtronic Minimed CGM" is undefined.

3.      Subject to, and without waiving the forgoing objections, Defendant states as follows:  Denied.

**Request for Admission No. 15:**

Prior to the issuance of CMS 1682-R and its incorporation into LCD L33822, the

Secretary did not provide a notice and comment period to the public in accordance with 42

U.S.C. § 1395hh.

**Objections and Responses:**

Defendant incorporates by reference the above General Objections.  In addition,

Defendant specifically objects to this request as follows:

1.      Defendant objects because this request calls for legal conclusions.

2.      Defendant objects to this request because the phrase "LCD L33822" is undefined.

3.      Defendant objects to this request because it presumes that a notice and comment

period was required by 42 U.S.C. § 1395hh.

4.      Subject to, and without waiving the forgoing objections, Defendant states as

follows:  Admitted only that a notice and comment period was not provided prior to the January

12, 2017 revisions to Local Coverage Determination L33822.


                              Respectfully submitted,

                              JOSEPH H. HUNT
                              Assistant Attorney General

                              MICHELLE BENNETT
                              Assistant Director, Federal Programs Branch

                              */s/ James Bickford*
                              JAMES BICKFORD
                              Trial Attorney (N.Y. Bar No. 5163498)
                              United States Department of Justice
                              Civil Division, Federal Programs Branch
                              1100 L Street, NW

Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

Amended: September 3, 2019                *Counsel for Defendant*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

LINDA P. SMITH,                                    )
                                                   )
                Plaintiff,                       )
                                                   )
        v.                                        )     Case No. 1:21-cv-47-HCN-DBP
                                                   )
XAVIER BECERRA, in his official                    )
capacity as Secretary of Health and                )
Human Services,                                    )
                                                   )
                Defendant.                       )
_____)

## ANSWER

The Defendant, Xavier Becerra, Secretary of Health and Human Services (the "Secretary"), respectfully answers the allegations of the Complaint as follows. The Secretary notes that, pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

1.     This paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

2.     This paragraph consists of plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

3.     This paragraph consists of plaintiff's legal conclusions regarding venue, to which no response is required.

4.     Admitted that Mrs. Smith in an individual and is eligible for Medicare. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the allegation that Mrs. Smith is currently a resident of Utah.

5.      Admitted that Xavier Becerra is the Secretary of Health and Human Services.  The remainder of this paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

6.      This paragraph consists of factual allegations regarding diabetes.  The final two sentences describe a report published by the Centers for Disease Control, which speaks for itself.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remainder of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

7.      This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

8.      This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate

statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

9. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

10. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

11. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

12.     This paragraph consists of factual allegations regarding glucose tests.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

13.     This paragraph consists of factual allegations regarding glucose tests.    The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

14.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

15.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth

of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

16. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

17. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

18. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their

respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

19. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

20. This paragraph consists of factual allegations regarding continuous glucose monitors. The fourth sentence describes a report published by the Centers for Disease Control, which speaks for itself. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

21. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their

respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

22.     This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

23.     This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

24.     Admitted that the Food and Drug Administration (FDA) has approved the Dexcom G5 Mobile Continuous Glucose Monitoring System for commercial distribution. This paragraph summarizes and characterizes the FDA's premarket approval decision, which speaks for itself.

25.     Admitted that the Secretary has adhered to the view that some continuous glucose monitors are not covered as durable medical equipment. Denied that the Secretary has "resisted" covering such devices, or that his position has been "[i]nexplicabl[e]."

7

26.     This paragraph consists of plaintiff's characterizations of the Medicare statute, to which no response is required.  The Court is respectfully referred to the cited statutory provisions for a full and complete statement of their contents.

27.     This paragraph consists of plaintiff's characterizations of the Secretary's regulations, to which no response is required.  The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents.

28.     This paragraph consists of plaintiff's characterization of the Medicare statute, to which no response is required.  Admitted that the statute contains the quoted language.  The Court is respectfully referred to the cited statutory provision for a full and complete statement of its contents.

29.     This paragraph consists of plaintiff's characterization of the Medicare statute, to which no response is required.  The Court is respectfully referred to the cited statutory provisions for a full and complete statement of their contents.

30.     Admitted that CMS Ruling 1682-R was issued on January 12, 2017.  Denied that the phrase "final opinion and order" appears in CMS Ruling 1682-R.  Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

31.     Admitted that the phrase "binding on all CMS components, on all Department of Health and Human Services components that adjudicate matters under the jurisdiction of CMS, and on the Social Security Administration" appears in CMS Ruling 1682-R, at page 1.  Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

32.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

33.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents. Admitted that CMS Ruling 1682-R contains the quoted language.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

34.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

35.     Admitted that the Secretary has denied Medicare coverage for some continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

36.     Denied.

37.     Admitted that Local Coverage Determination L33822 and Policy Article A52464 were revised to account for CMS Ruling 1682-R, and that this revision was not preceded by notice and an opportunity to comment.  The Court is respectfully referred to Local Coverage Determination L33822 and Policy Article A52464 for a full and complete statement of their contents.

38.     Denied.

39.     Admitted that the Secretary has denied coverage of certain continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare Part B regulations.

40.     Admitted that the Secretary has adhered to the view that some continuous glucose monitors are not covered as durable medical equipment.  The characterizations of Policy Article A52464 are denied.  The Court is respectfully referred to Policy Article A52464 for a full and complete statement of its contents.  Otherwise denied.

41.     Admitted that Medicare coverage of continuous glucose monitors has been reviewed by several district courts.

42.     Admitted that some administrative law judges have concluded that certain continuous glucose monitors are covered as durable medical equipment under the Medicare statute and regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations.  The web address provided in this paragraph appears to be inactive.

43.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.

44.     The Secretary denies the characterizations of the cited district court decisions, which speak for themselves.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

45.     The Secretary denies the characterizations of the district court decisions described in this paragraph, which speak for themselves.  The Court is respectfully referred to those district court decisions for a full and complete statement of their contents.

46.     The Secretary denies the characterization of the cited administrative decision, which speaks for itself.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

47.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

48.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

49.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

50.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

51.     Admitted that Mrs. Smith was prescribed a MiniMed 630G system, which is an insulin pump.  Admitted that Mrs. Smith was also prescribed with sensors and a transmitter for a continuous glucose monitoring system.

52.     Admitted that the sensors and transmitter communicate with the insulin pump.  Otherwise denied.

53.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for

a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

54. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal Nos. 1-6020086584 and 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

55. Admitted that the decision in ALJ Appeal No. 1-6020086584R1 indicates that Mrs. Smith received continuous glucose monitor sensors on October 29, 2015. The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

56. Admitted.

57. Admitted that Administrative Law Judge Lambert held a hearing in ALJ Appeal No. 1-6020086584. The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's

review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

58.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

59.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

60.     Admitted that Administrative Law Judge Lambert issued a decision in ALJ Appeal No. 1-6020086584 on May 1, 2017, and found that the supplies in question were covered by Medicare Part B.

61.    This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

62.    This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

63.    Admitted that the Medicare Appeals Council reversed the decision in ALJ Appeal No. 1-602008658464 and remanded for further proceedings.  This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings before the Medicare Appeals Council. No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its

contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

64.     Admitted that Administrative Law Judge Lambert held a hearing in ALJ Appeal No. 1-6020086584R1 on April 4, 2018.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

65.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

66.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these

allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

67.     Admitted that Administrative Law Judge Lambert issued a decision in ALJ Appeal No. 1-6020086584R1 on April 24, 2018, and found that the supplies in question were covered by Medicare Part B.

68.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

69.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

70.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1.  No response to the legal conclusions is

required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

71.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

72.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

73.     Denied.

74.     Admitted.  As noted in response to paragraph 73, the Secretary denies that he could have appealed this decision.

75.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

76.     Admitted that, as reflected in the administrative record, Mrs. Smith submitted a claim for continuous glucose monitor sensors which were provided on May 15, 2018.

77.     Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on June 8, 2018.

78.     Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on redetermination on July 10, 2018.

79.     Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on reconsideration on August 3, 2018.

80.     Admitted that, as reflected in the administrative record, Mrs. Smith sought a hearing before an administrative law judge.

81.     Admitted that, as reflected in the administrative record, Administrative Law Judge Win held a hearing on December 11, 2018.

82.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

83.     Admitted.

84.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-8048583213.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

85.     Admitted that, as reflected in the administrative record, Mrs. Smith submitted a claim for continuous glucose monitor sensors which were provided on November 16, 2017.

86.     Admitted.

87.     Admitted that, as reflected in the administrative record, Mrs. Smith sought a hearing before an administrative law judge.

88.     Admitted that, as reflected in the administrative record, Administrative Law Judge Win held a hearing on February 19, 2019.

89.     Admitted.

90.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-8048536100.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

91.     Admitted.

92.     Admitted that the Medicare Appeals Council affirmed the decisions in ALJ Appeals Nos. 1-8048583213 and 1-8048536100 in a single decision issued on February 26, 2021.

93.     Denied.

94.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in Medicare Appeals Council case M-19-1973.  No response to the legal conclusions is required, and the characterizations are denied.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

95.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in Medicare Appeals Council case M-19-1973.  No response to the legal conclusions

21

is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

96. Admitted that Mrs. Smith filed this suit on April 5, 2021.

97. In this paragraph, plaintiff repeats the paragraphs set forth above. The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

98. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

99. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

100. In this paragraph, plaintiff repeats the paragraphs set forth above. The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

101. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

102. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

103. In this paragraph, plaintiff repeats the paragraphs set forth above. The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

104. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

105.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

106.    In this paragraph, plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

107.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

108.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

The remaining paragraphs of the complaint contain plaintiff's requested relief, to which no response is required.  The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

The Secretary denies any and all allegations of the complaint not expressly admitted herein.

Dated:  August 24, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendant*

# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

LINDA P. SMITH,           )
                        )
           Plaintiff,     )
                        )
          v.              )     Case No. 1:21-cv-47-HCN-DBP
                        )
XAVIER BECERRA, in his official   )
capacity as Secretary of Health and  )
Human Services,           )
                        )
          Defendant.   )
_____)

## AMENDED ANSWER

Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A), the Defendant, Xavier Becerra, Secretary of Health and Human Services (the "Secretary"), respectfully amends his answers to the allegations of the Complaint as follows. The Secretary notes that, pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings.

1.     This paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

2.     This paragraph consists of plaintiff's legal conclusions regarding subject-matter jurisdiction, to which no response is required.

3.     This paragraph consists of plaintiff's legal conclusions regarding venue, to which no response is required.

4.     Admitted that Mrs. Smith in an individual and is eligible for Medicare. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the allegation that Mrs. Smith is currently a resident of Utah.

1

5.    Admitted that Xavier Becerra is the Secretary of Health and Human Services.  The remainder of this paragraph consists of plaintiff's characterization of this lawsuit, to which no response is required.

6.    This paragraph consists of factual allegations regarding diabetes.  The final two sentences describe a report published by the Centers for Disease Control, which speaks for itself. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remainder of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

7.    This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

8.    This paragraph consists of factual allegations regarding diabetes.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate

statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

9. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

10. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

11. This paragraph consists of factual allegations regarding diabetes. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

12.     This paragraph consists of factual allegations regarding glucose tests.   The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

13.     This paragraph consists of factual allegations regarding glucose tests.   The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

14.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

15.     This paragraph consists of factual allegations regarding continuous glucose monitors.  The Secretary lacks sufficient knowledge or information to form a belief about the truth

of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

16. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

17. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

18. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their

respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

19. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

20. This paragraph consists of factual allegations regarding continuous glucose monitors. The fourth sentence describes a report published by the Centers for Disease Control, which speaks for itself. The Secretary lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

21. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their

respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

22. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

23. This paragraph consists of factual allegations regarding continuous glucose monitors. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

24. Admitted that the Food and Drug Administration (FDA) has approved the Dexcom G5 Mobile Continuous Glucose Monitoring System for commercial distribution. This paragraph summarizes and characterizes the FDA's premarket approval decision, which speaks for itself.

25. Admitted that the Secretary has adhered to the view that some continuous glucose monitors are not covered as durable medical equipment. Denied that the Secretary has "resisted" covering such devices, or that his position has been "[i]nexplicabl[e]."

26.     This paragraph consists of plaintiff's characterizations of the Medicare statute, to which no response is required.  The Court is respectfully referred to the cited statutory provisions for a full and complete statement of their contents.

27.     This paragraph consists of plaintiff's characterizations of the Secretary's regulations, to which no response is required.  The Court is respectfully referred to the cited regulatory provision for a full and complete statement of its contents.

28.     This paragraph consists of plaintiff's characterization of the Medicare statute, to which no response is required.  Admitted that the statute contains the quoted language.  The Court is respectfully referred to the cited statutory provision for a full and complete statement of its contents.

29.     This paragraph consists of plaintiff's characterization of the Medicare statute, to which no response is required.  The Court is respectfully referred to the cited statutory provisions for a full and complete statement of their contents.

30.     Admitted that CMS Ruling 1682-R was issued on January 12, 2017, and was not preceded by notice and an opportunity for public comment.  Denied that the phrase "final opinion and order" appears in CMS Ruling 1682-R.  Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

31.     Admitted that the phrase "binding on all CMS components, on all Department of Health and Human Services components that adjudicate matters under the jurisdiction of CMS, and on the Social Security Administration" appears in CMS Ruling 1682-R, at page 1.  Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

8

32.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

33.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents. Admitted that CMS Ruling 1682-R contains the quoted language.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

34.     Plaintiff's characterizations of CMS Ruling 1682-R are denied.  The Court is respectfully referred to the cited CMS Ruling for a full and complete statement of its contents.

35.     Admitted that the Secretary has denied Medicare coverage for some continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these factual allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case.

36.     Denied.

37.     Admitted that Local Coverage Determination L33822 and Policy Article A52464 were revised to account for CMS Ruling 1682-R, and that this revision was not preceded by notice and an opportunity to comment.  The Court is respectfully referred to Local Coverage Determination L33822 and Policy Article A52464 for a full and complete statement of their contents.

38.     Denied.

39.     Admitted that the Secretary has denied coverage of certain continuous glucose monitors on the grounds that they are not "primarily and customarily used to serve a medical purpose" within the meaning of the Medicare Part B regulations.

40.     Admitted that the Secretary has adhered to the view that some continuous glucose monitors are not covered as durable medical equipment.  The characterizations of Policy Article A52464 are denied.  The Court is respectfully referred to Policy Article A52464 for a full and complete statement of its contents.  Otherwise denied.

41.     Admitted that Medicare coverage of continuous glucose monitors has been reviewed by several district courts.

42.     Admitted that some administrative law judges have concluded that certain continuous glucose monitors are covered as durable medical equipment under the Medicare statute and regulations.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these factual allegations.  The web address provided in this paragraph appears to be inactive.

43.     Admitted that certain district courts have concluded that continuous glucose monitors are covered as durable medical equipment under the Medicare Part B statute and regulations.

44.     The Secretary denies the characterizations of the cited district court decisions, which speak for themselves.  The Court is respectfully referred to the cited decisions for a full and complete statement of their contents.

45.     The Secretary denies the characterizations of the district court decisions described in this paragraph, which speak for themselves.  The Court is respectfully referred to those district court decisions for a full and complete statement of their contents.

46.     The Secretary denies the characterization of the cited administrative decision, which speaks for itself.  The Court is respectfully referred to the cited decision for a full and complete statement of its contents.

47.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

48.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

49. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

50. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

51. Admitted that Mrs. Smith was prescribed a MiniMed 630G system, which is an insulin pump. Admitted that Mrs. Smith was also prescribed with sensors and a transmitter for a continuous glucose monitoring system.

52. Admitted that the sensors and transmitter communicate with the insulin pump. Otherwise denied.

53. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for

a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

54. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal Nos. 1-6020086584 and 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal Nos. 1-6020086584 & 1-6020086584R1, "Mrs. Smith . . . litigated the issue[] of whether her CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was covered by Medicare Part B. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

55. Admitted that the decision in ALJ Appeal No. 1-6020086584R1 indicates that Mrs. Smith received continuous glucose monitor sensors on October 29, 2015. The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

56. Admitted.

57.     Admitted that Administrative Law Judge Lambert held a hearing in ALJ Appeal No. 1-6020086584.  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

58.     The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

59.     It is denied that, in ALJ Appeal No. 1-6020086584, "The issue[] of whether Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was covered by Medicare Part B "was actually litigated before ALJ Lambert."  The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations.  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not

14

reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

60.     Admitted that Administrative Law Judge Lambert issued a decision in ALJ Appeal No. 1-6020086584 on May 1, 2017, and found that the supplies in question were covered by Medicare Part B.

61.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584.  No response to the legal conclusions is required, and the characterizations are denied.  It is specifically denied that, in ALJ Appeal No. 1-6020086584, "ALJ Lambert found that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "covered by Medicare." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents.  To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

62.     This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584.  No response to the legal conclusions is required, and the characterizations are denied.  It is specifically denied that, in ALJ Appeal No. 1-6020086584, "ALJ Lambert determin[ed] that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "covered by Medicare."  Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and

accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

63. Admitted that the Medicare Appeals Council reversed the decision in ALJ Appeal No. 1-602008658464 and remanded for further proceedings. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings before the Medicare Appeals Council. No response to the legal conclusions is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

64. Admitted that Administrative Law Judge Lambert held a hearing in ALJ Appeal No. 1-6020086584R1 on April 4, 2018. The Secretary otherwise lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

65. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their

respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

66. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, "The issue[] of whether Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was covered by Medicare Part B "was actually litigated before ALJ Lambert." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

67. Admitted that Administrative Law Judge Lambert issued a decision in ALJ Appeal No. 1-6020086584R1 on April 24, 2018, and found that the supplies in question were covered by Medicare Part B.

68. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, "ALJ Lambert found that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "primarily and

customarily used to serve a medical purpose." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

69. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, "ALJ Lambert . . . found that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "durable medical equipment." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

70. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, "ALJ Lambert . . . found that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "medically reasonable and necessary." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this

action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

71. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, "ALJ Lambert . . . found that Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here—was "covered by Medicare." Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

72. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. It is specifically denied that, in ALJ Appeal No. 1-6020086584R1, ALJ Lambert made any "determinations" regarding "Mrs. Smith's CGM"—that is, the device she was provided on December 13, 2016, the coverage of which is at issue here. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings;

Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

73. Denied.

74. Admitted. As noted in response to paragraph 73, the Secretary denies that he could have appealed this decision.

75. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in ALJ Appeal No. 1-6020086584R1. No response to the legal conclusions is required, and the characterizations are denied. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

76. Admitted that, as reflected in the administrative record, Mrs. Smith submitted a claim for continuous glucose monitor sensors which were provided on May 15, 2018.

77. Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on June 8, 2018.

78. Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on redetermination on July 10, 2018.

79. Admitted that, as reflected in the administrative record, Mrs. Smith's claim was denied on reconsideration on August 3, 2018.

20

80. Admitted that, as reflected in the administrative record, Mrs. Smith sought a hearing before an administrative law judge.

81. Admitted that, as reflected in the administrative record, Administrative Law Judge Win held a hearing on December 11, 2018.

82. The Secretary lacks sufficient knowledge or information to form a belief about the truth of these allegations. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

83. Admitted.

84. Admitted that, as reflected in the administrative record, ALJ Win denied coverage of the claim at issue in ALJ Appeal No. 1-8048583213 on the grounds that the underlying device was not durable medical equipment.

85. Admitted that, as reflected in the administrative record, Mrs. Smith submitted a claim for continuous glucose monitor sensors which were provided on November 16, 2017.

86. Admitted.

87. Admitted that, as reflected in the administrative record, Mrs. Smith sought a hearing before an administrative law judge.

88. Admitted that, as reflected in the administrative record, Administrative Law Judge Win held a hearing on February 19, 2019.

89. Admitted.

90. Admitted that, as reflected in the administrative record, ALJ Win denied coverage of the claim at issue in ALJ Appeal No. 1-8048536100 on the grounds that the device in question was not durable medical equipment.

91. Admitted.

92. Admitted that the Medicare Appeals Council affirmed the decisions in ALJ Appeals Nos. 1-8048583213 and 1-8048536100 in a single decision issued on February 26, 2021.

93. Denied.

94. This paragraph consists of plaintiff's legal conclusions and characterizations of the proceedings in Medicare Appeals Council case M-19-1973. No response to the legal conclusions is required, and the characterizations are denied. Admitted that the Medicare Appeals Council held that the device in question was not durable medical equipment within the meaning of the Medicare statute and regulations, as interpreted by CMS Ruling 1682-R. Pursuant to 42 U.S.C. § 1395ff(b)(1)(A), the Court's review in this action is based solely on the administrative record, rather than the allegations of the parties in their respective pleadings; Defendant thus respectfully refers the Court to the administrative record for a full and accurate statement of its contents. To the extent that these allegations are not reflected in the administrative record, they are beyond the scope of the Court's review in this case, and no response is required.

95. Denied.

96. Admitted that Mrs. Smith filed this suit on April 5, 2021.

97. In this paragraph, plaintiff repeats the paragraphs set forth above. The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

98. This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

99.     This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

100.    In this paragraph, plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

101.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

102.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

103.    In this paragraph, plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

104.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

105.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

106.    In this paragraph, plaintiff repeats the paragraphs set forth above.  The Secretary incorporates by reference his answers to all of the preceding paragraphs as if fully set out herein.

107.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

108.    This paragraph consists of a request for relief, to which no response is required. The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

The remaining paragraphs of the complaint contain plaintiff's requested relief, to which no response is required.  The Secretary denies that plaintiff is entitled to the requested relief or any relief whatsoever.

The Secretary denies any and all allegations of the complaint not expressly admitted herein.


Dated:  September 14, 2021                    Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Acting Assistant Attorney General

                                              MICHELLE BENNETT
                                              Assistant Director, Federal Programs Branch

                                              */s/ James Bickford*
                                              JAMES BICKFORD
                                              Trial Attorney (N.Y. Bar No. 5163498)
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street, NW
                                              Washington, DC 20530
                                              James.Bickford@usdoj.gov
                                              Telephone: (202) 305-7632
                                              Facsimile: (202) 616-8470

                                              *Counsel for Defendant*